

FILED

2018 AUG 27 PM 12 40
2018
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
RIVERSIDE
BY____

Arogant Hollywood
Alison Helen Fairchild
1308 E. Colorado Blvd.
Pasadena, CA 91106
Mobile: (323) 200-4449
Mobile: (310) 403-7331
Email: causeofaction39@gmail.com
Email: alisonhfairchild@gmail.com

1

2

3

4

5

6

7

8

9

10

**UNITED STATES DISTRICT COURT**
**DISTRICT OF THE STATE OF CALIFORNIA**
**CENTRAL DISTRICT, EASTERN DIVISION**

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

AROGANT HOLLYWOOD,
ALISON HELEN FAIRCHILD,

      Plaintiff(s),

vs.

PUBLIC STORAGE, INC., PUBLIC
STORAGE PROPERTIES XV, INC., PS
ORANGECO HOLDINGS, INC., BRADLEY
WAYNE HUGHES JR.,
DOES 1-10,

      Defendant(s),

ED CV18-01822 JGB GJS

**CIVIL RIGHTS COMPLAINT**

**Verified Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 |42 U.S.C. §§ 12101, 12203, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code §§ 51.7, 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Negligent Retention, Gross Negligence, Negligent Intentional Infliction of Emotional Distress, & Conversion**
–Page 1 of 192

**VERIFIED COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF, AND DECLARATORY RELIEF for: VIOLATION OF TITLE VIII OF THE CIVIL RIGHTS ACT OF 1968 [42 U.S.C.S. §§§§ 1981, 1983, 1985 & 1986];VIOLATION OF TITLE III OF THE AMERICAN DISABILITIES ACT OF 1990 [42 U.S.C. § 12101, 12203] (retaliation, intimidation, threats, and interference of civil rights); VIOLATION OF CALIFORNIA CIVIL CODE § 51, et seq[ THE UNRUH CIVIL RIGHTS ACTS] (denial of access to full and equal accommodation, advantages, facilities, privileges and services); VIOLATION OF CALIFORNIA CIVIL CODE § 51.5, VIOLATION OF CALIFORNIA CIVIL CODE § 51.7; VIOLATION OF CALIFORNIA CIVIL CODE § 52.1; DISCRIMINATION OF THE CIVIL RIGHTS ACT of 1964 [ 42 U.S.C. § 1985] (conspiracy to interfere with civil rights); 42 U.S.C. § 1986 (neglect to prevent deprivation of rights); VIOLATION OF 14TH AMENDMENT CONSTITUTIONAL RIGHTS; NEGLIGENCE; NEGLIGENCE SUPERVISION AND/OR RETENTION; CIVIL CONSPIRACY; NEGLIGENT INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS, GROSS NEGLIGENCE & CONVERSION**

This lawsuit is brought due to violations by Defendants Public Storage Inc., Public Storage Properties XV, PS Orangeco Holdings Inc. and Does 1-10 of, inter alia, violations of Plaintiffs' constitutional civil rights. Defendants also acted under the color of state law in that they conspired and used the assistant of the city of Montclair police department to aid with Defendants substantial interfering with the constitutional civil rights and constitutional real property rights of Arogant Hollywood and Alison Helen Fairchild. Defendant's Caucasian general manager Lauren Scotvold stated on camera: ***"So you have three days, to vacate the unit. You can only do it during office hours. Your lease has been terminated. You have to be off my property by 5 o'clock today. If you are not you will be arrested.*** This video demonstrates Defendants' worked in concert and joint participation with law enforcement, proving a prima facie case for Defendants being a state actor. At the time of said unconstitutional actions of Defendants, several Caucasian tenants of Defendants' Public Storage

Verified Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12101, 12203, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code §§ 51.7, 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Negligent Retention, Gross Negligence, Negligent Intentional Infliction of Emotional Distress, & Conversion
–Page 2 of 192

facility located at 5548 Arrow Highway, did not have their lease terminated and access to this Montclair Public Storage denied. At the time of said unconstitutional actions of Defendants, several non-handicapped Montclair Public Storage tenants of Defendants' 5548 Arrow Highway self-storage facility did not have their lease terminated and access to facility revoked and/or denied. At the time of said unconstitutional actions of Defendants, Plaintiffs' self-storage unit was paid for and access to make further payments denied. In fact, at the time of said unconstitutional actions of Defendant, many Caucasian and non-handicapped 5548 Arrow Highway, Montclair Public Storage tenants enjoyed the luxury of paying their rent while not being required to vacate their real property self-storage unit.

Defendant's conduct is and was a pattern and practice of intentional exclusion of an African-American man and his disabled fiancée, due to protected characteristics of race, gender, and disability in direct violation of provisions of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12203, ET SEQ., the Civil Rights Act of 1964, 42 U.S.C.S. §§§§ 1981, 1983, 1985, and 1986, and the egregious actions undertaken by Defendant and/or those acting under their association or affiliation with Defendant against a black man protected from discrimination under the above stated statutes, and a disabled woman named Alison Helen Fairchild protected under the American Disabilities Act of 1990.

Defendants violated state laws by their negligence, negligent retention and/or supervision, negligent intentional infliction of emotional distress, intentional infliction of emotional distress, civil conspiracy, fraud, conversion, and gross negligence. Defendants violated state law by scheduled a public auction of Arogant Hollywood and Alison Helen Fairchild's personal property while blocking them access to make payments at 5548 Arrow Highway as well as any other Public Storage facility in the nation. Even after Arogant Hollywood emailed a declaration in opposition to lien sale Defendants have still persisted in moving forward with public auction of Arogant Hollywood.

Defendants intentionally discriminated against Plaintiff Arogant Hollywood, an African-

Verified Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12101, 12203, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code §§ 51.7, 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Negligent Retention, Gross Negligence, Negligent Intentional Infliction of Emotional Distress, & Conversion
–Page 3 of 192

American. Defendants discriminated against Plaintiff Hollywood by terminating his rental lease, refusing to accept rent and blocking his access to Plaintiff Hollywood's self-storage unit based on Plaintiff Hollywood being black. Defendants intentionally discriminated against Plaintiff Arogant Hollywood, an African-American man by threatening to file for a restraining order based on his race. Defendants intentionally discriminated against Plaintiff Arogant Hollywood by conspiring to deny Plaintiff his right to not be denied possession of real property without due process of law. Defendants intentionally discriminated against Arogant Hollywood by conspiring to use the assistance of the city of Montclair police department to forcefully enter, potentially steal and remove his personal property. Defendants intentionally discriminated against Plaintiff Hollywood by calling him racial and derogatory names. Defendants intentionally discriminated against Plaintiff Hollywood by threatening to have him arrested and physically removed by the city of Montclair police department's peace officers.

Defendants intentionally discriminated against Plaintiff Alison Helen Fairchild, a Caucasian woman who is non-ambulatory and unable to walk whatsoever., every time she attempted to request a reasonable public accommodation. Defendants intentionally discriminated against Ms. Fairchild and Defendants was grossly negligent by conspiring to instruct the city of Montclair police department's peace officers to unlawfully remove Plaintiff Hollywood from his self-storage property by using physical force. Defendants were grossly negligent by failing to modify and change their Public Storage policies to accommodate Alison Helen Fairchild. Defendants intentionally discriminated against Alison Helen Fairchild by conspiring to use the assistance of the city of Montclair police department to forcefully enter, potentially steal and remove her personal property from her self-storage unit.  Defendants intentionally discriminated against Plaintiff Alison Helen Fairchild by conspiring, and then later actually denying Plaintiff Fairchild her right to not be denied possession of real property without due process of law. Defendants were grossly negligent by its general manager Lauren Scotvold attempting to physically remove Plaintiff Fairchild even though Ms. Scotvold knew that she was a disabled woman in a wheelchair. Defendants intentionally discriminated against Plaintiff Alison Helen

Verified Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12101, 12203, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code §§ 51.7, 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Negligent Retention, Gross Negligence, Negligent Intentional Infliction of Emotional Distress, & Conversion
-Page 4 of 192

1  Fairchild by requesting that city of Montclair police department peace officer Rod Godoy
2  physically remove Plaintiff Alison Helen Fairchild from her self-storage property.

3          Defendants intentionally discriminated against Plaintiff Alison Helen Fairchild by
4  requesting that city of Montclair police department peace officer assist with denying Plaintiff
5  Fairchild access to her self-storage unit after 5 p.m.

6          This lawsuit is brought due to violations by Defendants of, inter alia, violations of
7  Plaintiffs' constitutional civil rights. Defendants acted under the color of state law in that they
8  conspired, and later used the assistance of the city of Montclair police department to physically
9  remove Plaintiff Fairchild from her Public Storage self-storage property. Defendants' 5548
10 Arrow Highway has to a long history of joint participation with law enforcement,*" **Thank you**
11 **so much", and "No parties can be on the property".** Defendants acted under the color of state
12 law when they conspired, and then actually used the assistance of Montclair police department
13 to deny Plaintiff Fairchild her right to not be denied possession of real property without due
14 process of law. Defendant acted under the color of state law when they used the assistance of the
15 city of Montclair police department to violate federal ADA and California disability laws.

16         This lawsuit is brought due to violations by Defendants of, inter alia, violations of
17 Plaintiffs' constitutional civil rights. Defendants acted under the color of state law in that they
18 conspired to use, and did actually use the assistance of the city of Montclair police department to
19 physically lockout Plaintiff Arogant Hollywood from his 5548 Arrow Highway self-storage unit
20 while other tenants were allowed to freely enter their self-storage unit until 9 p.m. Defendants
21 acted under the color of state law when they conspired to use the assistance of the city Montclair
22 police department to deny Plaintiff Hollywood his right to not be denied possession of real
23 property without due process of law. Defendants acted under the color of state law when they
24 did use the assistance of the city Montclair police department to deny Plaintiff Hollywood his
25 right to not be denied possession of real property without due process of law.  Defendants acted
26 under the color of state law when they conspired to use the assistance of the city of Montclair
27 police department to violate state and federal civil rights statutes.

28

Verified Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of
1990 [42 U.S.C. §§ 12101, 12203, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights
Act, Violation of Cal Civ Code §§ 51.7, 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Negligent
Retention, Gross Negligence, Negligent Intentional Infliction of Emotional Distress, & Conversion
–Page 5 of 192

Defendants acted under the color of state law when they did use the assistance of the city of Montclair police department to violate state and federal civil rights statutes.

Defendants' conduct is and was a pattern and practice of intentional exclusion of a African-American man and his disabled fiancée, due to protected characteristics of race, gender, and disability in direct violation of provisions of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C.S. § 12203, ET SEQ., the Civil Rights Act of 1964, 42 U.S.C.S. §§§§ 1981, 1982, 1985, 1986 and, and the egregious actions undertaken by Defendants and/or those acting under their association or affiliation with Defendants against a black man protected from discrimination under the above stated statutes, and a disabled woman named Alison Helen Fairchild.

Defendants violated state laws by their negligence, negligent retention and/or supervision, negligent intentional infliction of emotional distress, fraud, conversion, fraud, intentional infliction of emotional distress, civil conspiracy, and gross negligence.

Defendants intentionally discriminated against Plaintiff Arogant Hollywood, an African-American. Defendants discriminated against Plaintiff Hollywood by refusing to accept his rent. Defendants discriminated against Plaintiff Hollywood by terminating his rental lease agreement. Defendants intentionally discriminated against Plaintiff Arogant Hollywood, an African-American by denying Plaintiff Hollywood access to his self-storage unit and refusing to permit Plaintiff Hollywood to be on Defendants' 5548 Arrow Highway self-storage facility after 5 p.m. Defendants discriminated against Plaintiff Hollywood by refusing to accept Plaintiff Hollywood's rent while advertising his personal property in a public auction.

Defendants intentionally discriminated against Plaintiff Arogant Hollywood by calling him derogatory and racial slurs. Defendants intentionally discriminated against Plaintiff Hollywood by locking him out his self-storage unit by placing a red locking mechanism on both of his self-storage units, when Plaintiffs' self-storage units were both paid up. Defendant intentionally discriminated against Plaintiff Hollywood by conspiring to forcefully remove Plaintiff Hollywood's personal property from his two self-storage units. Defendants

Verified Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12101, 12203, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code §§ 51.7, 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Negligent Retention, Gross Negligence, Negligent Intentional Infliction of Emotional Distress, & Conversion
-Page 6 of 192

intentionally discriminated against Plaintiff Hollywood by using the assistance of the city of Montclair police department to use force to physically remove Plaintiff Hollywood from his self-storage unit property.

Defendants intentionally discriminated against Plaintiff Alison Helen Fairchild, a Caucasian woman who is non-ambulatory and unable to walk whatsoever., every time she attempted to request a reasonable public accommodation that which was denied. Defendants intentionally discriminated against Plaintiff Fairchild by refusing to accept her rent. Defendants intentionally discriminated against Plaintiff Fairchild by denying Plaintiff Fairchild access to her self-storage unit, and refusing to permit Plaintiff Fairchild to be on Defendants' 5548 Arrow Highway self-storage facility after 5 p.m.  Defendants intentionally discriminated against Plaintiff Fairchild by calling her derogatory names. Defendants intentionally discriminated against Plaintiff Fairchild by locking her out her self-storage units by placing a red locking mechanism on both of her self-storage units, when Plaintiffs' self-storage units were both paid up. Defendants intentionally discriminated against Plaintiff Fairchild by conspiring to forcefully remove Plaintiff Fairchild's personal property from her two self-storage units. Defendants intentionally discriminated against Alison Helen Fairchild by using the assistance of the city of Montclair police department to use force to physically remove Plaintiff Fairchild from her self-storage unit property.

Defendants intentionally discriminated against Plaintiff Fairchild by conspiring to use the assistance of the city of Montclair police department to deploy deadly force to remove Plaintiff Fairchild from her self-storage property on June 16, 2018.

Plaintiff Fairchild is a member of disabled persons protected under the federal laws of Title II of the American Disabilities Act of 1990.

Congress enacted the Civil Rights Act of 1964 to stop discrimination against minorities, including people of African-American descent. The ADA was enacted because of pervasive discrimination against disabled persons and because discrimination is "a serious and pervasive social problem... [that includes] various forms of discrimination, including outright intentional

Verified Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12101, 12203, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code §§ 51.7, 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Negligent Retention, Gross Negligence, Negligent Intentional Infliction of Emotional Distress, & Conversion
–Page 7 of 192

exclusion." "42 U.S.C. § 12101 (a) (7). Congress explained, "individuals with disabilities are a discrete and insular minority who have been... relegated to a position of political powerlessness in our society. "42 U.S.C. § 12101. Despite the political powerlessness disabled people have in our society when bringing civil rights suits against corporations, Plaintiffs Arogant Hollywood and Alison Helen Fairchild are determined to stop Defendants' discriminatory actions and omissions.

Defendants were negligent and grossly negligent by acting under the color of state law by conspiring with law enforcement to use the physical man power of the city of Montclair police department to deny both Plaintiffs possession of real property without due process of law.

Defendants were negligent and grossly negligent by conspiring to force Plaintiff Arogant Hollywood and his fiancée Alison Helen Fairchild out of their self-storage units by physically locking both Plaintiffs out of their two self-storage units.

Defendants was negligent and grossly negligent by violating Plaintiffs' 14th Amendment civil rights by conspiring to deny them both possession of real property without due process of law.

Defendant was negligent and grossly negligent by refusing to accept rent while placing both Plaintiffs' two self-storage units up for auction on their publicstorageauctions.com website.

Defendants were negligent and grossly negligent by violating Plaintiff Fairchild's constitutional civil rights protected under the American Disabilities Act.

Defendants were negligent and grossly negligent by violating Plaintiff Hollywood's constitutional civil rights protected under the Civil Rights Act of 1964.

All Defendants and Does 1-10's actions were done deliberately and intentionally with complete disregard of the welfare and civil rights of both Plaintiffs, and therefore, Plaintiffs Arogant Hollywood and Alison Helen Fairchild are entitled to punitive damages against all Defendants.

Defendants are a let's do whatever the heck we want to people, violate their civil rights and let them sue us later CORPORATION.

Verified Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 |42 U.S.C. §§ 12101, 12203, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code §§ 51.7, 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Negligent Retention, Gross Negligence, Negligent Intentional Infliction of Emotional Distress, & Conversion
–Page 8 of 192

If Plaintiffs' had not of filed this lawsuit and requested an injunction all of their personal property located at 5548 Arrow Highway, Spaces # 279 and # 287, Montclair, CA 91764 would be gone forever. Sold to the scumbag small business who make a substantial profit when the purchase Public Storage self-storage units for at least as $ 1.00 and resell the contents of the unit for a lot more money. Of course, Public Storage's auction policy in itself is illegal as they are supposed to sell the unit for its estimated value not for $ 5.00 and send the rest of the storage bill to collections for hundreds of dollars.

Plaintiffs are seeking **$ 100,000,000** in total damages and punitive damages to make an example out of Defendants who have violated civil rights of people of the United States far too many times, to count on two hands. In the Northern District of Alabama Defendants were sued four times. See *2:04-cv-03333-KOB Helms v. Public Storage Companies, Inc., 2:01-cv-01427-HGD Paige v. Public Storage Inc (2001), 2:08-cv-00024-JEO Carter v. Public Storage Inc (2008) 2:11-cv-00357-JEO Spencer et al v. Public Storage, Inc. (2012).*

In the U.S. District court of Arizona Defendants have been sued at least five times in the past twenty years. See *2:01-cv- 00991-JWS CMB I LLC, et al v. Public Storage Inc, et al; (2001); 2:07-cv-01987-EHC Bodley v. Public Storage, Inc. (2007); 2:94-cv-02497-CAM Cristo, et al v. Public Storage Inc, et al (1994); 2:94-mc-00098-RCB Fager v. Public Storage Inc, et al (1994); 4:09-cv-00089-JMR Simington v. Public Storage Inc. (2009)*

In this United States district court Defendants have been sued at least twenty-four times. See  *2:98-cv-07556-NM-RNB Demco Electronics v. Public Storage Inc, et al (1998);*

*Katherine G Potter et al v. B Wayne Hughes et al (2004); Sullivan Constr Serv v. Public Storage*

Verified Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12101, 12203, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code §§ 51.7, 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Negligent Retention, Gross Negligence, Negligent Intentional Infliction of Emotional Distress, & Conversion
–Page 9 of 192

1   *Inc (1992); 2:93-cv-07613-HLH-S Fager v. Public Storage Inc, et al (1995); 8:05-cv-00776-*

3   *JVS-MLG Serrao et al v. Public Storage Inc et al (2005); 2:90-cv-06970-MRP Henrichson, et*

5   *al v. Hughes, et al (1990); 2:02-cv-02197-R-MAN Karen McDaniel v. Pub Storage Incorp, et*

7   *al (2002); 2:92-cv-01715-WJR Awofolu v. Public Storage Mgt, et al (1992); 2:97-cv-04766-*

9   *LGB-RNB Lundahl, et al v. Public Storage Mgt, et al (1997);8:17-cv-01874-CJC*

11  *DFM Carmen John Perri v. Public Storage Properties XIV, Ltd. et al (2017); 2:09-cv-05774-*

13  *RSWL-RZ Javier Revelez v. Public Storage et al (2009); 2:10-cv-02939-DSF-AN Jose*

15  *Vasquez et al v. Public Storage (2010); 2:12-cv-06335-PA-MAN Chris Langer v. Public*

17  *Storage et al (2012) 2:13-cv-01934-DDP-AJW Victoria Urenia et al v. Public Storage et al*

19  *(2013); 2:14-cv-02272-SVW-MRW Jorge Pineda v. Public Storage et al (2014); 2:17-cv-05187-*

21  *R-AFM; 2:17-cv-07833Annn Fox v. Public Storage et al (2017); 8:17-cv-01874-CJC-*

23  *DFM Carmen John Perri v. Public Storage Properties XIV, Ltd. et al (2017); 2:93-cv-07613-*

25  *HLH-S Fager v. Public Storage Inc, et al (1993); Salee Amina Barnes-Mohammed v. County of*

27  *Santa Barbara, et al (2002); 8:05-cv-00776-JVS-MLG Serrao et al v. Public Storage Inc et al*

Verified Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12101, 12203, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code §§ 51.7, 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Negligent Retention, Gross Negligence, Negligent Intentional Infliction of Emotional Distress, & Conversion
–Page 10 of 192

*(2005); 2:02-cv-02197-R-MAN Karen McDaniel v. Pub Storage Incorp, et al (2002); 2:92-cv-01715-WJR Awofolu v. Public Storage Mgt, et al (1992); 2:97-cv-04766-LGB-RNB Lundahl, et al v. Public Storage Mgt, et al (1997)*

In the United States Eastern District of California Defendants have been sued at least three times. See *2:14-cv-04194-UA-DUTY Matthew Alan Smith v. Public Storage, Inc. (2014) Johnson v. Public Storage Franchise, Inc. et al (2009) (settled) 2:13-cv-01360-TLN-AC (PS) Levy v. Public Storage Corporate (2013).*

In the United States Northern District of California Defendants have been sued at least eight times. See *3:03-cv-00602-EMC Americans with Disabilities Advocates et al v. Public Storage Incorporated (2003); 3:04-cv-01131-VRW Westbrook v. Public Storage (2004) 3:09-cv-01240-JCS Singletary v. Public Storage (2009); 3:12-cv-05262-CRB Mosley v. Public Storage (2012); 3:13-cv-01804-SI Sobayo v. Public Storage et al (2013); 3:15-cv-04716-SK Heifetz v. STORAGE EQUITIES, INC. et al (2015) (ADA SETTLEMENT); 4:04-cv-01133-PJH Westbrook v. Public Storage (2004); 4:15-cv-00359-JSW Grimes v. Public Storage, et al (2015)*

The United States District Court for the Southern District of California Defendants have been sued at least five times. See *3:12-cv-01217-JLS-MDD Jaghab v. Public Storage (2012); 3:09-cv-01415-DMS-WMC Singletary et al v. Public Storage et al (2009); 3:93-cv-00089-IEG-BTM Jones, et al v. Public Storage Mgt, et al (1993); 3:18-cv-00183-MMA-KSC Riazati v.*

Verified Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12101, 12203, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code §§ 51.7, 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Negligent Retention, Gross Negligence, Negligent Intentional Infliction of Emotional Distress, & Conversion
–Page 11 of 192

*Public Storage Inc. et al (2018) 3:96-cv-01858-H-LSP Lundahl, et al v. Public Storage Mgmt, et al (1996).*

The United States District Court of Colorado Defendants have been sued one time. See *1:94-cv-00841-JRC Jones v. Public Storage, Inc., et al (1995).*

The United States Eastern District Court of New York Defendants have been sued six times. See *1:09-cv-02495-DLI-RER Brown v. Public Storage (2009); 1:18-cv-02919-MKB-LB Balkanli v. Public Storage (2018); 2:17-cv-00387-JMA-AYS; Zulli v. Public Storage et al (2017); 1:03-cv-04994-FB-KAM Petti v. Public Storage Inc. (2003)*; 1:14-cv-04783-KAM-LB Wade v. Public Storage Inc.(2014); 2:05-cv-04714-ADS-JO J & D Landscaping, Inc. v. Public Storage, Inc. (2005)

In the United States Northern District Court of New York Defendants have been sued twice. See *1:11-cv-01404-DLC Almonte v. Public Storage Incorporated et al (2011); 1:12-cv-08804-LTS Thomas v. Public Storage, Inc. et al (2012)*

Fifty-eight lawsuits in four states warrants the $ 100,000,000 in damages requested in this civil rights complaint. If Plaintiffs had not filed this lawsuit Defendants' illegal and unconstitutional public auctions of two of Plaintiffs' self-storage units would have been just another day at the office.

In order to give this court an idea how deliberate and intentional Defendants' actions are that have led to a ridiculous number of lawsuits just in Central District Court of California (24 lawsuits and counting). Google corporation is a company in terms of publicly traded market capitalization at least twenty times the size of Public Storage Inc., yet in the very same court Google Inc. has only been sued an astoundingly low twelve times, to which Google countersued in six of those cases. According to stock market data provided on Interactive Brokers' trading platform. Public Storage Inc.'s stock market capitalization was 38.2 billion as of U.S. stock market's close on Friday, August 17, 2018.  According to stock market data provided on Interactive Brokers' trading platform. Google Inc.'s (now known as Alphabet Inc.) stock market capitalization was 835.48 billion as of U.S. stock market's close on Friday, August 17, 2018.

Verified Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 |42 U.S.C. §§ 12101, 12203, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code §§ 51.7, 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Negligent Retention, Gross Negligence, Negligent Intentional Infliction of Emotional Distress, & Conversion
–Page 12 of 192

Defendants have also been sued for violating ADA laws, and the protected class of disabled people that Plaintiff Alison Helen Fairchild belongs to. See *3:03-cv-00602-EMC American Disabilities Advocates et al v. Public Storage Incorporated (2003), see also Heifetz v. Storage Equities Inc. et al (2015), supra.*

Defendants' general manager Lauren Scotvold, and district manager Justin Miller adopted a that operated as a prior restraint on Plaintiff Arogant Hollywood's speech, prohibiting Plaintiff Hollywood from stating verbally that he would sue Public Storage corporatioin in federal district court. Defendants' general manager Lauren Scotvold became upset when Plaintiff Hollywood said that he was going to sue her and Public Storage for violating his and his fiancée civil rights.

Plaintiff Hollywood seeks a declaration that Defendants violated his clearly established constitutional rights as set forth in this civil rights complaint; a declaration that Defendants' restriction on Plaintiffs' speech violates the United States Constitution, and 42 U.S.C. § 1983, and nominal damages for the loss of Plaintiff's constitutional rights. Plaintiffs Arogant Hollywood and Alison Helen Fairchild also seek an award of reasonable costs of litigation, including attorneys' fees and expenses, pursuant to 42 U.S.C. § 1988 and other applicable law.

## I.      INTRODUCTION

1.      No man in this country is so high that he is above the law. No officer of the law may set that law at defiance of impunity. All of the officers of the government from the highest to the lowest, are creatures of the law, and are bound to obey it. *United States v. Lee, 106 U.S. 196 (1882).* Plaintiffs Arogant Hollywood and Alison Helen Fairchild were victimized by Defendants, its employees, its upper and district management, and its corporate upper management who acted under the color of state law by employing the physical man power of the city of Montclair police department to physically remove both Plaintiffs from their self-storage property. Defendants' cold-hearted and heartless managers Lauren Scotvold and Justin Miller

Verified Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12101, 12203, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code §§ 51.7, 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Negligent Retention, Gross Negligence, Negligent Intentional Infliction of Emotional Distress, & Conversion
–Page 13 of 192

conspired to violate the civil rights of Plaintiffs, had them trespassed from Plaintiffs' real property self-storage unit, and have conspired to conduct an illegal and unconstitutional public auction of Plaintiffs' personal property. Plaintiffs Arogant Hollywood and Alison Helen Fairchild will be forever psychologically, mentally and emotionally damaged by the wrongful conduct and actions of Defendants.

2.      This is a civil rights action brought by Plaintiff Arogant Hollywood, a thirty-nine-year-old African-American male, pursuant to 42 U.S.C. §§§§§ 1981, 1983, 1985, 1986, & 1988, and the Fourteenth Amendment of the United States Constitution for compensatory damages and attorney's fees to vindicate profound deprivations of Plaintiff Hollywood's constitutional civil rights including but not limited to negligence, negligent supervision, gross negligence, civil conspiracy, intentional infliction of emotional distress, fraud, conversion, negligent intentional infliction of emotional distress.

3.      This is a civil rights action brought by Plaintiff Alison Helen Fairchild, a sixty-one-year-old Caucasian disabled female, pursuant to 42 U.S.C. §§§§§§ 12203, 1981, 1983, 1985, 1986, & 1988, and the Fourteenth Amendment of the United States Constitution for compensatory damages and attorney's fees to vindicate profound deprivations of Plaintiff Fairchild's constitutional civil rights including but not limited to negligence, negligent supervision, gross negligence, civil conspiracy, intentional infliction of emotional distress, conversion, fraud, and negligent intentional infliction of emotional distress.

4.      Plaintiff Arogant Hollywood suffered mental and emotional injuries as a result of Defendants' complete disregard to Plaintiff Hollywood's well-established constitutional rights. Plaintiff Hollywood has suffered emotionally because he has been worried about the invaluable and valuable possession that belong to both him and his fiancée Alison Helen Fairchild. Plaintiff Arogant Hollywood has been very distressed out that he cannot make a payment on

Verified Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12101, 12203, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code §§ 51.7, 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Negligent Retention, Gross Negligence, Negligent Intentional Infliction of Emotional Distress, & Conversion
-Page 14 of 192

either one of his self-storage units, yet both of his units are scheduled for an illegal and unconstitutional public auction on September 7, 2018. It should be noted that Plaintiff Hollywood served upon Defendant a declaration in opposition to lien sale on August 14, 2018, yet Defendants as of August 18, 2018 and the filing of this lawsuit had and have still failed to remove Plaintiff Hollywood from their public auction listed on publicstorageauctions.com. All Defendants' actions were deliberate, intentional and done with evil intentions and complete disregard for Plaintiff Arogant Hollywood's constitutional civil rights.

5.     Plaintiff Alison Helen Fairchild suffered physical, mental and emotional injuries as a result of Defendants' complete disregard to Plaintiff Fairchild's well-established constitutional rights. Plaintiff Fairchild has suffered emotionally and become severely depressed because she is worried that she will never see her personal property located at 5548 Arrow Highway, Montclair, California, again. Plaintiff Fairchild suffered severe mental distress and anxiety when city of Montclair police department peace officers asked her to leave the property where her real property storage units were located. City of Montclair police department peace officers asked Plaintiff Fairchild to leave at the request of Lauren Scotvold. City of Montclair police department peace officers requested that Plaintiff Fairchild leave her storage units' property even though Defendants and Montclair police department officers knew she had done nothing wrong to warrant her being kicked off 5548 Arrow Highway property.  All Defendants' actions were deliberate, intentional and done with evil intentions and complete disregard for Plaintiff Alison Helen Fairchild's constitutional civil rights.

## FEDERAL CIVIL COMPLAINT & JURY TRIAL DEMAND OF AROGANT HOLLYWOOD AND ALISON HELEN FAIRCHILD, INDIVIDUALLY

Plaintiffs **AROGANT HOLLYWOOD AND ALISON HELEN FAIRCHILD** individually bring this action against Defendants Public Storage, Inc., Public Storage Properties XV, Inc., PS Orangeco Holdings Inc. and Does 1-10. The Plaintiffs hereby allege as set forth

Verified Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12101, 12203, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code §§ 51.7, 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Negligent Retention, Gross Negligence, Negligent Intentional Infliction of Emotional Distress, & Conversion
–Page 15 of 192

below:

## II.    SUBJECT MATTER JURISDICTION & ARTICLE III STANDING TO BRING FORTH THIS LAWSUIT

6.    To establish standings to maintain an action in federal district court, a plaintiff must allege: (1) injury in fact, (2) causation----"a fairly traceable connection between the plaintiff's harm and the complained of conduct of the defendant", and----------------(3) redressability -------"a likelihood that the requested relief will redress the alleged injury." See *Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 103 (1998); Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992).*

7.    The Supreme Court has explained that "the irreducible constitutional minimum' of standing consists of three elements." See *Spokeo Inc. v. Robins, 136 S. Ct. 1540, 1547 (2016) (quoting Lujan, 504 U.S. at 560).* A plaintiff "must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of a defendant, and (3) that is likely to be redressed by a favorable judicial decision.

8.    Plaintiff Arogant Hollywood is an African-American (black) man that is part of the protected class of the United States of America. Plaintiff Hollywood is protected under the civil rights act of 1964 and has filed this lawsuit on his behalf to redress civil rights violations by Defendants Public Storage, Inc., Public Storage Properties XV, Inc., PS Orangeco Holdings Inc. and Does 1-10. Plaintiff Hollywood alleges that Defendants' employees and management violated Plaintiff's 14th Amendment rights. Plaintiff Hollywood alleges that Defendants have racially discriminated against Plaintiff in violation of U.S.C. § 1981. Plaintiff Hollywood alleges that Defendant has conspired to interfere with Plaintiffs' constitutional 14th amendment rights by using unconstitutional and illegal business tactics to trespass, revoke access to, and refuse to

Verified Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12101, 12203, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code §§ 51.7, 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Negligent Retention, Gross Negligence, Negligent Intentional Infliction of Emotional Distress, & Conversion
–Page 16 of 192

grant Plaintiff Hollywood access to his two real property self-storage units. Plaintiff Hollywood alleges that Defendants have conspired to interfere with Plaintiffs' constitutional 14th amendment rights by using unconstitutional and illegal business tactics to illegally advertise and plan to sell all Plaintiff Hollywood's personal belongings at a Public Storage public auction on September 7, 2018.

9.      Plaintiff Alison Helen Fairchild is part of a protected class of United States citizens under the American Disabilities Act of 1990. Plaintiff Fairchild is protected under the American Disabilities Act of 1990 and has filed this lawsuit on her behalf to redress civil rights violations by Defendants. Plaintiff Fairchild alleges that Defendants have conspired to interfere with Plaintiffs' constitutional 14th amendment rights by. Plaintiff Fairchild alleges that Defendant's employees and management violated Plaintiff's 14th Amendment rights. Plaintiff Fairchild alleges that Defendants have discriminated against Plaintiff Fairchild in violation of U.S.C. § 1981 and the American Disabilities Act of 1990. Plaintiff Fairchild alleges that Defendants has conspired to interfere with Plaintiffs' constitutional 14th amendment rights by using unconstitutional and illegal business tactics to trespass, revoke access to, and refuse to grant Plaintiff Fairchild access to her two real property self-storage units. Plaintiff Fairchild alleges that Defendants have conspired to interfere with Plaintiffs' constitutional 14th amendment rights by using unconstitutional and illegal business tactics to illegally advertise and plan to sell all Plaintiff Fairchild's personal belongings at a Public Storage public auction on September 7, 2018.

## III.   **PARTIES TO THE ACTION**

10.     Plaintiff **AROGANT HOLLYWOOD (hereinafter "Plaintiff Hollywood")** is a resident of Ontario, California. At all relevant times stated throughout this federal civil rights complaint Plaintiff Hollywood was a commercial real estate tenant at a Montclair Public

Verified Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12101, 12203, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code §§ 51.7, 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Negligent Retention, Gross Negligence, Negligent Intentional Infliction of Emotional Distress, & Conversion
–Page 17 of 192

Storage, located at 5548 Arrow Highway, Montclair, CA, 91763, located in the city limits of Montclair, CA, 91761, ***units # 287 and # 279.*** At all times relevant hereto, and stated throughout this lawsuit, Arogant Hollywood was an individual over the age of 18 years-old, a resident of the state of California, and a citizen to the United States of America.

11.     Plaintiff **ALISON HELEN FAIRCHILD (hereinafter "Plaintiff Fairchild")** is a resident of Ontario, California. At all relevant times stated throughout this federal civil rights complaint Plaintiff Fairchild was a commercial real estate tenant at a Montclair Public Storage, located at 5548 Arrow Highway, Montclair, CA, 91763, located in the city limits of Montclair, CA, 91761, ***units # 287 and # 279***. At all times relevant hereto, and stated throughout this lawsuit, Alison Helen Fairchild was an individual over the age of 18 years-old, a resident of the state of California, and a citizen to the United States of America.

12.     Plaintiff **ALISON HELEN FAIRCHILD** is a "physically handicapped person", a "physically disabled person", and a "person with physical disabilities" (hereinafter the terms "physically disabled", "physically handicapped" and "person with physical disabilities" are used interchangeably, as these words have similar or identical common usage and legal meaning, but the legislative scheme in Part 5.5 of the Health & Safety Code uses the term "physically handicapped persons" and the Unruh Civil Rights Act, §§ 51, 51.5, 54, 54.1 and 55, and other statutory measures refer to protection of the rights of "physically disabled persons"). Plaintiff **ALISON HELEN FAIRCHILD** is a "person with physical disabilities", as defined by all applicable California and United States laws. Plaintiff Alison Fairchild has severe brain damage, chronic arthritis all over her entire body, spinal meningitis, multiple sclerosis and constant joint inflammation, pain and swelling. In addition, Plaintiff Fairchild suffers from and was diagnosed with multiple sclerosis, which attacks her brain, and during intense emotional distress, leads to migraines caused by addition legions formed on her brain. Plaintiff **ALISON HELEN FAIRCHILD** requires the use of a wheelchair to travel about in public. Consequently, plaintiff

Verified Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12101, 12203, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code §§ 51.7, 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Negligent Retention, Gross Negligence, Negligent Intentional Infliction of Emotional Distress, & Conversion
-Page 18 of 192

**ALISON HELEN FAIRCHILD** is a member [1] of that portion of the public whose rights are protected by the provisions of Health & Safety Code § 19955, et seq. (entitled "Access to Public Accommodations by Physically Handicapped Persons") and the protections of the Unruh Civil Rights Act, Civil Code §§ 51 and 51.5 the Disabled Persons Act, Civil Code § 54, and the Americans with Disabilities Act, 42 U.S.C. § 12101, et seq.

13.    Defendant **Public Storage, Inc. (hereinafter "Defendant Public Storage")** was incorporated in March 2007, is a real estate investment trust (REIT). The company's principal business activities include the ownership and operation of self-storage facilities, which offer storage spaces for lease, generally on a month-to-month basis, for personal and business use, ancillary activities, such as merchandise sales and tenant reinsurance to the tenants at its self-storage facilities, as well as the acquisition and development of additional self-storage space. The company's segments include Self-Storage Operations, Ancillary Operations, Investment in PS Business Parks, Inc. (PSB) and Investment in Shurgard Europe.

As of December 31, 2016, the company had direct and indirect equity interests in 2, 348 self-storage facilities (with approximately 154 million net rentable square feet) located in 38 states in the United States operating under the Public Storage name. It also had direct and indirect equity interests in approximately 29 million net rentable square feet of commercial space located in eight states in the United States primary owned and operated by PS Business Parks, Inc. (PSB) under the PS Business Parks name, as of December 31, 2016.

Public Storage Inc.'s self-storage operations segment reflects the rental operations from all self-storage operations were analyzed in two groups: the 2,000 facilities that Defendant Public Storage had owned and operated on a stabilized basis (the Same Store Facilities), and all other facilities, which were newly acquired, newly developed, or redeveloped (the Non-Same Store Facilities). At all relevant times stated throughout this lawsuit Defendant Public Storage was a California corporation created retroactively since 1995, headquartered in Los Angeles County, and who's jurisdiction lies within the state of California. Defendant Public Storage is a

Verified Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 |42 U.S.C. §§ 12101, 12203, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code §§ 51.7, 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Negligent Retention, Gross Negligence, Negligent Intentional Infliction of Emotional Distress, & Conversion
–Page 19 of 192

California corporation **(California Secretary of State Entity C0987386)** located at 701 Western Avenue, Glendale, California 91201. Defendant Public Storage has violated ADA laws pursuant to 42 U.S.C. §§ 12101 and 12203. Defendant Public Storage violated Title VIII of the Civil Rights Act of 1964. Defendant Public Storage owns, manages and operates a public accommodation known as Montclair Public Storage, located at 5548 Arrow Highway, Montclair, CA, 91764.

14.     Defendant **PS ORANGECO HOLDINGS, INC. (hereinafter "Defendant PS Orangeco")** is a holding company and responsible for the public sale of Public Storage tenants whose storage unit has been in default due to tenants' non-payment of rent. See now **publicstorageauctions.com.** Defendant PS Orangeco also sells merchandise and operates a business that protects tenants from loss or damage of their Public Storage self-storage unit. Defendant PS Orangeco is a Real Estate Investment Trust (REIT). At all relevant times stated throughout this lawsuit Defendant PS Orangeco was a California corporation created retroactively since 2001, headquartered in Los Angeles County, and who's jurisdiction lies within the state of California. Defendant PS Orangeco is a California corporation **(California Secretary of State Entity C2369037)** located at 701 Western Avenue, Glendale, California 91201. Defendant PS Orangeco has violated ADA laws pursuant to 42 U.S.C. §§ 12101 and 12203. Defendant Public Storage violated Title VIII of the Civil Rights Act of 1964. Defendant PS Orangeco owns, manages and operates a public accommodation known as Montclair Public Storage, located at 5548 Arrow Highway, Montclair, CA, 91764.

15.     Defendant **PUBLIC STORAGE PROPERTIES XV, INC. (hereinafter "Defendant PS Properties") is a merged-out entity of Defendant Public Storage.** At all relevant times stated throughout this lawsuit Defendant PS Properties was a California corporation created retroactively since 2001, headquartered in Los Angeles County, and who's jurisdiction lies within the state of California. Defendant PS Orangeco is a California corporation **(California**

Verified Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12101, 12203, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code §§ 51.7, 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Negligent Retention, Gross Negligence, Negligent Intentional Infliction of Emotional Distress, & Conversion
–Page 20 of 192

Secretary of State Entity C1676949) located at 701 Western Avenue, Glendale, California 91201. Defendant PS Properties has violated ADA laws pursuant to 42 U.S.C. §§ 12101 and 12203. Defendant PS Properties violated Title VIII of the Civil Rights Act of 1964. Defendant PS Properties owns, manages and operates a public accommodation known as Montclair Public Storage, located at 5548 Arrow Highway, Montclair, CA, 91764.

16.     **Defendant BRADLEY WAYNE HUGHES JR. (hereinafter "Defendant Bradley)** is an individual over the age of 18 years-old and a citizen of the United States of America. Defendant Bradley is an American businessman and philanthropist. Defendant Bradley is the son and namesake of Bradley Wayne Hughes, the founder and chairman of Public Storage, originally established in 1972. At present (2018), he is a member of the Board of Trustees of Public Storage, alongside his sister. In 2005, Defendant Bradley founded American Commercial Equities. The firm is based in Malibu, California, and focuses on the management and acquisition of prime real estate properties in California and Hawaii. Defendant Bradley holds a Bachelor of Arts in Performing Arts from the University of Southern California. Defendant Bradley donated $ 1,200,000 to California Proposition 47 in 2014. The bill focused on sentencing reform, which California voters passed in November 2014. Defendant Bradley resides in Malibu, California.

17.     Plaintiffs are unaware of the true names of Defendants listed as DOES 1 through 10, inclusive, and therefore sued them by the foregoing names which are fictitious. Plaintiffs will amend this Complaint by inserting the true names in lieu of said fictitious names, together with apt and proper charging words, when said true names are ascertained. Plaintiffs are informed and believe and thereon allege that each of the Defendants designated herein as a DOE is responsible and liable to Plaintiffs in some manner for the events, happenings, and contention referred to in this Complaint. All references herein to "Defendant: or "Defendants" shall be deemed to include all DOE Defendants.

Verified Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12101, 12203, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code §§ 51.7, 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Negligent Retention, Gross Negligence, Negligent Intentional Infliction of Emotional Distress, & Conversion
–Page 21 of 192

18.     Plaintiffs Arogant Hollywood and Alison Helen Fairchild are informed and believe and thereon allege that each Defendant, including DOES 1 through 10 was and is the agent, employee, servant, subsidiary, partner, member, associate, or representative or each other Defendant, and that all of things alleged to have been done in the course and scope of said agency, employment, service, subsidiary, partnership, membership, association, or representative relationship and with the knowledge and consent of their respective principals, employers, masters, parent corporations, partners, members, associates, or representatives. Each Defendant has authorized, ratified, acknowledged, consented, acquiesced, and/or approved of all acts, conduct, and/or omissions, by each other Defendant. Plaintiffs are informed and believes and thereon alleges, that each of the fictitiously named defendants is responsible in some manner for the occurrences alleged in this complaint, and that Plaintiffs' damages as alleged in this civil rights complaint were proximately caused by those defendants.

19.     The allegations of this civil rights complaint stated on information and belief are likely to have evidentiary support after a reasonable opportunity for further investigation and discovery. Such as the issuance of subpoenas duces tecum, the taking of oral depositions, Requests for Admission and Special Interrogatories. All of which Plaintiffs' intend to conduct after Rule 26(f) conference.

## IV.    CONTINUING VIOLATIONS

20.     The wrongful acts and omissions giving rise to the Defendant's liability in this action commenced on or about June 16, 2018 and have been and are "continuing" in nature as of the date of filing of this civil rights complaint. Plaintiffs Arogant Hollywood and Alison Helen Fairchild therefore reserve the right to amend this civil rights complaint as new and additional facts and claims arise or become known to Plaintiffs.

Verified Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12101, 12203, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code §§ 51.7, 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Negligent Retention, Gross Negligence, Negligent Intentional Infliction of Emotional Distress, & Conversion
–Page 22 of 192

## V.    JURISDICTION AND VENUE

21.    This action arises from a violation, inter alia, of Title III of the Americans with Disabilities Act, 42 U.S.C. §§ 12101, 12203, *et seq.*, discrimination in violation of the Civil Rights Act of 1964, Title VIII of the Civil Rights Act of 1964; 42 U.S.C. §§ 1981, 1983, 1985 and 1986. Plaintiffs seek redress of violations of state law rights and/or federal law rights via the supplemental jurisdiction of this Court. Plaintiffs allege that Defendants acted under the color of state law, and in addition violated Plaintiffs' rights to make and enforce contracts. This court has jurisdiction because Plaintiffs allege not only a violation of their constitutional civil rights, but Plaintiffs make allegations of violation of their 14th Amendment rights as well.

22.    This Court has original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343 and supplemental jurisdiction under 28 U.S.C. § 1367(a). Declaratory and injunctive relief are authorized by 28 U.S.C. §§ 2201, 2202, and 1343.

23.    Venue is proper pursuant to 28 U.S.C. § 1391 because at least one of the defendants resides within this District and because all the acts for which Plaintiffs complains occurred in the city of Montclair, CA, within the State of California.

24.    Personal jurisdiction is proper over each of the defendants because they are either domiciled in the State of California and/or have regularly transacted business in the state.

25.    To maintain an action under 42 U.S.C. § 1985, Plaintiffs Arogant Hollywood and Alison Helen Fairchild need not first exhaust administrative or state remedies. Neither does the availability of a state remedy preclude Mr. Hollywood and Ms. Fairchild from seeking relief under the Civil Rights Act, when the Complaint otherwise states a claim. See *Hazzard v. Weinberger, 383 F. Supp 255 (1974), affirmed 512 F.2d 1397 (2nd Cir. 1975)* or state court

Verified Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12101, 12203, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code §§ 51.7, 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Negligent Retention, Gross Negligence, Negligent Intentional Infliction of Emotional Distress, & Conversion
−Page 23 of 192

remedies *(Burt v. City of New York, 156 F.2d 791 (1946)).*

26.     Plaintiffs Arogant Hollywood and Alison Helen Fairchild reserve their right to amend this civil rights complaint to include state cause of actions coercion, forceful entry, wrongful eviction, unfair business practices, breach of contract, misrepresentation, trespass, theft of property, and any other claims for relief related to the allegations stated throughout this civil rights complaint.

## VI.     STATEMENT OF FACTS
## A.     FACTUAL BACKGROUND

### GENERAL ALLEGATIONS OF COMPLAINT ON BEHALF OF BOTH PLAINTIFFS AROGANT HOLLYWOOD AND ALISON HELEN FAIRCHILD

27.     Plaintiffs Arogant Hollywood and Alison Helen Fairchild were forced to leave their Public Storage self-storage units # 279 and # 287 and have been unable to return or make a payment to either one of their Public Storage self-storage units since June 16, 2018.

### B.     PLAINTIFFS RENT FIRST PUBLIC STORAGE UNIT, SPACE # 279

28.     On or about May 24, 2018 Plaintiff Alison Helen Fairchild and her personal driver Chery Kaylor walked into Defendants' Public Storage located at 5548 Arrow Highway, Montclair, California. Cheryl Kaylor rented the unit for Plaintiff Fairchild. Shortly thereafter, Ms. Kaylor assisted Ms. Fairchild with moving a few things into her unit. All of the contents within the 5548 Arrow Highway, Space # 279 belonged to only Plaintiffs Arogant Hollywood and Alison Helen Fairchild. None of the contents stored within Space # 279 ever belonged to Cheryl Kaylor. At the time of said rental Cheryl Kaylor put down Plaintiffs Arogant Hollywood and

Verified Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12101, 12203, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code §§ 51.7, 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Negligent Retention, Gross Negligence, Negligent Intentional Infliction of Emotional Distress, & Conversion
–Page 24 of 192

Alison Helen Fairchild as authorized persons on her rental account with Public Storage.

## C.   PLAINTIFFS RENT SECOND PUBLIC STORAGE UNIT, SPACE # 279

29.   On or about June 11, 2018 Arogant Hollywood walked into Defendants' Public Storage located at 5548 Arrow Highway, Montclair, CA. Plaintiff Hollywood was helped by Defendants' employee Heidi. Heidi showed Plaintiff Hollywood requested to rent an additional self-storage unit that was close to his current unit. Heidi showed Plaintiff Hollywood a unit that was close to Space # 279. After seeing the self- storage unit, Plaintiff Hollywood signed a rental contract for Space # 287. Plaintiff Hollywood requested that Defendants' employee Heidi put down Alison Helen Fairchild as an authorized person on his self-storage unit.

At approximately 5:50 p.m. Plaintiff Fairchild requested that Heidi give her a self-storage moving cart for unloading personal belongings from a U-HAUL truck into her self-storage unit. Heidi refused to give Plaintiff Fairchild a moving cart even though Plaintiff Fairchild told her that under ADA she was required to make special accommodations to assist her. Heidi still refused to give Plaintiff Fairchild a cart. It took Plaintiffs twice as long to move their property into Spaces # 287 and # 279, the majority of which was Plaintiff Fairchild's.

## D.   PLAINTIFFS MOVE INTO THEIR NEW SELF-STORAGE UNITS

30.   On the afternoon of June 13, 2018, at approximately 2:30 p.m. Plaintiffs Arogant Hollywood and Alison Helen Fairchild began moving into their 5548 Arrow Highway Montclair Public Storage spaces # 287 and # 279. Plaintiffs were accompanied by their friend and personal driver Cheryl Kaylor. Ms. Kaylor was driving the U-HAUL truck because Arogant Hollywood did not have a California driver's license.

31.   Cheryl Kaylor retrieved a moving cart from the front office at approximately 3:45 p.m.

Verified Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12101, 12203, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code §§ 51.7, 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Negligent Retention, Gross Negligence, Negligent Intentional Infliction of Emotional Distress, & Conversion
–Page 25 of 192

32.     At approximately 5:50 p.m. Defendants' general manager Lauren Scotvold stated that she needed the cart back. Plaintiff Hollywood stated that he was still using the cart to unload Alison Fairchild's personal belongings. Plaintiff Fairchild then requested that she able to keep the cart. Lauren Scotvold stated that she could not. Plaintiff Hollywood then told Lauren Scotvold to be careful violating the rights of Alison Helen Fairchild because he had just sued a self-storage unit in federal district court for ADA violations. Lauren Scotvold replied that she cannot make exceptions for any customers. That Public Storage's corporate policy was that all carts must be returned by the time the Public Storage's office closes. Plaintiff Hollywood then told Lauren Scotvold that by federal law she was required to make exceptions and accommodate his fiancée (Plaintiff Fairchild). Lauren Scotvold did tell Plaintiff Hollywood: *"No we do not, we treat all our customers the same, and do not make exceptions just they're a cripple."*

33.     Between June 8, 2018 and June 12, 2018 Arogant Hollywood had emptied out a 5 by 10 and 5 by 15 self-storage unit spaces at an Enterprise Self-Storage in Los Angeles. Upon arriving at Defendants' facility Plaintiff Hollywood began unloading his 20-foot truck. Plaintiff Hollywood stayed at the self-storage unit from approximately 2 p.m. until 10 p.m. unloading his twenty-foot U-HAUL truck. At approximately 10 p.m. Plaintiffs left with their driver Cheryl Kaylor and drove Plaintiffs' U-HAUL truck off the property.

## E.     RACIAL AND DISABILITY DISCRIMINATION BEGINS

34.     On June 14, 2018 at approximately 12 p.m. Plaintiffs arrived back at their self-storage unit continue moving into their Public Storage self-storage units, Spaces # 279 and # 287. When they arrived at Defendants' Public Storage Facility Plaintiff Hollywood immediately noticed that a $ 250.00 ADA handicap parking sign was lying on the ground near where his U-HAUL truck was parked. In order to accommodate Plaintiff Fairchild, Hollywood had his driver Cheryl Kaylor park in the U-HAUL truck in the handicap parking area so that they could use the nearby

Verified Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 |42 U.S.C. §§  12101, 12203, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code §§ 51.7, 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Negligent Retention, Gross Negligence, Negligent Intentional Infliction of Emotional Distress, & Conversion
–Page 26 of 192

handicap parking area to load and unload their U-HAUL truck.

35.     Plaintiff Hollywood then walked into Defendants' front office and spoke to facility general manager Lauren Scotvold, who at the time was in the office alone. Plaintiff Hollywood that it was an ADA violation that the handicap sign was taken down and that he was now ready to sue Public Storage Inc. To which Lauren Scotvold replied: *"Listen, you stupid nigger. Public Storage does not care about your little lawsuits. We get sued all the time, and nobody working here, including myself, is concerned about your crippled girlfriend. Leave out of my office before I have the police remove you."*

36.     Plaintiff Hollywood then left out of Lauren Scotvold's office and returned to his U-HAUL truck without further incident. Plaintiff Hollywood stayed at the Public Storage facility on June 15, 2018 only until 9 p.m. property cut off time. By now Plaintiff Hollywood had unloaded half of the U-HAUL truck into his self-storage units' spaces # 287 and # 279.

## E.     CONFRONTATIONS WITH PUBLIC STORAGE TENANT, & REMOVAL FROM PREMISES

37.     On Friday, June 15, 2018 at approximately 2:45 p.m. Plaintiffs Arogant Hollywood, Alison Helen Fairchild, and Cheryl Kaylor arrived at Defendants' Montclair Public Storage located at 5548 Arrow Highway, in the city of Montclair, CA 91764. Upon arriving Plaintiff Hollywood noticed that a lady and her children had a U-HAUL truck parked in the handicap parking. Plaintiff Hollywood got out of the U-HAUL truck and told the lady that she would have to move so that he could park in disabled parking. The lady said that she was disabled. Plaintiff Hollywood asked to see her disabled car placard. The lady replied that she was calling the police because Plaintiff Hollywood was harassing her.

Verified Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12101, 12203, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code §§ 51.7, 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Negligent Retention, Gross Negligence, Negligent Intentional Infliction of Emotional Distress, & Conversion
–Page 27 of 192

38.     On Friday, June 15, 2018 at approximately 3:12 p.m. city of Montclair police department peace officers arrived at Defendants' Public Storage located at 5548 Arrow Highway, in the city of Montclair, CA 91764. Upon arriving peace officers spoke to complaining witnesses, and Defendants' general manager Lauren Scotvold. City of Montclair police department peace officers told Plaintiff Hollywood that he had plenty of space to unload his belongings from U-HAUL truck. Plaintiff Hollywood told law enforcement that Public Storage use to have a sign that said $ 250.00 fine and that his fiancée's civil rights were being violated by this lady who was partially parked in the handicapped parking area.

39.     Shortly thereafter Sergeant John Minook arrived and requested that the unidentified Public Storage female tenant move her U-HAUL truck out of the handicap parking area. The Defendants' tenant complied, and law enforcement left without further incident. It should be noted for future allegations alleged in this lawsuit that the Public Storage tenant, Jasmine Brown, and Lauren Scotvold did not report any credible threats of violence or inappropriate behavior made by Arogant Hollywood to the city of Montclair police department responding peace officers on June 15, 2018.

40.     On June 16, 2016 at approximately 3:30 p.m. Plaintiff Hollywood approached the U-HAUL truck of the Public Storage tenant and took a video and photograph of the license plates. The Public Storage tenant then stated: ***"Get away from my truck."*** Plaintiff Hollywood continued walking around to get all the information on the truck as he had made up his mine to sue the Public Storage tenant and U-HAUL as well. Plaintiff Hollywood ignored the Defendants' female tenant. Shortly thereafter, the female tenant stated to her daughter: *Um, come watch. I need to go get 911 again, please. Stand here."* ***To which Plaintiff Hollywood replied: "I'm going to sue the dog crap out of you. That is not harassment. I can take a picture of anything I want.*** See *Hollywood Electronic Recording transcript, at p. 12.*

Verified Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12101, 12203, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code §§ 51.7, 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Negligent Retention, Gross Negligence, Negligent Intentional Infliction of Emotional Distress, & Conversion
-Page 28 of 192

41.     On June 16, 2018 at approximately 3:42 p.m. city of Montclair police department peace officers Sean Mackey, Jared Burns, James Blum and Rod Godoy responded to two separate 911 dispatch calls made by Defendants' general manager Lauren Scotvold and the unidentified Public Storage employee. Upon arriving city of Montclair peace officers told Plaintiff Hollywood that he business was not longer wanted at Defendants' Public Storage. They also told him something to the effect that Public Storage would be doing some things to get him out, to which Plaintiff Hollywood replied that they could not get him out except through eviction because he was a tenant.

42.     On June 16, 2018 at approximately 3:48 p.m. Defendants' general manager Lauren Scotvold accompanied by city of Montclair peace officer Rod Godoy asked her employee Jasmine Brown the following: "Do you know if Justin, read the letter of termination? (inaudible). I'm actually gonna right now." See *Hollywood Electronic Recording transcript, at p. 14.*

43.     On June 16, 2018 at approximately 3:48 p.m. Defendants' general manager Lauren Scotvold accompanied by city of Montclair peace officer Rod Godoy approached Plaintiff Hollywood and stated the following: ***"So, you have three days, to vacate the unit. You can only do it during office hours. Your lease has been terminated. You have to be off my property by 5 o'clock today. If you are not you will be arrested."*** See *Hollywood Electronic Recording transcript, p. 14.* Hollywood then responded: "You can't terminate my lease." To which city of Montclair police department peace officer Rod Godoy responded: *"They can."* Officer Godoy continued by saying to Plaintiff Hollywood the following: ***"So it's been noticed. So, to make clear. You can move your stuff out during business hours. Which means you have three days to do it. So, you have until 5 o'clock today to move stuff out. By 5 o'clock you have to be off the premises. If you are not they're gonna arrest you.*** *Hollywood Electronic Recording transcript, at p. 15.* Plaintiff Hollywood then responded to city of Montclair police department

Verified Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12101, 12203, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code §§ 51.7, 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Negligent Retention, Gross Negligence, Negligent Intentional Infliction of Emotional Distress, & Conversion
–Page 29 of 192

peace officer Rod Godoy by stating the following: ***And they'll get sued. You can't evict me like that. You have to go through legal process. I'm a tenant.*** See *Hollywood Electronic Recording transcript, at p. 15.*

44.     Defendants' general manager Lauren Scotvold then continued proving a prima facie case for 42 U.S.C. § 1983 by telling Officer Godoy the following: ***"Thank you so much."*** See ***Hollywood*** *Electronic Recording transcript, at p. 15.*

45.     Officer Rod Godoy then continued his joint participation with Public Storage in a civil matter that law enforcement had no business getting involved in but did so nevertheless. Officer Godoy then ask Lauren Scotvold: ***"Just to verify that goes also that the other party as well?"*** See ***Hollywood*** *Electronic Recording transcript, at p. 16.* To which Lauren Scotvold replied: "***All parties, yes."*** Officer Godoy then stated: *"**All parties."*** Lauren Scotvold then replied: ***"No parties can be on the property."***

46.     When Plaintiff Arogant Hollywood asked Officer Godoy what had his fiancée done. Officer Godoy replied: ***"Well, she a part of the…"*** *Hollywood Electronic Recording transcript, at p. 17.*

47.     Officer Godoy continued in his speech to support a prima facie case for constitutional civil rights violations of Plaintiff Fairchild by asking Defendants' general manager Lauren Scotvold. ***"So, who's the one in the wheelchair?"*** Lauren Scotvold then answered: ***"Oh, that's his girlfriend."*** To which Officer Godoy Responded: ***"Well, then she has to get notice too."*** Defendants' general manager then responded to Officer Godoy by stating the following: ***"She needs notice that she is not allowed on the property either."*** See *Hollywood Electronic Recording transcript, at p. 18.*

Verified Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12101, 12203, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code §§ 51.7, 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Negligent Retention, Gross Negligence, Negligent Intentional Infliction of Emotional Distress, & Conversion
-Page 30 of 192

48.     After police had left Defendants' Public Storage facility Arogant Hollywood activated the record button on his Samsung Galaxy Note 8 mobile device and began walking into Defendants' front office. Once Hollywood got inside of Defendants' front office he stated the following: *"I just want to tell you this on camera. You get me arrested. You will be. Not only Public Storage be sued. I'll go after you individually. And it will be* See Hollywood Electronic Recording transcript, at p. 18. Defendants' general manager Lauren Scotvold then told Plaintiff Hollywood to leave her office and her in own words: *"I'm not going to take your threats. Leave my office now."* See *Hollywood Electronic Recording transcript, at p. 21.* Defendants' property manager Lauren Scotvold was careful to not call Plaintiff Hollywood any racial slurs as she knew that Plaintiff was recording her actions as well as his. Before leaving Defendants', rental office Plaintiff Hollywood stated: *Yeah, you can't terminate my lease. You have to go through court through unlawful detainer process. You need to learn the law. Only way you can get me out is unlawful detainer. You can't terminate my lease. It's like an apartment. You can't give me a three-day notice. If you wanna terminate my lease take me to ah, a superior court, unlawful detainer. Otherwise, you're not doing it right. So, your case is going to be a DA reject. I will get arrested and your case will go absolutely nowhere. Did you hear what I said?* Hollywood Electronic Recording transcript, at p. 22.

49.     On June 16, 2018 at approximately 5:14 p.m. city of Montclair police department peace officers Jared Burns, and Rod Godoy returned to Defendants' Public Storage located at 5548 Arrow Highway, Montclair, CA 91764. They were accompanied by newly arriving officers Josh Garabadian, Sean Mackey and Jared Burns. At request of Defendants' general manager Lauren Scotvold Officer Rod Godoy and his accompanying officers physically removed Plaintiff Hollywood from Defendants' Montclair self-storage facility located at 5548 Arrow Highway, Montclair, CA. 91764. City of Montclair police department peace officers also requested that Alison Helen Fairchild leave the premises, trespassed Plaintiff Fairchild, and she therefore left on her own accord, and was not physically removed. However, Plaintiff Fairchild was forced to

Verified Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12101, 12203, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code §§ 51.7, 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Negligent Retention, Gross Negligence, Negligent Intentional Infliction of Emotional Distress, & Conversion
–Page 31 of 192

leave her self-storage spaces' premises located at 5548 Arrow Highway, Montclair, California on June 16, 2018 at approximately 5:25 p.m. This event triggered Alison Helen Fairchild's multiple sclerosis relapse symptoms and Plaintiff Fairchild just days later became very depressed about her mistreatment by Defendants and city of Montclair police department peace officers. It should be noted for future allegations alleged in this lawsuit that the Public Storage tenant, Jasmine Brown, Lauren Scotvold did not report any credible threats of violence or inappropriate behavior made by Arogant Hollywood to the city of Montclair police department responding peace officers on June 16, 2018.

## F.    A QUIET SUNDAY WITH JASMINE BROWN

50.    On June 17, 2018 at approximately 8:00 a.m. Plaintiffs Arogant Hollywood and Alison Helen Fairchild returned to Defendants' self-storage facility located at 5548 Arrow Highway in the city of Montclair, CA. At approximately 10:25 a.m. Plaintiff Hollywood activated his video recorder on his Samsung Galaxy Note 8 phone and walked into the front office. Once in the front office he requested a moving cart from Jasmine Brown and also told her that his gate access code was not working. Defendants' employee Jasmine Brown was unable to provide Plaintiff Hollywood with a working gate access code, but she did however give him a cart. Plaintiff Hollywood spent the rest of his Sunday unloading the twenty-foot U-HAUL truck that his fiancée Alison Helen Fairchild had rented in her name. Plaintiff Hollywood returned the cart to Jasmine Brown and remembers her telling him that after today he would not see her there anymore. Plaintiff Hollywood then continued to unload his U-HAUL truck and place his and his fiancée's personal property into their self-storage units, Spaces # 287 and # 279.

Verified Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12101, 12203, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code §§ 51.7, 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Negligent Retention, Gross Negligence, Negligent Intentional Infliction of Emotional Distress, & Conversion
−Page 32 of 192

**H.      ENTER JUSTIN MILLER, SANDY LAU, & A SECOND TERMINATION NOTICE**

51.     On Monday, June 18, 2018 at approximately Plaintiffs Arogant Hollywood and Alison Helen Fairchild arrived at Defendants' Public Storage facility located at 5548 Arrow Highway in the city of Montclair, CA 91764. Plaintiff Hollywood began unloading Plaintiffs' U-HAUL truck which was rented in the name of Alison Helen Fairchild. Plaintiff Hollywood put personal property inside of both Spaces # 287 and # 279. Plaintiff Hollywood was now about eight hours from completely unloading Plaintiffs' twenty-foot U-HAUL truck.

52.     At approximately 9:15 a.m. Plaintiff Hollywood activated the record button on the camera of his Samsung Galaxy Note 8 and entered Defendants' office. Once inside he requested to speak to the district manager. At first the wrong district manager spoke to Plaintiff Hollywood, but then a second district manager emerged which was a 20 something year-old Caucasian male named Justin Miller. Justin Miller told Arogant Hollywood that he had 72 hours to vacate his self-storage unit because of how aggressive he was with other tenants. Plaintiff Hollywood told Justin Miller the following: *Federal court's real expensive. So, I know you guys are the big honchos. You got, you got big money Public Storage. Ya know, whatever. I have a unit in Seattle. I've had it for eight years. Okay. I've been to many storage units, never been kicked out of a storage unit. Even the one in Carlo Inc. that was for nonpayment for rent. We took them to small claims court we paid the judgment. After we paid the judgment they still tried to sell our stuff. So that's why we sued them. Okay. So, I've never had an issue at any storage unit. This is one lady, one incident. You wanna evict me, you have that right but do it correctly. But you cannot give me a three-day notice and tell me to vacate. That's what you can't do. You cannot terminate my lease, okay. A storage unit is like an apartment. So, I don't know if you called your attorneys. I have rights it's like an apartment. You have to go through the court process. That's the only way you're going to get me out. So, if you keep trying to get me out*

Verified Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12101, 12203, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code §§ 51.7, 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Negligent Retention, Gross Negligence, Negligent Intentional Infliction of Emotional Distress, & Conversion
–Page 33 of 192

*otherwise. I'm going to do the injunction and we'll let the court decide.* See *Hollywood Electronic Recording transcript, at p. 29.* Plaintiff Hollywood continued his conversation by telling Justin Miller that he was discriminating against Plaintiff Fairchild: *Especially, you also blocked the access of my fiancée who authorized on both accounts. You can't do that. She tried to transfer the ownership to herself, you denied that. You can't do that either. So, I, I don't know, ya know. Like I said it appears to me that Public Storage has been sued before, but I don't have an issue with suing you. We can do depositions, look, go, go look at the history of my cases. I got two cases right now where lawyers are running from me. One for false arrest and one for a motel.* *Hollywood Electronic Recording transcript, at p. 30.*

53.     Shortly thereafter Defendants' district manager Justin Miller left Plaintiff Hollywood's presence and returned with his manager Sandy Lau. Sandy Lau introduced herself as Defendants' regional manager. Plaintiff Hollywood then told Sandy Lau the following: *So, like I told him. You guys have this issue you want to evict me. You have the right to evict me but you gotta go through the court. You cannot give me a three-day notice and terminate my access. You have to go through the court. So, under the California Self-Storage Act. You can do a lien on my property, or you can, ah, ah, do a unlawful detainer.* To which Sandy Lau replied: *"That is our legal process so that's what we're going to be following, sir."* When Plaintiff Hollywood replied to Sandy Lau that she would be sued, she started to say that was completely fine, but then caught herself and she realized at that moment that Plaintiff Hollywood was recording her. See *Hollywood Electronic Recording transcript, at p. 32.* Plaintiff Hollywood stated that he was calling law enforcement because Defendants' were blocking his access to the property. Sandy Lau told Plaintiff Hollywood the same as he had been told by Defendants' employees Justin Miller and Lauren Scotvold, that he had 72 hours to vacate his self-storage unit during office hours. At the time Hollywood was in the office Public Storage employees were having a board meeting located in a conference room that was located inside of Defendants retail rental office for customers. The fact that regional manager Sandy Lau, district manager Justin Miller, an

Verified Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§  12101, 12203, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code §§ 51.7, 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Negligent Retention, Gross Negligence, Negligent Intentional Infliction of Emotional Distress, & Conversion
–Page 34 of 192

1  unidentified district manager and property manager Lauren Scotvold all knew about 72 hours

2  vacate proves a prima facie case for Defendants' conspiracy tortious behavior, conduct and

3  actions pursuant to <u>42 U.S.C. §§ 1985 and 1986.</u>

5  54.    After leaving Defendants' front office Plaintiff Hollywood contacted the city of

6  Montclair police department and requested that police provide him with a civil stand-by as

7  Public Storage Inc. had invalidated his gate access code.

9  55.    On June 18, 2018 at approximately 9:45 a.m. in the presence of city of Montclair police

10 department Sergeant Griffin Defendants' employee Justin Miller told Plaintiff Hollywood that

11 he had 72 hours to vacate his storage unit and handed him a card with a new gate access code on

12 it.

14 56.    On June 18, 2018 at approximately 10:30 a.m. Plaintiff Hollywood entered Defendants'

15 front office and walked outside of window of conference room where board meeting was

16 occurring and told Public Storage executives that he was ready to fight with them in court.

18 57.    On June 18, 2018 at approximately 1:25 p.m. Plaintiff Hollywood was inside of his self-

19 storage unit and therefore was not recording on his telephone or IPAD. All sudden Defendants'

20 employee Justin Miller walked by his storage and told Plaintiff Hollywood the following:

21 ***Nigger, if you do not move out of my units I will get a restraining order to remove your black***

22 ***ass!*** This racial bias and animus made Plaintiff Hollywood very upset however he did not

23 respond as he knew that Defendants' employees were looking for a reason to have him arrested

24 and removed from the premises of his two self-storage units.

26 58.    On June 18, 2018 at approximately 2:45 p.m. Plaintiff Hollywood walked into

27 Defendants' front office to use the restroom. After leaving the restroom as Plaintiff Hollywood

Verified Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12101, 12203, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code §§ 51.7, 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Negligent Retention, Gross Negligence, Negligent Intentional Infliction of Emotional Distress, & Conversion
–Page 35 of 192

was leaving out of Defendants' front office he overheard a female Public Storage employee say: ***"You're going to be out of here soon nigger." So, go back to Africa!"*** When Plaintiff Hollywood looked to turn around the unidentified female employee was running towards Defendants' restroom and quickly shut the door behind herself.

59.     On June 18, 2018 at approximately 3:55 p.m. Defendants' district manager Justin Miller and the same unidentified female employee that had just called Plaintiff Hollywood a ***nigger***, conducted a walk-through on the same floor where Plaintiffs' to self-storage units are located. Plaintiff Hollywood waited until they went down the elevator and then activated the camera on his Samsung Galaxy Note 8 mobile phone. Plaintiff Hollywood confronted Justin Miller and told him that his access was the same as everybody else. Defendants' district manager then told Plaintiff Hollywood that his access hours were 9:30 a.m. to 5 p.m.

60.     Shortly, thereafter Justin Miller told Plaintiff Hollywood the following regarding having him arrested on June 18, 2018: ***"Okay, and we will do that if you are on the property."*** See *Hollywood Electronic Recording transcript, at p. 38.*

61.     Angry, frustrated, and fed up with Defendants' racial bias, animus, racial discrimination and disability discrimination of Alison Helen Fairchild. Plaintiff Hollywood returned to Defendants' front office on June 18, 2018 at approximately 4:50 p.m. and had a nearly eleven-minute conversation with Justin Miller. Plaintiff Hollywood vented his displeasure with Defendants' violating his rights and his fiancée's rights by telling district manager Justin Miller the following: ***Man, do what you need to do but understand this you're going to be sued individually. I don't care about Public Storage, you think that they're going to protect you? I will go after you individually. Do you understand that? I will, you will pay me money out of your own paycheck. I guarantee you that. I will make a motion for that in court. To make sure the money comes out of your paycheck. So, keep thinking that Public Storage is going to protect you bro.***

Verified Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12101, 12203, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code §§ 51.7, 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Negligent Retention, Gross Negligence, Negligent Intentional Infliction of Emotional Distress, & Conversion
–Page 36 of 192

*They're not. What you need to do go on Google and look me up. I got five pages of lawsuits in federal court right now. So, I sued plenty of people. I have no issue. I beat life in prison. You don't intimidate me, you don't scare me. Prison doesn't scare me, jail doesn't scare me. I'm a lot smarter than you. Everything you guys doing is illegal. Okay. You can't terminate a lease the way you're doing it. You can keep thinking you can. And thinking that contract means something, but when we go to federal. The only thing that is going to matter is that I'm black and you're white. So, get ready. I'm ready right now, go ahead, call em.* See *Hollywood Electronic Recording transcript, at p. 40.*

62.     Plaintiff Hollywood went on by telling Defendants' district manager Justin Miller that Plaintiffs' U-HAUL truck was going to be completely unloaded by 9 p.m. Plaintiff Hollywood went on to tell Justin Miller that at the end of the day he would out, but it would be after he had sued Defendants. Plaintiff Hollywood told Justin Miller the following that would provide motivation for Defendants' future conspiracies to violate Plaintiffs' civil rights: *The only we going to move out. Is after you sue you. After we sue you, and the case is settled, and you get whatever. But you're not going to get a dismissal. All I got to do is prove that, you're white, I'm black. You're discriminating against me by blocking my access. My fiancée is in a wheelchair. You're don't have a two fifty sign. She can't even get through the door. She can't, the door right there the handicap door, that door is not accessible. You know why? Because it's too heavy for a handicap person. So, I can sue you alone on that and the case will win. So, you know, like I said you do whatever you guys want to do. Right now, you racked up about, five, five separate lawsuits. So just keep going. You'll you'll be at six or seven pretty soon. I can sue you individually. I can sue Lauren individually. I can sue, uh, the district manager, or your regional manager. She said she knew about the rest. I can sue her individually. I can sue Public Storage. I can sue all of your entities. You got about what, five or six entities? I'll sue each one of them individually. I got money to do it. Okay? I got money to do it. I made a thousand dollars day trading today. I got money, to sue. It's four hundred dollars to filing each lawsuit. Okay, so like I*

Verified Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12101, 12203, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code §§ 51.7, 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Negligent Retention, Gross Negligence, Negligent Intentional Infliction of Emotional Distress, & Conversion
-Page 37 of 192

said, we going to be out here, anyways. You know what I'm saying anyways, tomorrow. Okay. So, we'll be out of here by 9 p.m. I'm coming tomorrow to get my stuff and check into a hotel. The only reason we're here. Is cause we're unloading that truck. That's it. We're not homeless, we're not freaking hangin around tweakers like some of the people you have here, okay? I'm going to stay at a nice hotel. Where there's room service, concierge, and and my suits will be ah, sent to the dry cleaners, okay. So, we're not going to be here after today. Ya know. We have a legitimate person of being here. Because, we are moving that truck. We're moving stuff out of that truck. And like, you guys, are are the police are saying. Well you been here all night. Well, cause I'm wearing the same clothes? We're not here all night. Ya know, we we leave at 9 o'clock. Hollywood Electronic Recording transcript, at p. 42.

63.     Plaintiff Hollywood continued by telling Justin Miller that by restricting his access he was racially discriminating against Plaintiff. Again, Justin Miller was being careful not to show any type of racial bias and animus towards Plaintiff Hollywood because he knew that Plaintiff Hollywood was recording him. Plaintiff Hollywood told the Defendants' employee the following: *Well the, the police can do whatever they want. But I'm tell em we have a right to be here to 9 p.m. Now, if the police come at nine o one. Then that's fine. But the problem you have is you're getting other people access. Okay, so how the federal court's looking at it. You're giving white people access but a black person you're telling to leave at six. You're not telling other people to leave at six. You're just telling me to leave at six. Other people are coming and going fine.* See *Hollywood Electronic Recording transcript, at p. 44.*

## I.     LAW ENFORCEMENT RETURN TO 5548 ARROW HIGHWAY FOR THE THIRD CONSECUTIVE DAY REGARDING AROGANT HOLLYWOOD

64.     Defendants' employee Justin Miller called law enforcement on Plaintiffs Arogant Hollywood and Alison Helen Fairchild after Plaintiff Hollywood told him that he would

Verified Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12101, 12203, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code §§ 51.7, 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Negligent Retention, Gross Negligence, Negligent Intentional Infliction of Emotional Distress, & Conversion
–Page 38 of 192

be done unloading his truck by 9 p.m.

65.    On June 18, 2018 at approximately 5:20 p.m. city of Montclair police department peace officers Michael Zerr, Miguel Huerta, and Benjamin Martin arrived at Defendants' self-storage facility located at 5548 Arrow Highway in the city of Montclair, CA. Officer Martin spoke with Plaintiff Hollywood at his storage unit, Space # 279. Officer Martin tried to rush Plaintiff Hollywood and Hollywood argued with him that there were still more things left on the U-HAUL truck. When Martin told Plaintiff Hollywood that he could just return tomorrow then, Plaintiff Hollywood told Officer Martin that he did not want to return to his storage units tomorrow. Officer Miguel Huerta told Officer Martin that they should go see what Defendants' employees wanted to do about the situation.

66.    On June 18, 2018 at approximately 6:00 p.m. Plaintiff Hollywood left his self-storage unit, Space # 287, and walked in Defendants' front office. As Plaintiff Hollywood was walking inside of the office he immediately noticed that city of Montclair police department peace officer Sergeant Michael Zerr was standing at Defendants' retail rental front counter chatting with Justin Miller. Arogant Hollywood then stated the following to Defendants' and law enforcement: *So, here's where we're at. Alison wants to leave, she says go. I want to tell you guys all. And you especially. You're acting under the color of state. Because you are violating our 14th amendment rights and you're using the police to do it. So, you can be sued in federal court under Section 1983. You understand that? So, we'll get the incident number. We're going to wrap this up. Because Alison is ready to go, and pretty much everything is off the truck. Okay. So, you're enforcing a civil issue. This is not criminal, its civil. And you're enforcing the issue that violates my constitutional 14th amendment rights. So, you can be sued along with them. Just so you just so you know, and it's on video. And I self-authenticate this video under federal rules of ah, federal rules of evidence 904. I self-authenticate this video. Today's date is ah, what is, June 17, 2018. We'll be gone in about thirty minutes. Hollywood Electronic Recording transcript, at p. 47.*

Verified Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12101, 12203, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code §§ 51.7, 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Negligent Retention, Gross Negligence, Negligent Intentional Infliction of Emotional Distress, & Conversion
–Page 39 of 192

67.     Based on Plaintiff Hollywood's powerful law speech and warning of legal action against Defendants and their co-conspirators city of Montclair police department. Law enforcement and Justin Miller left Defendants' property at approximately 6:20 p.m. Shortly, thereafter Plaintiff Hollywood walked outside near Defendants' front office and noticed that there were n cars whatsoever in the parking lot, and the lights were out in Defendants' office. It was approximately 7:00 p.m. when Arogant Hollywood walked outside in front of Defendants' Public Storage facility. Plaintiff Hollywood who still had possession of two Public Storage carts, threw them over a ledge area under the stairs inside of the facility and left. Plaintiffs left the facility and walked down the street to a nearby Taco Bell where they ran into one of the city of Montclair police department peace officers who had responded to Defendants' Public Storage just about two hours prior. It should be noted for future allegations alleged in this lawsuit that no Public Storage employee, including Justin Miller, reported any credible threats of violence or inappropriate behavior made by Arogant Hollywood to the city of Montclair police department responding peace officers on June 18, 2018.

## I.     CHERYL KAYLOR ATTEMPTS TO TRANSFER HER LEASE TO ALISON HELEN FAIRCHILD, & PLAINTIFF HOLLYWOOD'S FINAL DAY AT DEFENDANTS' 5548 ARROW HIGHWAY FRONT OFFICE

68.     On June 19, 2018 at approximately 9:52 a.m. with Plaintiff Fairchild recording Plaintiff Hollywood attempted to speak to Defendants' employee Justin Miller regarding transfer of lease of Space # 279 from Cheryl Kaylor to Alison Helen Fairchild. Justin Miller stated that he could only speak to Ms. Kaylor about lease.

69.     On June 19, 2018 at approximately 4:31p.m. Cheryl Kaylor entered the front office of Defendants' front office located at 5548 Arrow Highway, Montclair, CA, while being

Verified Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12101, 12203, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code §§ 51.7, 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Negligent Retention, Gross Negligence, Negligent Intentional Infliction of Emotional Distress, & Conversion
–Page 40 of 192

accompanied by Plaintiff Hollywood. Defendants' employee Justin Miller told Cheryl Kaylor that the only way he could not transfer ownership of her storage to Alison Helen Fairchild. Plaintiff Hollywood then left the front office and returned to his self-storage unit to remove items he planned on taking to his hotel room in Ontario. It should be noted for future allegations alleged in this lawsuit that no Public Storage employee, including Justin Miller reported any credible threats of violence or inappropriate behavior made by Arogant Hollywood to the city of Montclair police department responding peace officers on June 19, 2018.

## J.   PLAINTIFFS RETURN TO PUBLIC STORAGE AFTER HOURS, PLAINTIFF HOLLYWOOD'S ALIBIS

70.   On June 20, 2018 at approximately 6:40 p.m. Plaintiffs returned to their self-storage units to retrieve some of their personal property so that they could take it to their new hotel room. Plaintiff Hollywood was very careful to arrive at Defendants' facility after their front office was closed and all Public Storage employees had gone home. At approximately 7:45 p.m. both Plaintiffs and their driver Cheryl Kaylor left Defendants' self-storage unit. It should be noted that Plaintiffs' gate access code did not work when they tried to enter Defendants' property on June 20, 2018. Rather Plaintiffs were only able to enter the facility using Cheryl Kaylor's gate access code.

71.   On the morning of June 21, 2018 Plaintiff Hollywood was at his new hotel room day trading between 6:30 a.m. and 12:30 p.m. See now Hollywood ***Appendix of Exhibits, Exhibit 1.***

72.   On June 21, 2018 at approximately 12:30 p.m. Cheryl Kaylor picked up Arogant Hollywood and Alison Helen Fairchild and drove them to Plaintiff Fairchild's public auction located at 2300 Purdue St., Los Angeles, CA. See now ***Appendix of Exhibits, Exhibit 2.***

Verified Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12101, 12203, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code §§ 51.7, 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Negligent Retention, Gross Negligence, Negligent Intentional Infliction of Emotional Distress, & Conversion
-Page 41 of 192

73.     Plaintiffs were both present at 2300 Purdue Avenue Public Storage from 2 p.m. to approximately 6:30 p.m. preventing an auction of their unit and then moving their personal belongings into the car of Cheryl Kaylor. At approximately 6:45 p.m. they all left 2300 Purdue Public Storage and headed to the city of South Pasadena, where Plaintiff Hollywood picked up police records that were subpoenaed in case Hollywood v. *Carrows California Family Restaurants Inc.*

74.     After leaving South Pasadena Plaintiffs and Cheryl Kaylor headed to Defendants' Public Storage at 5548 Arrow Highway to place personal property retrieved at 2300 Purdue Avenue into their Montclair self-storage units, Spaces # 279 and # 287. They all arrived at approximately 8:20 p.m. Plaintiffs first tried their gate access codes and their access was denied. Cheryl Kaylor next tried her gate access code and her access was also denied. Plaintiff Hollywood was able to convince a Public Storage tenant to let him through the side gate. Once Plaintiff Hollywood got upstairs to his units he noticed that both of his self-storage units, Spaces # 287 and # 279 were overlocked by Defendants. There was also a copy of Defendants' unconstitutional three-day notice to vacate and lease termination notice taped to Plaintiffs' self-storage units. Plaintiff Hollywood managed to take a video and two photographs as evidence. See now *Appendix of Exhibits, Exhibit 3.*

## K.     DEFENDANTS CONSPIRE, PLAN, HAVE A MEETING OF MINDS TO FURTHER VIOLATE PLAINTIFFS' CIVIL RIGHTS

75.     After Defendants' efforts to remove Plaintiffs swiftly from their self-storage unit failed Defendants came up with new plans to further violate Plaintiffs' civil rights and interfere with Plaintiffs' constitutional 14 amendment real property rights.

76.     On June 27, 2018 Defendants' filed a frivolous and groundless workplace violence

Verified Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12101, 12203, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code §§ 51.7, 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Negligent Retention, Gross Negligence, Negligent Intentional Infliction of Emotional Distress, & Conversion
–Page 42 of 192

restraining order. The purpose of the workplace violence petition was to prevent Plaintiff Hollywood from entering his storage unit so that he could not stop Defendants' from illegally and unconstitutionally selling all Plaintiffs' personal property located at 5548 Arrow Highway. Montclair, CA, Spaces # 279 and # 287. The allegations in Defendants' petition were entirely frivolous and perjurious. Defendants' employee Justin Miller alleged in his declaration, ¶ 4 stated that the following occurred on June 16, 2018: "*Mr. Hollywood began taking pictures of the Public Storage employee car license plates, including Ms. Scotvold's, and making threats.*" As mentioned earlier in ¶ 49 of this civil rights complaint, *supra, the Public Storage tenant, Jasmine Brown, Lauren Scotvold did not report any credible threats of violence or inappropriate behavior made by Arogant Hollywood to the city of Montclair police department responding peace officers on June 16, 2018.*

Defendants' employee Justin Miller next alleged in his declaration, ¶ that on June 18, 2018 the following occurred: *After which point, Mr. Hollywood returned to the property several times every few hours, made more threats to the employees, including threatening to hurt Jasmine Brown and to get her hooked on drugs to become a cam girl. I asked that he get off the property by close of business. Mr. Hollywood refused. I called the police again. The arrived and escorted Mr. Hollywood off the property.*" As mentioned earlier in ¶ 67 of this civil rights complaint, *supra*, no Public Storage employee, including Justin Miller, reported any credible threats of violence or inappropriate behavior made by Arogant Hollywood to the city of Montclair police department responding peace officers on June 18, 2018.

Justin Miller next alleged in his declaration, ¶ 9, that on June 21, 2018 the following occurred: "*On June 21, 2018, Mr. Hollywood threatened to kill Ms. Scotvold because of all the "trouble she was putting him through." Ms. Scotvold was very afraid and believes there to be a credible threat of violence against her. Ms. Scotvold asked to be relocated to a different property of Public Storage. She has been relocated accordingly.* This false accusation was never reported to law enforcement and Plaintiff Hollywood has plenty of evidence, as mentioned above, that most of the day of June 21, 2018 Plaintiff was nowhere near Defendants' 5548

Verified Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12101, 12203, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code §§ 51.7, 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Negligent Retention, Gross Negligence, Negligent Intentional Infliction of Emotional Distress, & Conversion
–Page 43 of 192

Arrow Highway self-storage unit.

77.     To further support the gravemen of Plaintiffs' civil rights complaint pursuant to state tort civil conspiracy, <u>42 U.S.C. § 1985 and 42 U.S.C. § 1986</u>.  ***On page 4 of 6 of Defendants' frivolous workplace violence petition their attorney Ha Nguyen stated the following: Respondent has been served with a 2-day eviction notice from his Public Storage unit. Respondent has failed to move out of his unit. Petitioner is commencing state eviction against the Respondent. Petitioner requests that Respondent be accompanied by the police when he removes his items from storage.*** This statement by Ha Nguyen clarifies that the motivation of Defendants' workplace violence restraining order was to interfere with Plaintiffs' real property rights to 5548 Arrow Highway, Montclair, CA 91864, Spaces # 279 and # 287. A true and correct copy of Defendants' frivolous workplace violence petition and declaration of Justin Miller is attached hereto, ***Appendix of Exhibits, Exhibit 4.***

78.     On June 29, 2018 San Bernardino County superior court Judge Gilbert Ochoa granted Defendants' frivolous, perjurious and groundless workplace violence restraining order. Plaintiffs are unaware of what Defendants' employees Justin Miller and Lauren Scotvold testified to at the hearing and herby reserve their right to amend this civil rights complaint when more evidence is obtained.

79.     Feeling that they were now victorious in using a frivolous workplace violence restraining order to swiftly evict Arogant Hollywood from self-storage units, Defendants sent Plaintiff Hollywood a move -out receipt for his self-storage unit, Space # 287, on June 30, 2018. Just one day after Defendants' had their frivolous workplace violence petition granted by Judge Gilbert Ochoa.

Verified Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12101, 12203, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code §§ 51.7, 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Negligent Retention, Gross Negligence, Negligent Intentional Infliction of Emotional Distress, & Conversion
–Page 44 of 192

**K.    DEFENDANTS' HAD KNOWLEDGE OF THEIR EMPLOYEES'**
**UNCONSTITUTIONAL ACTIONS AND WERE WARNED OF LEGAL ACTION**
**BEING FILED AGAINST THEM IN THE NEAR FUTURE.**

80.    On July 5, 2018 at approximately 12:21 p.m. Plaintiff Hollywood sent an email to Defendant Bradley Wayne Hughes Jr. The emails were sent to his personal and business emails, including: bradleyhughes@gmail.com, bwhughesjr@acermalibu.com, bwhughesjr@gmail.com, and bwhughesjr@sweet-blessing.com. Out of the above listed email addresses only bwhughesjr@sweet-blessing.com did not reach Defendant Bradley. In his email Plaintiff Hollywood accused Defendant Bradley's employees of violating Plaintiffs' civil rights. Plaintiff Hollywood also attached all workplace violence restraining order documents to the email. These workplace violence petition court documents were emailed to Plaintiff Hollywood on June 28, 2018 by Public Storage's attorney Ha Nguyen. A true and correct copy of Plaintiff Hollywood's email is attached hereto, Appendix of Exhibits, Exhibit 6.

81.    Not only was Defendant Bradley aware of his employees' actions. Defendant Bradley was also aware that Plaintiff Hollywood was innocent and had done nothing wrong, yet he still failed to stop his employees' from continuing to violate Plaintiff Hollywood's civil rights. On July 16, 2018 Plaintiff Hollywood emailed Defendant Bradley and attached a thirty-nine-page video transcript that proved allegations made by his employees in their frivolous workplace violence restraining order were false. This email was sent to bradleyhughes@gmail.com, bwhughesjr@acermalibu.com, bwhughesjr@gmail.com, and bwhughesjr@sweet-blessing.com. Out of the above listed email addresses only bwhughesjr@sweet-blessing.com. Out of the above listed email addresses only bwhughesjr@sweet-blessing.com did not reach Defendant Bradley. A true and correct copy of Plaintiff Hollywood's email to Defendant Bradley is attached hereto, Appendix of Exhibits, Exhibit 7.

Verified Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12101, 12203, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code §§ 51.7, 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Negligent Retention, Gross Negligence, Negligent Intentional Infliction of Emotional Distress, & Conversion
-Page 45 of 192

82.     On July 5, 2018 a copy of each workplace violence restraining order document that was filed in state court was shipped through FedEx overnight courier and delivered to the home address of Public Storage Inc. C.E.O. Ronald L. Havner on July 6, 2018. A copy of FedEx shipping and tracking to Ronald Havner is attached hereto, as Appendix of Exhibits, Exhibit 8.

83.     On July 5, 2018 a copy of each workplace violence restraining order document that was filed in state court was shipped through FedEx overnight courier and delivered to the headquarters of Defendants on July 6, 2018. A copy of FedEx shipping and tracking shipped to Defendants is attached hereto, as Appendix of Exhibits, Exhibit 9.

84.     On July 5, 2018 a copy of each workplace violence restraining order document that was filed in state court was shipped through FedEx overnight courier and delivered to Public Storage Corporate Board of Trustee member Tamara Gustavson Hughes. A copy of FedEx shipping and tracking shipped to Tamara G. Hughes is attached hereto, as Appendix of Exhibits, Exhibit 10.

85.     Defendants' headquarters and upper management were also aware of their lower employees conduct. On July 26, 2018 Plaintiff Hollywood legal processor David Luce hand delivered Defendants' a copy of the following documents: Email from Victoria Queensbery, Ha Nguyen Court Call, Notice of Ruling for TRO, Ex-Parte Notice Email, Legal Process for Arogant Hollywood, Petition for Frivolous TRO, Notice of Frivolous TRO, Frivolous Temporary Restraining Order, Response to Frivolous TRO, Proof of Service Blank Form, Respondent's Transcript, Temporary Restraining Order, Notice of Court Hearing and Petition for Workplace violence restraining order. It should be noted here that David Luce is a registered California process server, # 2014059259. As the court will see as this civil rights complaint all Defendants' ignored Plaintiffs' exculpatory evidence and allowed their employees to continue to interfere with both Plaintiffs' constitutional civil rights. A true and correct copy of David Luce's proof of service is attached hereto, *Appendix of Exhibits, Exhibit 11.*

Verified Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12101, 12203, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code §§ 51.7, 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Negligent Retention, Gross Negligence, Negligent Intentional Infliction of Emotional Distress, & Conversion
–Page 46 of 192

86.     On July 13, 2018 Defendants' sent Plaintiff Hollywood an invoice of 304.80, for his self-storage unit located at 5548 Arrow Highway, Montclair, California, Space # 287, Account # 50673620. When Plaintiff Hollywood clicked on the email tab that stated make the payment, he was redirected to Defendants' website and the tab that allowed Public Storage customers to pay online had been removed. A true and correct copy of Defendants' invoiced is attached hereto, *Appendix of Exhibits, Exhibit 12.*

87.     On July 20, 2018 Defendants' sent Plaintiff Hollywood, a notice by email stating that his insurance with Defendant PS Orangeco would terminate if his insurance payment was not paid in full by August 14, 2018 his self-storage unit insurance would be terminated. A true and correct copy of Defendants' notice of insurance termination email is attached hereto, *Appendix of Exhibits, Exhibit 13.*

88.     On Friday, July 31, 2018 Plaintiff Arogant Hollywood contacted Public Storage customer service by dialing 1-800-567-0759. Plaintiff Hollywood was eventually transferred to an employee named Daniel. Daniel told Plaintiff Hollywood that Justin Miller was no longer the district manager of 5548 Arrow Highway, Montclair, California, Daniel confirmed that the new district manager was Rick Jansen. Daniel also told Plaintiff Hollywood that Lauren Scotvold no longer worked at Defendants self-storage facility, 55548 Arrow Highway.

89.     On August 10, 2018 Plaintiff Hollywood visited Defendant PS Orangeco's website, publicstorageauctions.com. Upon doing a check of upcoming auctions in Montclair, CA Plaintiff Hollywood discovered that both of his self-storage units, Spaces # 279 and # 287 were scheduled for auction on September 7, 2018.

90.     On August 14, 2018 Plaintiff Hollywood a copy of his declaration in opposition to lien sale, a screenshot of publicstorageauctions.com listing of his two self-storage units to:

Verified Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12101, 12203, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code §§ 51.7, 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Negligent Retention, Gross Negligence, Negligent Intentional Infliction of Emotional Distress, & Conversion
-Page 47 of 192

lhughes@publicstorage.com, rhavner@publicstorage.com, jrussell@publicstorage.com, ereyes@publicstorage.com, t.gustavson@publicstorage.com, bradleyhughes@gmail.com, bwhughes@acermalibu.com, and bwhughesjr@gmail.com. Plaintiff Hollywood's declaration in opposition to lien sale stated that Plaintiff opposed the lien sale because property owners Public Storage Corporation, Bradley Wayne Hughes, Bradley Wayne Hughes, and Tamara Gustavson Hughes never sent Plaintiff a preliminary lien notice pursuant to California Business & Professions Code § 21704.

91.     Plaintiff Hollywood's declaration in opposition to lien sale stated that Plaintiff opposed the lien sale because Public Storage Corporation, Bradley Wayne Hughes, Bradley Wayne Hughes, and Tamara Gustavson Hughes did not comply with California Business & Professions Code § 21705(b)(1)(A-E) before listing Plaintiff's personal self-storage unit online for a public auction currently scheduled for September 7, 2018 at 12:30 p.m. at 5548 Arrow Highway, Montclair, CA 91764. Plaintiff Hollywood's declaration in opposition to lien sale stated that his declaration in opposition to lien sale was drafted in strict compliance with California Business & Professions Code 21705(b)(2). Plaintiff Hollywood used the drawing tool within his Office 365 Microsoft Word application to digitally sign the declaration in opposition to lien sale on his 4K touchscreen gaming laptop by drawing his signature with his fingers. A true and correct copy of Plaintiff Hollywood's email with declaration in opposition to lien sale PDF attachment is attached hereto, *Appendix of Exhibits, Exhibit 14.* A true and correct copy of Plaintiffs' Hollywood declaration in opposition to lien sale that was emailed to Public Storage executives and majority stockholders Ronald L. Havner, Joseph D. Russel, Edward John Reyes, Lily Yan Hughes, Tamara Gustavson Hughes and Bradley Wayne Hughes Jr. is attached hereto, *Appendix of Exhibits, Exhibit 15.*

92.     On the morning of August 18, 2018 Plaintiff Hollywood checked online at publicstorageauctions.com to see if Defendants had done the right thing by removing his two

Verified Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12101, 12203, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code §§ 51.7, 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Negligent Retention, Gross Negligence, Negligent Intentional Infliction of Emotional Distress, & Conversion
-Page 48 of 192

self-storage units, Spaces # 279 and # 287 from auction. Nope, not a chance, as Plaintiff Hollywood discovered that both of his self-storage units located at 5548 Arrow Highway, Montclair, California, 91764 were still up for auction. This time Plaintiff Hollywood took a screenshot of Defendants' auction advertisement of Plaintiffs' self-storage units. A true and correct copy of the screenshot snapped on Plaintiff's laptop on August 18, 2018 is attached hereto, *Appendix of Exhibits, Exhibit 16.*

93.     On August 20, 2018 Plaintiff Hollywood logged into his Public Storage self-storage account in Woodinville, WA, Space # 8528, Account # 12657307, by going to Defendants' website: publicstorage.com. Upon logging in Plaintiff Hollywood immediately noticed that there was a payment tab, under my payments, and that the website stated: Your payment of $ 93.20 is due. Please pay now. A true and correct copy of the screenshot snapped on Plaintiff's laptop on August 20, 2018 of Defendants' website payment tab is attached hereto, *Appendix of Exhibits, Exhibit 17.*

94.     On August 20, 2018 Plaintiff Hollywood logged into his Public Storage self-storage account in Montclair, WA, Space # 287, Account # 50673620, by going to Defendants' website: publicstorage.com. Upon logging in Plaintiff Hollywood immediately noticed that Defendants had removed the payment tab, under my payments, and that the website stated: Your unit is at Auction. Please visit your property immediately. A true and correct copy of the screenshot snapped on Plaintiff's laptop on August 20, 2018 of Defendants' website showing that they had disabled the orange *"make a payment"* tab on Plaintiff Hollywood Public Storage is attached hereto, *Appendix of Exhibits, Exhibit 18.*

95.     On August 17, 2018 at approximately 11:35 a.m. EST Plaintiff Hollywood contacted Defendants' Public Storage facility located at 290 Southampton St., Boston, MA 02118 by dialing (617) 245-8074. Plaintiff Hollywood spoke to Defendants' employee Joe and gave him

Verified Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§  12101, 12203, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code §§ 51.7, 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Negligent Retention, Gross Negligence, Negligent Intentional Infliction of Emotional Distress, & Conversion
–Page 49 of 192

is account number # 50673620. Joe stated that in two years of working for Public Storage he had never seen an account like this. Joe stated that Plaintiff Hollywood's self-storage unit Space # 287 was up for auction on September 7, 2018. Joe told Plaintiff Hollywood that he thought that it was very odd that Plaintiff Hollywood was not able to make a payment. Joe told Plaintiff Hollywood that even if he came into his storage facility he would not be able to take any form of payment from Plaintiff Hollywood, whether that had of been cash, check, cashier's check or debit/credit card. Joe offered to give Plaintiff Hollywood his district manager's phone number to see if he could help Plaintiff Hollywood. Joe stated that his district manager's name was Devon Ritter.

96.     On August 17, 2018 at approximately 12:45 p.m. EST Plaintiff Hollywood contacted Defendants' Public Storage facility located at 341 NJ-35, Eatontown, NJ 07724 by dialing (732) 479-1341. Plaintiff Hollywood spoke to Defendants' employee Danisha. Danisha told Plaintiff Hollywood that she was the property manager of the facility. After Plaintiff Hollywood gave Danisha his account number (# 50673620.). Plaintiff Hollywood stated that his was in the area and would like to come into Danisha's facility to pay for his self-storage unit since he was unable to pay online. Danisha stated that if Plaintiff Hollywood came into her self-storage facility she would not be able to accept any form of payment from Plaintiff Hollywood.

97.     On August 17, 2018 at approximately 1:35 p.m. EST Plaintiff Hollywood contacted Defendants' Public Storage facility located at 2028 Willow St., Manchester, NH 03103 by dialing (603) 836-0255. Plaintiff Hollywood spoke to Defendants' employee Demi. and gave Demi his account number # 50673620. Demi told Plaintiff Hollywood that she was the facility's property manager. Demi told Plaintiff Hollywood that he had an auction on his self-storage unit, Space # 287 scheduled for September 7, 2018. Demi stated that she could not accept any type of payment if Plaintiff Hollywood came into her self-storage unit to make a payment on his unit, Space # 287.

Verified Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 |42 U.S.C. §§ 12101, 12203, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code §§ 51.7, 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Negligent Retention, Gross Negligence, Negligent Intentional Infliction of Emotional Distress, & Conversion
–Page 50 of 192

98.      On August 18, 2018 at approximately 11:15 a.m. CST Plaintiff Hollywood contacted Defendants' Public Storage facility located at 6425 S. 86th Circle, Omaha, NE 68127 by dialing (402) 241-5868. Plaintiff Hollywood spoke to Defendants' employee Caitlyn and gave Caitlyn his account number # 50673620. Caitlyn told Plaintiff Hollywood that she was the facility's property manager. Caitlyn told Plaintiff Hollywood that he had an auction on his self-storage unit, Space # 287 scheduled for September 7, 2018. Caitlyn stated that she could not accept any type of payment if Plaintiff Hollywood came into her self-storage unit to make a payment on his unit, Space # 287.

99.      On August 18, 2018 at approximately 11:18 a.m. CST Plaintiff Hollywood contacted Defendants' Public Storage facility located at 2420 Haskell Avenue, Dallas, TX 75204 by dialing (460) 804-9023. Plaintiff Hollywood spoke to Defendants' employee Heather. and gave Heather his account number # 50673620. Heather told Plaintiff Hollywood that she was the facility's property manager. Heather told Plaintiff Hollywood that he had an auction on his self-storage unit, Space # 287 scheduled for September 7, 2018. Heather stated that she could not accept any type of payment if Plaintiff Hollywood came into her self-storage unit to make a payment on his unit, Space # 287.

100.     On August 18, 2018 at approximately 12:45 EST Plaintiff Hollywood contacted Defendants' Public Storage facility located at 1693 East Avenue, Rochester, NY 14610 by dialing (585) 866-1826. Plaintiff Hollywood spoke to Defendants' employee Mary. and gave Mary his account number # 50673620. Mary told Plaintiff Hollywood that she was the facility's assistant property manager. Mary told Plaintiff Hollywood that he had an auction on his self-storage unit, Space # 287 scheduled for September 7, 2018. Mary stated that she could not accept any type of payment if Plaintiff Hollywood came into her self-storage unit to make a payment on his unit, Space # 287.

Verified Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12101, 12203, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code §§ 51.7, 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Negligent Retention, Gross Negligence, Negligent Intentional Infliction of Emotional Distress, & Conversion
–Page 51 of 192

101.    On August 18, 2018 at approximately 2:00 p.m. PST Plaintiff Hollywood contacted Defendants' Public Storage facility located at 3851 E. Charleston Blvd., Las Vegas, NV 89104 by dialing (702) 727-3442. Plaintiff Hollywood spoke to Defendants' employee Heather. and gave Heather his account number # 50673620. Heather told Plaintiff Hollywood that she was the facility's property manager. Heather told Plaintiff Hollywood that he had an auction on his self-storage unit, Space # 287 scheduled for September 7, 2018. Mary stated that she could not accept any type of payment if Plaintiff Hollywood until she has spoken to his property manager at 5548 Arrow Highway, Montclair, CA. Heather stated she would call Plaintiff Hollywood back after speaking to his self-storage property location.

102.    At approximately 2:20 p.m. PST Defendants' Las Vegas property manager Heather called Plaintiff Hollywood back on his mobile phone at (323) 200-4449. Heather stated that after speaking to the 5548 Arrow Highway location she could not accept any type of payment from Plaintiff Hollywood. When Plaintiff Hollywood asked Heather why she could not accept payment she replied to Plaintiff by saying the following: ***"You know why."***

103.    On August 20, 2018 at approximately 2:25 p.m. Plaintiff Arogant Hollywood contacted the San Bernardino superior court's main number of (909) 350-9322. Next Plaintiff Hollywood press the button on his phone dial pad so that he could be transferred to the Small Claims/Landlord Tenant court clerk's office in Fontana, CA 92335. The Fontana Superior courthouse is located at 17780 Arrow Blvd., Fontana, CA. The Fontana courthouse has jurisdiction over any city of Montclair small claims cases. The Fontana courthouse also has jurisdiction over any landlord/tenant disputes and state court eviction proceedings. Plaintiff Hollywood was transferred to a San Bernardino civil court clerk. Plaintiff Hollywood asked for the clerk's name, the clerk stated that he name was Precious. Plaintiff Hollywood then requested that Precious check the database for any unlawful detainers for Plaintiff Hollywood. Precious said that she only found one unlawful detainer action under Arogant Hollywood and the Plaintiff party was

Verified Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§  12101, 12203, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code §§ 51.7, 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Negligent Retention, Gross Negligence, Negligent Intentional Infliction of Emotional Distress, & Conversion
-Page 52 of 192

Public Storage corporation. Next Plaintiff Hollywood requested that Precious search to see if there were any small claim actions filed against him. Precious said after searching the court's database she could not find any small claims cases filed against Plaintiff Hollywood. Plaintiff Hollywood then asked for Precious' last name, but she refused to give it to Plaintiff Hollywood. Plaintiff Hollywood then requested to speak to her supervisor. Precious stated that she would need a call back number in case the phone was disconnected. Precious accidentally hung up the phone on Plaintiff Hollywood.

104.    On August 20, 2018 Plaintiff Hollywood received a telephone call from (909) 320-5229. When he answered the telephone, the woman said how could she help Plaintiff. Plaintiff Hollywood stated that she wanted to speak to the supervisor because Precious refused to give out her last name. The female supervisor stated that it was at the discretion of the clerk to give out their last name. Plaintiff Hollywood then asked for the female supervisor's full name. The female supervisor stated that she did not feel comfortable giving out her full name but would do so anyways. The female supervisor stated that he full name was Karla Cuevas (pronounced *KWAY*-vahss). Plaintiff Hollywood asked Ms. Cuevas if her court (Fontana Superior Court) was the court that had jurisdiction over city of Montclair evictions and small claims, and Ms. Cuevas stated that her court handled both. Plaintiff Hollywood asked Ms. Cuevas if she could search under his name to see if there were any small claims actions filed against him. After searching the court's database Ms. Cuevas stated that she found no records of any small claim actions filed against Arogant Hollywood. Plaintiff Hollywood next asked Ms. Cuevas if she could check the court's database for any pending unlawful detainer actions filed against him. Ms. Cuevas stated that she found one for 2200 Ontario LLC. but nothing else. Plaintiff Hollywood next asked Ms. Cuevas if she could check the small claims and unlawful detainer court database to see if there were any lawsuits filed by Public Storage Corporation. Karla Cuevas stated that she did not find any lawsuits for Public Storage in her database.

Verified Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12101, 12203, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code §§ 51.7, 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Negligent Retention, Gross Negligence, Negligent Intentional Infliction of Emotional Distress, & Conversion
–Page 53 of 192

## L.   DEFENDANTS' EMPLOYEES TESTIFY AGAINST PLAINTIFF HOLLYWOOD

105.   On August 9, 2018 Defendants' former or current employees Justin Miller and Lauren Scotvold were present in court for their permanent workplace violence restraining order trial. At the trial Judge Gilbert Ocha conspired with Defendants by refusing to allow Plaintiff Hollywood to have city of Montclair police department peace officer Rod Godoy testify. At the trial Judge Gilbert Ocha conspired with Defendants by refusing to allow Plaintiff Hollywood to cross-examine, legally argue his case, and even show his seven videos that prove his innocence. It should be noted that Plaintiff's fight with workplace violence restraining order is ongoing as Plaintiff Hollywood plans to file a motion for new trial, peremptory challenge and writ of mandamus in the Fourth District of state court of appeals.

106.   At the hearing Defendants' witnesses did not testify to any of the many false allegations alleged in their petition. Lauren Scotvold only testified to hearsay that a male Public Storage tenant told her that Hollywood had threatened to harm her if she did not become a webcam girl. Defendants' alleged in their petition that Plaintiff Hollywood told Justin Miller on June 18, 2018 that Plaintiff Hollywood would harm Jasmine Brown and get her hooked-on drugs to become a cam girl. See Miller Decl at ¶ 5, *Id.*   The allegations that Arogant Hollywood stated that he would kill Lauren Scotvold were not testified to. Also, Justin Miller committed perjury in front of the court by stating that Arogant Hollywood stated that he would make him pay by physically hurt him. This was deliberate perjury, see Hollywood Transcript, pp. 40, in which Plaintiff Hollywood tells Justin Miller the following: ***Man, do what you need to do but understand this you're going to be sued individually. I don't care about Public Storage, you think that they're going to protect you? I will go after you individually. Do you understand that? I will, you will pay me money out of your own paycheck. I guarantee you that. I will make a motion for that in court. To make sure the money comes out of your paycheck. So, keep thinking that Public Storage is going to protect you bro. They're not. What you need to do go on Google and look me up. I got***

Verified Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12101, 12203, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code §§ 51.7, 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Negligent Retention, Gross Negligence, Negligent Intentional Infliction of Emotional Distress, & Conversion
–Page 54 of 192

*five pages of lawsuits in federal court right now.*

At the hearing when Arogant Hollywood called city of Montclair police department Sergeant Michael Zerr to testify in his defense as to whether Justin Miller told him on June 18, 2018 that Arogant Hollywood had made any criminal threats, Sergeant Zerr stated that he did not speak to Justin Miller on June 18, 2018. Michael Zerr committed perjury as Plaintiffs' have evidence that shows Michael Zerr standing very close to Justin Miller at Defendants 5548 front office's retail customer counter. See now Exhibit 19. Michael Zerr's unwillingness to tell the truth so that he could help Public Storage Inc. win their frivolous workplace violence restraining order. The actions of peace officer Michael Zerr prove a prima facie case for Defendants' joint participation with law enforcement, acting under the color of state law.

107.    Defendants' are facing additional legal action in a separate lawsuit for their abuse of process, conspiring with a judge while acting under the color of state law, perjury and many other claims for relief. The basis of Plaintiffs' alleging allegations of Defendants' frivolous workplace violence restraining order is only to show the court that the gravemen of Plaintiffs' civil rights complaint is formed around Defendants' obtaining a workplace violence restraining order to interfere with Plaintiffs Arogant Hollywood and Alison Helen Fairchild's constitutional 14th amendment property rights.

**FIRST CLAIM FOR RELIEF---RETALIATION, INTIMIDATION, THREATS, AND INTERFERENCE IN VIOLATION OF THE AMERICAN WITH DISABILITIES ACT, 42 U.S.C. § 12203 ALLEGED BY ALISON HELEN FAIRCHILD AS AGAINST DEFENDANTS PUBLIC STORAGE INC., PUBLIC PROPERTIES XV, PS ORANGECO HOLDINGS, INC. & DOES 1-10.**

108.    Plaintiff Alison Helen Fairchild reincorporates by reference each and every allegation stated in paragraphs 1-107 above.

Verified Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12101, 12203, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code §§ 51.7, 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Negligent Retention, Gross Negligence, Negligent Intentional Infliction of Emotional Distress, & Conversion
–Page 55 of 192

109.    At all relevant times Defendants acted under the color of state law.

110.    At all relevant times Defendants were involved with the evil actions of conspiring to wrongly remove a disabled Alison Helen Fairchild from her Public Storage self-storage premises and self-storage units, Spaces # 279 and # 287.

111.    At all relevant times stated throughout this lawsuit Plaintiff Alison Helen Fairchild's self-storage units were only if default because Defendants refused to accept rental payments and blocked Plaintiff Fairchild from making such payments.

112.    Plaintiff Alison Helen Fairchild has no adequate remedy at law in that damages are insufficient to protect the public and herself for the present harm caused by conditions described in this civil rights complaint.

113.    Plaintiff Alison Helen Fairchild is disabled within the means of ADA, ambulatory and unable to walk whatsoever.

114.    Plaintiff Alison Helen Fairchild engaged in conduct protected by the ADA, including but not necessarily limited to requesting reasonable accommodations from Defendants.

115.    42 U.S.C. § 12203(a) prohibits retaliation against any individual because the person opposed any act or practice made unlawful by the ADA. 42 U.S.C. § 12203(b) further provides that "[i]t shall be unlawful to coerce, intimidate, threaten, or interfere with any individual in the exercise or enjoyment of, or on account of his or her having exercise or enjoyed… any right granted or protected by this Chapter."

Verified Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12101, 12203, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code §§ 51.7, 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Negligent Retention, Gross Negligence, Negligent Intentional Infliction of Emotional Distress, & Conversion
-Page 56 of 192

116.   Defendants Public Storage, PS Orangeco and PS Properties violated U.S.C. § 12203 by its interference with the ADA rights of an ambulatory Alison Helen Fairchild by conspiring to forcefully remove Plaintiff Fairchild from her self-storage premises located at 5548 Arrow Highway, Spaces # 279 and # 287, Montclair, CA, 91763, and which would have caused Plaintiff Fairchild to not have access to her personal property.

117.   Defendants Public Storage, PS Orangeco and PS Properties violated U.S.C. § 12203 by its interference with the ADA rights of an ambulatory Alison Helen Fairchild by forcefully removing Plaintiff Fairchild from her self-storage premises located at 5548 Arrow Highway, Spaces # 279 and # 287, Montclair, CA, 91763, and which caused Plaintiff Fairchild to not have access to her personal property.

118.   Defendants Public Storage, PS Orangeco and PS Properties violated U.S.C. § 12203 by its conduct, including but not necessarily limited to, having Plaintiff Alison Helen Fairchild removed from her 5548 Arrow Highway self-storage premises and self-storage units, Spaces # 279 and # 287 by city of Montclair police department peace officers, by conspiring to enter her self-storage units and allow auction buyers to take all Plaintiff Fairchild's personal belongings and empty out her self-storage units, Spaces # 279 and # 287. By blocking Plaintiff Fairchild from making rental payments for her two self-storage units. By refusing to accept rental payments for Plaintiff's two self-storage units, Spaces # 279 and # 287.

119.   Defendants Public Storage, PS Orangeco and PS Properties U.S.C. § 12203 by conspiring and threatening to use unlawful self-help tactics that included law enforcement assisting them with Plaintiff's forced removal, criminal trespass, expulsion, blocked access her self-storage units on June 16, 2018.

120.   Defendant Public Storage, Defendant PS Orangeco and Defendant PS Properties violated

Verified Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12101, 12203, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code §§ 51.7, 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Negligent Retention, Gross Negligence, Negligent Intentional Infliction of Emotional Distress, & Conversion
–Page 57 of 192

U.S.C. § 12203 by conspiring to use unlawful self-help tactics that included law enforcement using deadly force to trespass Plaintiff Fairchild from her 5548 Arrow Highway, Montclair, CA self-storage premises.

121.    As a direct and proximate result of Defendants' violation of 42 U.S.C. § 12203, Plaintiff Alison Helen Fairchild has suffered and continues to suffer emotional distress, multiple sclerosis relapses, depression, panic attacks, anxiety, insomnia, a complete disruption of her life and other damages in an amount to be determined according to proof at the time of trial.

122.    As a direct and proximate result of Defendants' violation of 42 U.S.C. § 12203, Plaintiff Alison Helen Fairchild has suffered and continues to suffer tightness in her chest, and heart palpitations.

123.    As a direct and proximate result of Defendants' violation of 42 U.S.C. § 12203, Plaintiff Alison Helen Fairchild has suffered and continues to suffer emotional distress, and other damages in an amount to be determined according to proof at the time of trial.

124.    **WHEREFORE,** Plaintiff Alison Helen Fairchild demands judgment against Defendants Public Storage, PS Orangeco and PS Properties on the first claim for relief of the Plaintiff Alison Helen Fairchild complaint in the amount that will justly compensate Ms. Fairchild for her damages, together with costs and attorneys' fees in this action.

**SECOND CLAIM FOR RELIEF---FOR DENIAL OF ACCESS TO FULL AND EQUAL ACCOMMODATIONS, ADVANTAGES, FACILITIES, PRIVILEGES AND/OR SERVICES IN VIOLATION OF CALIFORNIA CIVIL CODE § 51, ET SEQ (THE UNRUH CIVIL RIGHTS ACT) ALLEGED BY ALISON HELEN FAIRCHILD AS AGAINST DEFENDANTS PUBLIC STORAGE INC., PUBLIC STORAGE**

Verified Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12101, 12203, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code §§ 51.7, 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Negligent Retention, Gross Negligence, Negligent Intentional Infliction of Emotional Distress, & Conversion
-Page 58 of 192

**PROPERTIES XV, PS ORANGECO HOLDINGS INC., BRADLEY WAYNE HUGHES & DOES 1-10.**

125.    Plaintiff Alison Helen Fairchild re-allege and incorporate by reference, as if fully set forth again herein, the allegations contained in paragraphs 1-124 of this federal civil rights complaint.

126.    Plaintiff **ALISON HELEN FAIRCHILD** was a Public Storage non-tenant owner entitled to possessory real property rights under the United States Constitution at Defendants' 5548 Arrow Highway, Montclair, CA self-storage facility on June 16, 2018 and continuing to this very day.

127.    Plaintiff **ALISON HELEN FAIRCHILD** was a non-tenant owner of Defendants' 5548 Arrow Highway self-storage facility, entitled to her right to pay her self-storage unit rent and continue to have commercial, non-residential occupy at Defendants' Montclair Public Storage location before, on and after June 16, 2018.

128.    At all relevant times Defendants acted under the color of state law.

129.    At no time state herein and throughout this civil rights complaint did Alison Helen Fairchild engage in any wrongdoing or was the subject of any complaint by Defendants' 5548 Arrow Highway, Montclair, CA Public Storage management, employees, guests, prospective tenants, business tenants and personal use tenants. In this civil rights complaint, Plaintiff Fairchild is a complete innocent bystander.

Verified Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12101, 12203, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code §§ 51.7, 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Negligent Retention, Gross Negligence, Negligent Intentional Infliction of Emotional Distress, & Conversion
–Page 59 of 192

130.    At all relevant times Defendants Public Storage, PS Orangeco, Bradley, and PS Properties were involved with the evil actions of conspiring to wrongly remove a disabled Alison Helen Fairchild from her self-storage premises.

131.    At all relevant times Defendants Public Storage, PS Orangeco, Bradley, and PS Properties were involved with the evil actions of conspiring to wrongly remove a disabled Alison Helen Fairchild's personal property for her two self-storage units, Spaces # 279 and # 287.

132.    At all relevant times stated throughout this lawsuit Plaintiff Alison Helen Fairchild's two self-storage units, Spaces # 279 and # 287 were both paid up in full at the time of Defendants' planned, conspired and acted unlawful removal of Plaintiff Fairchild from her real property located at 5548 Arrow Highway, Montclair, CA.

133.    At all relevant times stated throughout this lawsuit Plaintiff Alison Helen Fairchild's two self-storage units, Spaces # 279 and # 287 were both paid up in full at the time of Defendants' illegal and unconstitutional overlock of her self-storage units on June 21, 2018.

134.    Defendant's actions, omissions and failure to act as a reasonable and prudent public accommodation in identifying, removing and/or creating, policies, practices and/or procedures violates § 51 of the Civil Code, the Unruh Civil Rights Act. The Unruh Act provides:
This section shall be known, and may be cited, as the Unruh Civil Rights Act.
All persons within the jurisdiction of this state are free and equal, and no matter what their sex, race, color, religion, ancestry, national origin, or disability are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever.

Verified Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12101, 12203, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code §§ 51.7, 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Negligent Retention, Gross Negligence, Negligent Intentional Infliction of Emotional Distress, & Conversion
–Page 60 of 192

This section shall not be construed to confer any right or privilege on a person that is conditioned or limited by law or that is applicable alike to persons of every sex, color, race, religion, ancestry, national origin, or disability.

135.   Defendants' actions and omissions and failure to act as a reasonable and prudent public accommodation by creating unlawful and illegal policies, practices and/or procedures that resulted in a planned and conspired unconstitutional public auction of Plaintiffs' self-storage unit on September 7, 2018, and Defendants failed to accommodate Plaintiff Fairchild for her reasonable accommodations, that included but were not limited to: her 14th amendment property rights, and Defendants conspired, to have Plaintiff Fairchild removed from her real property by law enforcement, and actually did have her removed, without cause of legal justification, violating § 51 of the Civil Code, the Unruh Civil Rights Act. The Unruh Act provides:

136.   Defendants' actions and omissions and failure to act as a reasonable and prudent public accommodation by creating unlawful and illegal policies, practices and/or procedures that resulted in Defendants blocking Plaintiff Fairchild from paying her self-storage rent.

137.   Defendants' actions and omissions and failure to act as a reasonable and prudent public accommodation by creating unlawful and illegal policies, practices and/or procedures that resulted in Defendants revoking her gate code access to Defendants' property.

138.   Defendants' actions and omissions and failure to act as a reasonable and prudent public accommodation by creating unlawful and illegal policies, practices and/or procedures that resulted in Defendants conspiring with city of Montclair police department to trespass Plaintiff Hollywood from the premises where both of her self-storage units are located, Spaces # 279 and # 287.

Verified Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§  12101, 12203, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code §§ 51.7, 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Negligent Retention, Gross Negligence, Negligent Intentional Infliction of Emotional Distress, & Conversion
-Page 61 of 192

This section shall be known, and may be cited, as the Unruh Civil Rights Act.

All persons within the jurisdiction of this state are free and equal, and no matter what their sex, race, color, religion, ancestry, national origin, or disability are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever.

139.    The acts and omissions of defendants stated herein are discriminatory in nature and in violation of Civil Code § 51.5:

No business establishment of any kind whatsoever shall discriminate against, boycott or blacklist, refuse to buy from, sell to, or trade with any person in the state because of the race, creed, religion, color, national origin, sex, or disability of the person or of the person's partners, members, stockholders, directors, officers, managers, superintendents, agents, employees, business associates, suppliers, or customers.

As used in this section, "person" includes any person, firm association, organization, partnership, business trust, corporation, limited liability company, or company.

140.    Civil Code Section 51, et seq., also known as the Unruth Act, provides that all persons in the state are entitled to the "full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever," regardless of disability.

141.    Plaintiff Alison Fairchild hereby alleges that the aforementioned conduct of Defendants, and each of them, denied, aided, or incited in a denial of, discriminated or made a distinction that denied Plaintiff Fairchild full and equal advantages, privileges, and services to Plaintiff, solely upon Plaintiff's disability, and therefore constituted a violation of the Unruh Act.

142.    Defendants' actions and omissions as specified had denied to Plaintiff Alison Helen Fairchild full and equal accommodations, advantages, facilities, privileges and services in a

Verified Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12101, 12203, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code §§ 51.7, 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Negligent Retention, Gross Negligence, Negligent Intentional Infliction of Emotional Distress, & Conversion
–Page 62 of 192

business establishment, on the basis of physical disability, in violation of Civil Code §§ 51 and 51.5, the Unruh Civil Rights Act. Furthermore, pursuant to the 1992 amendment to California Civil Code § 51, "A violation of the right of any individual under the Americans with Disability Act of 1990 (Public Law 101-336) shall also constitute a violation of this section". Plaintiff Alison Helen Fairchild accordingly incorporate the entirety of her above cause of action for violation of the Americans with Disability Act at PP34, et seq., as if re-pled herein.

143.   As a legal result of the violation of Plaintiff Alison Helen Fairchild's civil rights as herein above described, Plaintiff Alison Helen Fairchild has suffered general damages, bodily injury, mental anguish, depression, insomnia, panic attacks, heart palpitations, tightness in chest, relapsing multiple sclerosis attacks on her physical body, humiliation, embarrassment, physical injury, a complete disruption of her life, and severe emotional distress (all to plaintiff's damage according to proof and incurred reasonable attorneys' fees and costs). Plaintiff Alison Helen Fairchild is entitled to the rights and remedies of § 52(a) of the Civil Code, including trebling of actual damages (defined by § 52(h) of the Civil Code to mean "special and general damages"), as well as to reasonable attorneys' fees and costs, as is allowed by statute, according to proof if deemed to be the prevailing party.

144.   Plaintiff Fairchild is further informed and believes, and based thereon alleges, that Defendants, and each of the, acted and continue to act, with full knowledge of the consequences and damage being caused to Plaintiff, by Defendants' actions, and Defendants' actions were, and are, willful, intentional, deliberate, negligent, oppressive, and malicious. Accordingly, Plaintiff is entitled to punitive damages against Defendants, and each of them, in a sum according to proof at trial.

145.   **WHEREFORE,** Plaintiff Alison Helen Fairchild demands judgment against Defendants Public Storage Inc., PS Orangeco Holdings, Inc., Bradley Wayne Hughes Jr., and PS Properties

Verified Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12101, 12203, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code §§ 51.7, 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Negligent Retention, Gross Negligence, Negligent Intentional Infliction of Emotional Distress, & Conversion
–Page 63 of 192

XV, Inc. and DOES 1-10 on the second claim for relief of the Plaintiff's complaint in the amount that will justly compensate Ms. Fairchild for her damages, together with costs and attorneys' fees in this action.

**THIRD CLAIM FOR RELIEF---VIOLATION OF 42 U.S.C. § 12101 ET SEQ.), DENIAL OF EQUAL ACCESS---ALLEGED BY ALISON HELEN FAIRCHILD AS AGAINST DEFENDANTS PUBLIC STORAGE, INC., PUBLIC STORAGE PROPERTIES XV, INC., PS ORANGECO HOLDINGS, INC., & DOES 1-10.**

146.    Plaintiff Alison Helen Fairchild hereby incorporates all other paragraphs of this civil rights complaint for damages as if fully set forth herein.

147.    Plaintiff **ALISON HELEN FAIRCHILD** was a non-tenant owner of Defendants' 5548 Arrow Highway self-storage facility, entitled to her right to pay her self-storage unit rent and continue to have commercial, non-residential occupy at Defendants' Montclair Public Storage location before, on and after June 16, 2018.

148.    At all relevant times Defendants acted under the color of state law.

149.    At no time state herein and throughout this civil rights complaint did Alison Helen Fairchild engage in any wrongdoing or was the subject of any complaint by Defendants' 5548 Arrow Highway, Montclair, CA Public Storage management, employees, guests, prospective tenants, business tenants and personal use tenants. In this civil rights complaint, Plaintiff Fairchild is a complete innocent bystander.

150.    At all relevant times Defendants Public Storage, PS Orangeco, and PS Properties were involved with the evil actions of conspiring to wrongly remove a disabled Alison Helen

Verified Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12101, 12203, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code §§ 51.7, 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Negligent Retention, Gross Negligence, Negligent Intentional Infliction of Emotional Distress, & Conversion
–Page 64 of 192

Fairchild from her self-storage premises.

151.    At all relevant times Defendants Public Storage, PS Orangeco, Bradley, and PS Properties were involved with the evil actions of conspiring to wrongly remove a disabled Alison Helen Fairchild's personal property for her two self-storage units, Spaces # 279 and # 287.

152.    At all relevant times stated throughout this lawsuit Plaintiff Alison Helen Fairchild's two self-storage units, Spaces # 279 and # 287 were both paid up in full at the time of Defendants' planned, conspired and acted unlawful removal of Plaintiff Fairchild from her real property located at 5548 Arrow Highway, Montclair, CA.

153.    At all relevant times stated throughout this lawsuit Plaintiff Alison Helen Fairchild's two self-storage units, Spaces # 279 and # 287 were both paid up in full at the time of Defendants' illegal and unconstitutional overlock of her self-storage units on June 21, 2018.

154.    At all relevant times, Defendants' supervisors, employees, property managers, district managers, agents, affiliates, and regional managers were employed by Defendants Public Storage, PS Orangeco, and PS Properties and were fully involved with the interest of having Alison Helen Fairchild discriminated against and denied ADA accommodations.

155.    The American Disabilities Act of 1990 is a sweeping civil rights law designed to "provide a clear and comprehensive national mandate for the elimination of discrimination against person with disabilities." 42 U.S.C. § 12101 (b)(1). In passing the ADA, Congress expressly found:

*Unlike individuals who have experienced discrimination on the basis of race, color, sex,*
*national origin, religion, or age, individuals who have experienced discrimination on the basis*

Verified Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12101, 12203, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code §§ 51.7, 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Negligent Retention, Gross Negligence, Negligent Intentional Infliction of Emotional Distress, & Conversion
–Page 65 of 192

*of disability have often had no legal recourse to redress such discrimination.*

42 U.S.C. § 12101 (a)(4). Congress enacted the ADA in light of its findings that "individuals with disabilities continually encounter various forms of discrimination, including outright intentional exclusion, the discriminatory effects of architectural, transportation, and communication barriers, overprotective rules and policies, failure to make modifications to existing facilities and practices, exclusionary qualification standards and criteria, segregation, and relegation to lesser services, programs, activities, benefits, jobs, or other opportunities. "42 U.SC. § 12101 (a)(5). Further,

Congress stated that a primary purpose of the ADA is "to provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities. "42 U.S.C. § 12101 (b)(2).

156.    A key enforcement mechanism is the statute's private right of action allowing individuals to sue for injunctive and declaratory relief. For private suits, title III of the ADA adopts the "remedies and procedures" set forth in title II of the 1964 Civil Rights Act, 42 U.S.C. § 2000a-3(a). Title II provides: "[w]henever any person has engaged or there are reasonable grounds to believe that any person is about to engage in any act or practice prohibited by section 2000a-2 of this title, a civil action for preventive relief, including an application for a[n]..injunction… may be instituted by the person aggrieved[.] "42 U.S.C. § 2000a-3(a).

157.    To succeed as a matter of law under Title III of the ADA, Plaintiff Alison Helen Fairchild must prove that:

   a. Defendants Public Storage, PS Orangeco, and PS Properties owns or operates a place
       of public accommodations;

   b. Alison Helen Fairchild, the aggrieved individual, is an individual with a disability; and

   c. Defendants' accommodations discriminated against Plaintiff Alison Helen Fairchild
       based on her disability.

Verified Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12101, 12203, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code §§ 51.7, 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Negligent Retention, Gross Negligence, Negligent Intentional Infliction of Emotional Distress, & Conversion
−Page 66 of 192

42 U.S.C. § 12182(a) & 42 U.S.C. § 12182(b).

158.    Defendants own and operate Public Storage Inc. location 5548 Arrow Highway, Montclair, CA, 91764, at which Plaintiff Alison Helen Fairchild attempted to gain reasonable accommodations on several occasions, and which are the subject of this lawsuit, is a public accommodation as the operation of such entity affects commerce and because Defendants' 5548 Arrow Highway, Montclair, CA Public Storage location is a bakery, grocery store, clothing store, hardware store, shopping center, or other sales or rental establishment , 42 U.S.C. § 12181 (7)(E)

159.    To address this broad range of discrimination in the context of public accommodations, Congress enacted Title III, which provides in part:

*No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodations by any person who owns, leases (or leases to), or operates a place of public accommodation by any person who owns, leases (or leases to), operates a place of accommodation.*

160.    42 U.S.C. § 12182. By its clear text, Title III requires a public accommodation to provide individuals with disabilities more than simple physical access to the accommodation's facilities. Congress recognized that "individuals with disabilities more than simple physical access, but also other forms of exclusion and "relegation to lesser services, programs, activities, benefits, jobs, or other opportunities." 42 U.S.C. § 12101 (a)(5) (emphasis added); see Also H.R. Rep. No. 485, Pt. 2, 101st Cong., 2d Sess. 54 (1990) ("lack of physical access to facilities" was only one of several "major areas of discrimination that need to be addressed"); H.R. Rep. No. 485, Pt. 3, 101st Cong., 2d Sess. 54 (1990) ("It is not sufficient to only make facilities accessible and usable, this title prohibits, as well, discrimination in the provision of programs

Verified Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12101, 12203, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code §§ 51.7, 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Negligent Retention, Gross Negligence, Negligent Intentional Infliction of Emotional Distress, & Conversion
-Page 67 of 192

and activities conducted by the public accommodation.")

161.    For that reason, the Act applies not only to barriers to physical access to business locations, but also to any policy, practice, or procedure that operates to deprive or diminish disabled individuals' full and equal enjoyment of the privileges and services offered by the public accommodation to the public at large. 42 U.S.C. § 12182. Thus, a public accommodation may not have a policy that specifically excludes individuals with disabilities from services. 42 U.S.C. § 12182 (B)(1)(a)(I). The statute also defines "discrimination" as including:

*the imposition or application of eligibility criteria that screen out or ten to screen out an individual with a disability...from fully and equally enjoying any goods, services, facilities, privileges, advantages, or accommodations, unless such criteria can be shown to be necessary for the provision of the goods, services, facilities, privileges, advantages, or accommodations being offered.*

42 U.S.C. § 12182 (b)(2)(A)(i). The commentary to the implementing regulations explains that this provision "makes it discriminatory to impose policies or criteria that, while not creating a direct bar to individuals with disabilities, indirectly prevent or limit their ability to participate. "28 C.F.R. Pt. 36, App. B, p. 641 (commentary to 28 C.F.R. Pt. 36.301).

162.    A public accommodation also may not refuse to make reasonable modifications to a policy or practice that has the consequences of denying such individuals access to its services unless making a reasonable modification to that policy would fundamentally alter the nature of the services. 42 U.S.C. § 12182(b)(2)(A)(ii).

163.    Because Defendants operate a place of public accommodation, they may not discriminate against individuals with disabilities "in the full and equal enjoyment" of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation as Defendants own, lease, lease to, or operate a place of public accommodation in violation of the

Verified Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12101, 12203, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code §§ 51.7, 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Negligent Retention, Gross Negligence, Negligent Intentional Infliction of Emotional Distress, & Conversion
–Page 68 of 192

ADA.  This means, among other things, that Defendants generally may not impose or apply unnecessary "eligibility criteria that screen out or tend to screen out an individual with a disability" from having access to her self-storage units, and then be forced to leave off the premises of her self-storage units because of illegal and unconstitutional corporate Public Storage facility policies, actions, omissions and conduct, and because of her fiancé and caretaker exercising his first amendment rights to freedom of speech.  42 U.S.C. § 12182(b)(2)(A)(i).

164.    Defendants must make reasonable modification in policies, practices, or procedures, when such modifications are necessary to afford such services [or] privileges…to individuals with disabilities" unless doing so would fundamentally alter the nature of the goods, services, facilities, privileges, advantages, or accommodations, which Plaintiff Alison Helen Fairchild believes Defendants Public Storage, PS Orangeco, and PS Properties cannot do since they provided virtually identical accommodations to other non-handicapped 5548 Arrow Highway, Montclair, CA guests and tenants alike, who were not disabled at all, in no shape or form, nor subject to special accommodation pursuant to ADA laws under Title III.

165.    For an aspect of a Defendants' operation to be subject to Title III, there must be a connection between the service Plaintiff seeks and the place of public accommodation. In the words of the statute, the Act covers discrimination "in the full and equal enjoyment of the… services [or] privileges…of any place or public accommodation. "42 U.S.C. § 12182(a).

166.    To be protected by the ADA one must have a disability, defined by the ADA as "(a) a physical or mental impairment that substantially limits one or more of the major life activities of [an] individual; (b) a record of such impairment; or (c) being regarded as having such an impairment." 42 U.S.C. § 12102(2) (1994); 29 C.F.R. § 1630.2(g) (1996). The ADA rule defines "mental impairment" to include "any mental or psychological disorder, such as…emotional or mental illness. "29 C.F.R. § 1630.2(H)(2) (1996).

Verified Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12101, 12203, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code §§ 51.7, 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Negligent Retention, Gross Negligence, Negligent Intentional Infliction of Emotional Distress, & Conversion
-Page 69 of 192

167.    Examples of "emotional or mental illnesses" include major depression, anxiety disorders, including panic disorder, obsessive compulsive disorder, personality disorders, and post-traumatic stress order. The fourth edition of the American Psychiatric Association's Diagnostic and Statistical Manual of Mental Disorders is relevant for identifying these disorders. The DSM-IV has been recognized as an important reference by courts and is widely used by American mental health professionals for diagnostic and insurance reimbursement purposes. See, e.g., *Boldini v. Postmaster Gen., 928 F. Supp. 125, 130 (1995)*, where the court held, "in circumstances of mental impairment, a court may give weight to a diagnosis of mental impairment which is described in the Diagnostic and Statistical Manual of Mental Disorders of the American Psychiatric Association." Mild Neurocognitive Disorder and Major Depressive Disorder "Bereavement Exclusion", and accompanying anxiety disorders like depression, is a bona fide medical and /or mental disorder as classified in the American Psychiatric Association's Diagnostic and Statistics Manual (DSM-IV). The American with Disabilities Act also recognizes Mild Neurocognitive Disorder and Major Depressive Disorder "Bereavement Exclusion" as mental disabilities whose victims are protected. Additionally, under several ADA-related holdings, and individual would be substantially limited if his-her relations with others were characterized on a regular basis by "consistently high levels of "anxiety and depression, resulting in social withdrawal."

168.    Plaintiff Alison Helen Fairchild alleges that she was a paying non-tenant owner at 5548 Arrow Highway, Montclair, CA long after she was diagnosed with Mild Neurocognitive Disorder and Major Depressive Disorder "Bereavement Exclusion".

169.    Plaintiff Alison Helen Fairchild avers that she was discriminated against by Defendants, and her mistreatment aggravated and elevated her mental illnesses disorders Mild Neurocognitive Disorder and Major Depressive Disorder "Bereavement Exclusion".

Verified Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12101, 12203, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code §§ 51.7, 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Negligent Retention, Gross Negligence, Negligent Intentional Infliction of Emotional Distress, & Conversion
–Page 70 of 192

170.   Plaintiff Alison Helen Fairchild avers that other similarly situated handicapped and ADA protected disabled persons will be discriminated against by Defendants, unless the court grants injunctive relief in this lawsuit.

171.   Defendants' 5548 Arrow Highway, Montclair, CA Public Storage is a place of public accommodation, not a private club, and that its preferences to accommodate only certain of its patrons are no justification under the Equal Protection Clause. Such preferences, no matter how widely shared by Defendant's employees and/or clientele, bear no rational relation to the suitability of a female disabled who suffers from Mild Neurocognitive Disorder and Major Depressive Disorder "Bereavement Exclusion", as a paying non-tenant owner of accommodation of or by Defendants' 5548 Arrow Highway Public Storage location.

172.   Based on the facts stated within this civil rights complaint, Defendants discriminated against Plaintiff Alison Helen Fairchild directly, or through contractual, licensing, or other arrangements, to a denial of the opportunity for Plaintiff Fairchild to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodations of an entity, in violation of the ADA.

173.   Based on the facts stated within this civil rights complaint, Defendants discriminated against Plaintiff Alison Helen Fairchild as it is discriminatory to afford an individual, on the basis of a disability or disabilities of such individual, directly, or through contractual, licensing, or other arrangements with the opportunity to participate in or benefit from a good, service, facility, privilege, advantage, or accommodation that is not equal to that afforded to other individuals, in violation of 42 U.S.C. § 12182.

174.   Based on the facts stated within this civil rights complaint, Defendants discriminated against Plaintiff Alison Helen Fairchild as Defendants failed to afford to an individual with a

Verified Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12101, 12203, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code §§ 51.7, 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Negligent Retention, Gross Negligence, Negligent Intentional Infliction of Emotional Distress, & Conversion
–Page 71 of 192

disability accommodation in the most integrated setting appropriate to the needs of the individual, in violation of 42 U.S.C. § 12182.

175.   Based on the facts stated within this civil rights complaint, Defendants discriminated against Plaintiff Alison Helen Fairchild by Defendants utilizing standards or criteria or methods of administration that have the effect of discriminating on the basis of disability; or that perpetuate the discrimination of others who are subject to common administrative control, in violation of 42 U.S.C. § 12182.

176.   Based on the facts stated within this civil rights complaint, Defendants discriminated against Alison Helen Fairchild as it is discriminatory to exclude or otherwise deny goods, services, facilities, privileges, advantages, accommodations, or other opportunities to an individual or entity because of the known disability of an individual with whom the individual is known to have a relationship or association, in violation of 42 U.S.C. § 12182. See *Niece v. Fitzner, 922 F. Supp 1208 (1996)*.

177.   Based on the facts stated within this civil rights complaint, Defendants' Public Storage self-storage facility located at 5548 Arrow Highway, Montclair, CA, 91763, engaged in the specific prohibitions as stated in 42 U.S.C. § 12182 and elsewhere in the ADA.

178.   Based on the facts stated within this civil rights complaint, Defendants discriminated against Plaintiff Alison Helen Fairchild as Defendants failed to demonstrate that the removal of any barrier is not readily achievable, and made such goods, services, facilities, privileges, advantages, or accommodations available through alternative methods in a segregated manner, in violation of 42 U.S.C. § 12182.

179.   Plaintiff Alison Helen Fairchild has good cause to believe and in fact believes that the

Verified Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12101, 12203, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code §§ 51.7, 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Negligent Retention, Gross Negligence, Negligent Intentional Infliction of Emotional Distress, & Conversion
–Page 72 of 192

Defendants will continue to operate an inaccessible facility and to enforce illegal policies and practices, which will result in figure discrimination against similarly situated disabled persons, in violation of the Americans with Disabilities Act.

180.    As part of a complete life, Plaintiff Alison Helen Fairchild wants to be able to travel and use public accommodations without restriction, which included renting and visiting Defendants' 5548 Arrow Highway, Public Storage self-storage facility.

181.    Plaintiff Fairchild has been deterred from such use of the public accommodation because of Defendants' failure to treat Plaintiff Fairchild equally by conspiring to forcefully remove her from her self-storage units' premises based on illegal and unconstitutional Public Storage corporate policies, practices, customs, procedures, actions, conduct, omission and decisions by Defendants' corporation, including its headquarters.

182.    Plaintiff Fairchild has been deterred from such use of the public accommodation because of Defendants' failure to treat Plaintiff Fairchild equally by overlocking her two self-storage units while her units were paid in full, based on illegal and unconstitutional Public Storage corporate policies, practices, customs, procedures, actions, conduct, omission and decisions by Defendants' corporation, including its headquarters.

183.    Plaintiff Fairchild has been deterred from such use of the public accommodation because of Defendants' failure to treat Plaintiff Fairchild equally by conspiring to dispose of her personal property by illegal listing Plaintiffs' two self-storage units for auction on September 7, 2018, based on illegal and unconstitutional Public Storage corporate policies, practices, customs, procedures, actions, conduct, omission and decisions by Defendants' corporation, including its headquarters.

Verified Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12101, 12203, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code §§ 51.7, 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Negligent Retention, Gross Negligence, Negligent Intentional Infliction of Emotional Distress, & Conversion
-Page 73 of 192

184.    Plaintiff Fairchild has been deterred from such use of the public accommodation because of Defendants' failure to treat Plaintiff Fairchild equally by blocking her gate code access to her Public Storage units, Spaces # 279 and # 287 based on illegal and unconstitutional Public Storage corporate policies, practices, customs, procedures, actions, conduct, omission and decisions by Defendants' corporation, including its headquarters.

185.    Plaintiff Fairchild has been deterred from such use of the public accommodation because of Defendants' failure to treat Plaintiff Fairchild equally by requesting that city of Montclair police department peace officers to trespass her 5548 Arrow Highway, Montclair, CA self-storage facility based on illegal and unconstitutional Public Storage corporate policies, practices, customs, procedures, actions, conduct, omission and decisions by Defendants' corporation, including its headquarters.

186.    Defendants have a habit of creating discriminatory policies, practices and procedures that prevent full and equal access to the public accommodation. Alison Helen Fairchild believes that, and the evidence shows that, Defendant's illegal practices will continue and will result in future discrimination against similarly situated disabled persons, until an injunction is issued under the Americans with Disabilities Act.

187.    Defendants have a habit of creating discriminatory policies, practices and procedures as evidenced in lawsuits filed against Defendants in *3:03-cv-00602-EMC, American with Disabilities Advocates et al v. Public Storage Incorporated (2003), Heifetz v. STORAGE EQUITIES, INC. et al (2015), Janis Sue Miller v. Public Storage Management Inc.*

188.    The failure to permit a disabled person to participate in ordinary life activities, such as those afforded by Defendants' public accommodation, severely affected the quality of Plaintiff Alison Helen Fairchild's life and produced an irreparable and continuing injury that

Verified Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12101, 12203, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code §§ 51.7, 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Negligent Retention, Gross Negligence, Negligent Intentional Infliction of Emotional Distress, & Conversion
–Page 74 of 192

cannot be compensated or remedied solely by the award of money. Accordingly, among other remedies, Alison Helen Fairchild seeks an injunctive order requiring compliance with federal laws allowing access to Defendants' facilities by disabled persons, and to stop all violations of the civil rights laws which exist at the Defendant's properties, which will require modification of Defendant's policies, practices and procedures as alleged herein and as the Court may deem proper.

189.    Defendants violated U.S.C. § 12101 by intentionally denying Alison Helen Fairchild civil rights right to equal public accommodations by intentionally refusing to accept rent from Plaintiff, even after she had moved her personal property into her two self-storage units, Spaces # 279 and # 287.

190.    Defendants violated U.S.C. § 12101 by intentionally denying Alison Helen Fairchild civil rights right to equal public accommodations by treating her like a second-class citizen by threatening to use law enforcement to have her removed from her 5548 Arrow Highway self-storage units' premises.

191.    Defendants violated U.S.C. § 12101 by intentionally denying Alison Helen Fairchild civil rights right to equal public accommodations by treating her like a second-class citizen by requesting that lawsuit enforcement trespass her from her self-storage units' premises.

192.    Defendants violated U.S.C. § 12101 by intentionally denying Alison Helen Fairchild civil rights right to equal public accommodations by overlocking her two self-storage units, Spaces # 279 and # 287.

193.    Defendants violated U.S.C. § 12101 by intentionally denying Alison Helen Fairchild civil rights right to equal public accommodations by treating her like a second-class citizen by

Verified Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§  12101, 12203, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code §§ 51.7, 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Negligent Retention, Gross Negligence, Negligent Intentional Infliction of Emotional Distress, & Conversion
–Page 75 of 192

conspiring to use illegal and unconstitutional initiation of state court eviction proceedings.

194.    Defendants violated U.S.C. § 12101 by intentionally denying Alison Helen Fairchild civil rights right to equal public accommodations by disabling Plaintiffs' facility gate access code.

195.    Defendants violated U.S.C. § 12101 by intentionally denying Alison Helen Fairchild civil rights right to equal public accommodations by illegally and unconstitutionally advertising and planning to auction Plaintiff Fairchild's two self-storage units, Spaces # 279 and # 287.

196.    Defendants violated U.S.C. § 12101 by discriminating against Alison Helen Fairchild on the based on her disability.

197.    Defendants violated U.S.C. § 12101 by intentionally denying Alison Helen Fairchild civil rights right to equal public accommodations by refusing to modify its illegal and unlawful Public Storage Inc. corporate policies to accommodate Plaintiff Fairchild so that she could occupy her two rented self-storage units for as long as she paid rent.

198.    Pursuant to *Munson v. Del Taco Inc. (2009) Cal. 4th 661, 668-669*, ADA violations do not have to be intentional.

199.    **WHEREFORE**, Plaintiff Alison Helen Fairchild demands injunctive relief against Defendants Public Storage, Inc., PS Orangeco Holdings, Inc., and PS Properties XV, Inc. on the fourth claim for relief of the Plaintiffs' civil rights complaint to enjoin Defendants from any further discriminatory policies that violate Title III of the American Disabilities Act of 1990.

Verified Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12101, 12203, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code §§ 51.7, 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Negligent Retention, Gross Negligence, Negligent Intentional Infliction of Emotional Distress, & Conversion
–Page 76 of 192

**FIFTH CLAIM FOR RELIEF---DENIAL OF FULL AND EQUAL ACCESS IN VIOLATION OF CALIFORNIA CIVIL CODE §§ 54, 54.1 AND 54.3, *ET SEQ*, ALLEGED BY ALISON HELEN FAIRCHILD AS AGAINST DEFENDANTS PUBLIC STORAGE, INC., PUBLIC STORAGE PROPERTIES XV, INC., PS ORANGECO HOLDINGS, INC, & DOES 1-10.**

200    Plaintiff **ALISON HELEN FAIRCHILD** was a non-tenant owner of Defendants' 5548 Arrow Highway self-storage facility, entitled to her right to pay her self-storage unit rent and continue to have commercial, non-residential occupy at Defendants' Montclair Public Storage location before, on and after June 16, 2018.

201.    At all relevant times Defendants acted under the color of state law.

202.    At no time state herein and throughout this civil rights complaint did Alison Helen Fairchild engage in any wrongdoing or was the subject of any complaint by Defendants' 5548 Arrow Highway, Montclair, CA Public Storage management, employees, guests, prospective tenants, business tenants and personal use tenants. In this civil rights complaint, Plaintiff Fairchild is a complete innocent bystander.

203.    At all relevant times Defendants Public Storage, PS Orangeco, and PS Properties were involved with the evil actions of conspiring to wrongly remove a disabled Alison Helen Fairchild from her self-storage premises.

204.    At all relevant times Defendants Public Storage, PS Orangeco, Bradley, and PS Properties were involved with the evil actions of conspiring to wrongly remove a disabled Alison Helen Fairchild's personal property from her two self-storage units, Spaces # 279 and # 287.

Verified Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 |42 U.S.C. §§  12101, 12203, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code §§ 51.7, 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Negligent Retention, Gross Negligence, Negligent Intentional Infliction of Emotional Distress, & Conversion
-Page 77 of 192

205.   At all relevant times stated throughout this lawsuit Plaintiff Alison Helen Fairchild's two self-storage units, Spaces # 279 and # 287 were both paid up in full at the time of Defendants' planned, conspired and acted unlawful removal of Plaintiff Fairchild from her real property located at 5548 Arrow Highway, Montclair, CA.

206.   At all relevant times stated throughout this lawsuit Plaintiff Alison Helen Fairchild's two self-storage units, Spaces # 279 and # 287 were both paid up in full at the time of Defendants' illegal and unconstitutional overlock of her self-storage units on June 21, 2018.

207.   At all relevant times, Defendants' supervisors, employees, property managers, district managers, agents, affiliates, and regional managers were employed by Defendants Public Storage, PS Orangeco, and PS Properties and were fully involved with the interest of having Alison Helen Fairchild discriminated against and denied ADA accommodations.

208.   At all times, relevant to this action, California Civil Code § 54 has provided that persons with physical disabilities are not to be discriminated against because of physical handicap or disability. This section provides that:(a) Individuals with disabilities... have the same rights as the general public to full and free use of the streets, highways, sidewalks, walkways, public buildings, medical facilities, including hospitals, clinics, and physicians' offices, and other public places.

209.   California Civil Code § 54.1 provides that persons with disabilities shall not be denied full and equal access to places of public accommodation or [7] facilities:(a)(1) Individuals with disabilities shall be entitled to full and equal access, as other members of the general public, to accommodations, advantages, facilities, medical facilities, including hospitals, clinics, and physicians' offices, and privileges of all common carriers, airplanes, motor vehicles, railroad trains, motorbuses. streetcars, boats, or any other public conveyances or modes of transportation

Verified Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12101, 12203, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code §§ 51.7, 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Negligent Retention, Gross Negligence, Negligent Intentional Infliction of Emotional Distress, & Conversion
–Page 78 of 192

(whether private, public, franchised, licensed, contracted, or otherwise provided), telephone facilities, adoption agencies, private schools, hotels, lodging places, places of public accommodation, amusement or resort, and other places to which the general public is invited, subject only to the conditions and limitations established by law, or state or federal regulation, and applicable alike to all persons. Civil Code§ 54.1(a)(1)

210.    California Civil Code § 54.1 further provides that a violation of the Americans with Disabilities Act of 1990 constitutes a violation of section 54.1: (d) A violation of the right of an individual under the Americans with Disabilities Act of 1990 (Public Law 101-336) also constitutes a violation of this section, and nothing in this section shall be construed to limit the access of any person in violation of that act. Civil Code § 54. 1(d)

211.    Plaintiff Alison Helen Fairchild is a person within the meaning of Civil Code § 54.1 whose rights have been infringed upon and violated by the Defendants, and each of them, as prescribed by §§ 54 and 54.1. Each specific barrier which Defendants knowingly and willfully failed and refused to remove constitutes a separate act in violation of §§ 54 and 54.1. Plaintiff Alison Helen Fairchild has been and continues to be denied full and equal access to Defendants' PUBLIC STORAGE located at 5548 Arrow Highway, Spaces # 279 and # 287, Montclair, California, 91763. As a legal result, Plaintiff Alison Helen Fairchild is entitled to seek damages pursuant to California Civil Code § 54.3(a) for each day since June 16, 2018 and she has not had a good night's rest since being discriminated against by Defendants' employees, and since learning that Defendants have scheduled a illegal and unconstitutional public sale of her two self-storage units, doing so without Plaintiff Fairchild engaging in any wrongdoing whatsoever with Defendants' facility guests, tenants, employees and/or management. Plaintiff Fairchild has knowledge and she believes that Defendants discriminated against persons with disabilities. *3:03-cv-00602-EMC, American with Disabilities Advocates et al v. Public Storage Incorporated (2003), Heifetz v. STORAGE EQUITIES, INC. et al (2015), supra, Janis Sue Miller v. Public*

Verified Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12101, 12203, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code §§ 51.7, 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Negligent Retention, Gross Negligence, Negligent Intentional Infliction of Emotional Distress, & Conversion
–Page 79 of 192

*Storage Management Inc.*

California Civil Code § 54.3(a) provides:

Any person or persons, firm or corporation, who denies or interferes with admittance to or enjoyment of the public facilities as specified in Sections 54 and 54.1 or otherwise interferes with the rights of an individual with a disability under Sections 54, 54,1 and 54.2 is liable for each offense for the actual damages and any amount as may be

determined by a jury, or the court sitting without a jury, up to a maximum of three times the amount of actual damages but in no case less than . . .one thousand dollars ($ 1,000) and … attorney's fees as may be determined by the court in addition thereto, suffered by any person denied any of the rights provided in Sections 54, 54.1 and 54.2. Civil Code § 54.3(a)

212.    From June 15, 2018 to this present day, Plaintiff Alison Helen Fairchild continues to suffer violations of §§ 54 and 54.1 of the Civil Code in that Plaintiff Alison Helen Fairchild has been denied access to Defendants' 5548 Arrow Highway, Montclair, CA self-storage facility on the same basis as many 5548 Arrow Highway Public Storage guests/tenants that are not handicapped, and Defendants never offered to accommodate Plaintiff Fairchild based upon her disability. Plaintiff Fairchild was denied equal access on the basis that Plaintiff Alison Helen Fairchild was a person with physical disabilities.

213.    Because of the denial of equal access to defendants' facilities. As a result of the denial of equal access to Defendants' commercial self-storage facility, due to the acts and omissions of Defendants, and each of them, in owning, operating and maintaining a public accommodation self-storage rental business, Plaintiff Alison Helen Fairchild suffered violations of her civil rights, including but not limited to rights under §§ 54, 54.1 and 54.3, Civil Code, and Plaintiff Alison Helen Fairchild has suffered from physical discomfort, bodily injury, severe emotional distress, mental distress, mental suffering, mental anguish, depression, a complete disruption of

Verified Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12101, 12203, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code §§ 51.7, 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Negligent Retention, Gross Negligence, Negligent Intentional Infliction of Emotional Distress, & Conversion
–Page 80 of 192

her life, anxiety, tightness in her chest, heart palpitations, panic attacks, insomnia and multiple sclerosis relapses.

214.    Defendants' actions conduct, and decisions have caused Plaintiff Fairchild to feel very uncomfortable feelings and emotions regarding her occupancy at 5548 Arrow Highway, Montclair, CA which includes shame, humiliation, embarrassment, frustration, anger, disappointment and worry, all of which are expectedly and naturally associated with a denial of a person with physical disabilities, all to Plaintiff's damages as hereinafter stated.

215.    Defendants' actions and omissions to acts constituted discrimination against Plaintiff Alison Helen Fairchild on the sole basis that Plaintiff Alison Helen Fairchild is a person that represents persons with physical disabilities and unable, because of the Defendant's illegal and unconstitutional hotel policies, that were created and maintained by the Defendants' corporate governance in Glendale, CA, in violation of the subject laws, to use the public facilities hereinabove described on a full and equal basis as other persons.

216.    Plaintiff Alison Helen Fairchild, on the sole basis that Plaintiff Alison Helen Fairchild is a person that represents persons with physical disabilities and unable, because of the barriers created and maintained by Defendants' unconstitutional corporate policies in violation of the subject laws, to occupy her two self-storage units, Spaces # 279 and # 287 uninterrupted, and discriminated against Plaintiff because Defendants allowed other non-disabled 5548 Arrow Highway, Montclair, CA tenants and guests to occupy and rent at Defendants' 5548 Arrow Highway, Montclair, CA Public Storage self-storage facility, as mentioned hereinabove, described on a full and equal basis as other persons.

217.    Plaintiff Alison Helen Fairchild has been damaged by Defendants, and each of their wrongful conduct and seeks the relief that is afforded by Civil Code §§ 54 and 54.1, 54.3 and 55

Verified Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12101, 12203, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code §§ 51.7, 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Negligent Retention, Gross Negligence, Negligent Intentional Infliction of Emotional Distress, & Conversion
–Page 81 of 192

for violation of Plaintiff Alison Helen Fairchild's rights as a person that represents persons with physical disabilities on or about June 15, 2018, and on a continuing basis since then, including statutory damages, a trebling of all of actual damages, general and special damages available pursuant to § 54.3 of the Civil Code according to proof.

218.    Because of Defendants, and each of their acts and omissions in this regard, Plaintiff Alison Helen Fairchild has been required to incur legal expenses needed for research, to enforce Plaintiff's rights and enforce the provisions of the law protecting access for persons with physical disabilities and prohibiting discrimination against persons with physical disabilities. Pursuant to the provisions of § 54.3 and § 55 of the Civil Code, Plaintiff Alison Helen Fairchild therefore will seek recovery in this lawsuit for all reasonable attorneys' fees and costs incurred if deemed the prevailing party. Additionally, Plaintiff Fairchild's lawsuit is intended not only to obtain compensation for damages to herself, but also to compel the Defendants to make its facilities accessible to all members of the public with disabilities, and to cease interfering with the rights of all members of the public with disabilities by intentionally failing to modify its illegal and unconstitutional Public Storage corporate policies, practices, procedures and decisions, justifying public interest attorneys' fees, if deemed the prevailing party, pursuant to the provisions of § 1021.5 of the Code of Civil Procedure.

219.    Defendants violated California Civil Code § 54.1 by refusing to accept rental payments from Plaintiff Fairchild.

220.    Defendants violated California Civil Code § 54.1 by overlocking her two self-storage units, Spaces # 279 and # 287 on June 21, 2018, even though Plaintiff Fairchild was not in default of her monthly storage rent on either unit.

221.    Defendants violated California Civil Code § 54.1 by deactivating Plaintiff Fairchild's

Verified Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12101, 12203, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code §§ 51.7, 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Negligent Retention, Gross Negligence, Negligent Intentional Infliction of Emotional Distress, & Conversion
−Page 82 of 192

gate access code to 5548 Arrow Highway, Montclair, CA, Public Storage facility.

221.   Defendants violated California Civil Code § 54.1 by illegally listing her two self-storage units on their website: publicstorageauctions.com.

222.   Defendants violated California Civil Code § 54.1 by planning and conspiring to dispose of all her personal property located in self-storage units, Spaces # 279 and # 287 on September 7, 2018.

223.   Defendants violated California Civil Code § 54.1 by requesting that city of Montclair police department peace officer trespass her from 5548 Arrow Highway, Montclair, CA on June 16, 2018.

224.   Defendants violated California Civil Code § 54.1 by trespassing Plaintiff Fairchild from her 5548 Arrow Highway. Montclair, CA self-storage premises on June 16, 2018.

225.   Defendants violated California Civil Code § 54.1 by interfering with Plaintiff Alison Helen Fairchild's civil rights to occupy her self-storage units, Spaces # 279 and # 287for if she was paying for self-storage units on time.

226.   Defendants violated California Civil Code § 54.1 by interfering with Plaintiff Fairchild's 14th Amendment constitutional civil rights.

227.   Defendants violated California Civil Code § 54.1 by its employees Lauren Scotvold, Justin Miller, Sandy Lau, Rich Jansen, and so many others, intentionally mistreating Plaintiff Fairchild.

Verified Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12101, 12203, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code §§ 51.7, 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Negligent Retention, Gross Negligence, Negligent Intentional Infliction of Emotional Distress, & Conversion
–Page 83 of 192

228.    Defendants violated California Civil Code § 54.1 by interfering with Plaintiff Alison Helen Fairchild's civil rights by conspiring to use law enforcement agency city of Montclair police department to forcefully remove Plaintiff Fairchild from the premises of her two rented self-storage units, Spaces # 279 and # 287.

229.    Defendants violated California Civil Code § 54.1 by its management refusing to accept rent so that they can initiate illegal and unconstitutional eviction proceedings against her.

230.    Defendants violated California Civil Code § 54.1 by its management refusing to accept rent so that they can initiate illegal and unconstitutional public auction proceedings against her.

231.    **WHEREFORE**, Plaintiff Alison Helen Fairchild demands judgment against Defendants Public Storage, Inc., Public Storage Properties XV, and PS Orangeco Holdings, Inc. on the fifth claim for relief of the Plaintiffs' civil rights complaint in the amount that will justly compensate Plaintiff Fairchild for her damages, together with costs and attorneys' fees in this action.

## PRELIMINARY FACTUAL ALLEGATIONS REGARDING DISCRIMINATION VIOLATIONS ALLEGED BY PLAINTIFF AROGANT HOLLYWOOD

232.    Plaintiff Arogant Hollywood re-allege and incorporate by reference, as if fully set forth again herein, the allegations contained in paragraphs 1-231 of this federal civil rights complaint.

233.    At all times relevant hereto, and stated throughout this lawsuit, Arogant Hollywood was an individual over the age of 18 years-old, a resident of the state of California, and a citizen to the United States of America. At all times, relevant hereto, and stated throughout this lawsuit, Arogant Hollywood was an African-American male individual over the age of 18 years-old and a resident of the state of California.

Verified Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 |42 U.S.C. §§ 12101, 12203, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code §§ 51.7, 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Negligent Retention, Gross Negligence, Negligent Intentional Infliction of Emotional Distress, & Conversion
–Page 84 of 192

234.   Plaintiff **AROGANT HOLLYWOOD** is a tenant owner of Defendants' 5548 Arrow Highway self-storage facility, entitled to his right to pay for his self-storage unit rent and continue to have commercial, non-residential occupy at Defendants' Montclair Public Storage location before, on and after June 16, 2018.

235.   At all relevant times Defendants acted under the color of state law.

236.   At no time state herein and throughout this civil rights complaint did Arogant Hollywood engage in any wrongdoing or was the subject of any complaint by Defendants' 5548 Arrow Highway, Montclair, CA Public Storage management, employees, guests, prospective tenants, business tenants and personal use tenants, except for one single tenant. In this civil rights complaint, Plaintiff Hollywood is a civil rights victim.

237.   At all relevant times Defendants Public Storage, PS Orangeco, and PS Properties were involved with the evil actions of conspiring to wrongly remove a 39-year-old African-American (black) man from his self-storage premises.

238.   At all relevant times Defendants Public Storage, PS Orangeco, Bradley, and PS Properties were involved with the evil actions of conspiring to wrongly remove a 39-year-old African-American (black) man's personal property for his two self-storage units, Spaces # 279 and # 287.

239.   At all relevant times stated throughout this lawsuit Plaintiff Hollywood's two self-storage units, Spaces # 279 and # 287 were both paid up in full at the time of Defendants' planned, conspired and acted unlawful removal of Plaintiff Hollywood from his real property located at 5548 Arrow Highway, Montclair, CA.

Verified Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12101, 12203, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code §§ 51.7, 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Negligent Retention, Gross Negligence, Negligent Intentional Infliction of Emotional Distress, & Conversion
–Page 85 of 192

240.   At all relevant times stated throughout this lawsuit Plaintiff Arogant Hollywood's two self-storage units, Spaces # 279 and # 287 were both paid up in full at the time of Defendants' illegal and unconstitutional overlock of his two self-storage units on June 21, 2018.

241.   At all relevant times, Defendants' supervisors, employees, property managers, district managers, agents, affiliates, and regional managers were employed by Defendants Public Storage, PS Orangeco, and PS Properties and were fully involved with the interest of having Plaintiff Arogant Hollywood discriminated against and denied reasonable accommodations.

242.   This portion of the lawsuit against Defendants Public Storage, PS Properties, PS Orangeco and DOES 1-10 are within the Court's jurisdiction pursuant to California Civil Code §§ 51.5, 51.7, 52.1; 42 U.S.C. § 1981; and Title II of the Civil Rights Act of 1964.

243.   Plaintiff Arogant Hollywood is informed and believe and based thereon allege that Defendants jointly and severally acted intentionally and with deliberate indifference and conscious disregard to the rights of individuals by racially discriminating against him in violation of the law.

244.   Plaintiff Arogant Hollywood is informed and believes based on thereon allege Defendants have engaged in, among other things a system [1] of willful violations of California Civil Code §§ 51.5, 51.7, 52.1; **42 U.S.C. §§§§§ 1981, 1982, 1983, 1985 & 1986**; and **Title II of the Civil Rights Act of 1964** by creating and maintaining policies, practices, and customs that knowingly deny equal rights regardless of race, color or national origin.

245.   Venue is proper because Defendants are subjected to personal jurisdiction in the State of California, and because Arogant Hollywood paid monies to Defendants' public accommodation 5548 ARROW HIGHWAY, MONTCLAIR, CA, 91763, for occupancy of two of its many

Verified Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12101, 12203, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code §§ 51.7, 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Negligent Retention, Gross Negligence, Negligent Intentional Infliction of Emotional Distress, & Conversion
–Page 86 of 192

commercial real estate self-storage units, Plaintiff Hollywood entered into a contract with Defendants, and this contract was entered in the State of California, County of San Bernardino.

246.    Plaintiff Arogant Hollywood resides in San Bernardino County, California. At all times, relevant to the allegations in this action, Plaintiff Arogant Hollywood resided in San Bernardino County, California.

247.    Plaintiff Arogant Hollywood shall hereinafter be referred to as "Plaintiff Hollywood".

248.    Plaintiff is informed and believe and based thereon allege that Defendants were and is incorporated in the state of California. Defendants are qualified to do business in the State of California.

250.    Plaintiff Hollywood is unaware of the true names and capacities of the Defendants sued herein as DOES 1 through 10, inclusive, and therefore sue said Defendants by such fictitious names. Plaintiff will seek leave to amend this civil rights complaint to allege the true names, capacities, and circumstances supporting the liability of said defendants when plaintiff ascertain the same. Plaintiff is informed and believe and based thereon allege that each fictitiously named defendant named is responsible for the matters alleged herein and proximately caused plaintiff and members of general public to be subject to the wrongs and
injuries complained of herein.

251.    Plaintiff is informed and believe and based thereon allege that at all times material hereto, each of the Defendants named herein was the agent, employee, alter ego and/or joint venture of, or working in concert with each of the other co-defendants and was acting within the course and scope of such agency, employment, joint venture, or concerted activity. To the extent said acts, conduct, and omissions were perpetrated by certain Defendants, each of the remaining

Verified Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12101, 12203, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code §§ 51.7, 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Negligent Retention, Gross Negligence, Negligent Intentional Infliction of Emotional Distress, & Conversion
–Page 87 of 192

Defendants confirmed and ratified said acts, [2] conduct, and omissions of the acting defendant.

252. At all times herein mentioned, the acts and omissions of Defendants, and each of them, concurred and contributed to the various acts and omissions of each and all the other Defendants in proximately causing the injuries and damages as herein alleged.

253. At all times herein mentioned, Defendants, and each of them, ratified each act or omission complained of alleged.

254. Whenever and wherever reference is made in this civil rights complaint to any act by a Defendant or Defendants, such allegations and references shall also be deemed to mean the acts and failures to act of each Defendant acting individually, jointly, and severally.

255. Plaintiff Arogant Hollywood was improperly discriminated against based on his race, ethnicity, national origin. Plaintiff is informed and believe and based thereon allege that the discrimination suffered by Plaintiff violates his rights under California Civil Code §§ 51.5, 51.7, 52.1; and 42 U.S.C. § 1981.

256. The identity of Arogant Hollywood is readily ascertainable by review of Arogant Hollywood's rental payment receipts and video footage taken by Plaintiff Arogant Hollywood. Plaintiffs are informed and believe and based thereon allege that it can easily be established through testimonial and documentary evidence that Defendants discriminated against Plaintiff Hollywood in violation of his civil rights pursuant to California state statutes and federal statutes of the United States of America.

257. Defendants' employees told Plaintiff Hollywood that Plaintiff would have to vacate his two self-storage units, Spaces # 279 and # 287 within 72 hours.

Verified Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12101, 12203, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code §§ 51.7, 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Negligent Retention, Gross Negligence, Negligent Intentional Infliction of Emotional Distress, & Conversion
–Page 88 of 192

258.   Defendants' employees requested that city of Montclair police department peace officers physically removed Plaintiff Hollywood from his self-storage units' premises.

259.   Defendants' employees initiated a frivolous and groundless workplace violence restraining order to racially discriminate against Plaintiff Hollywood.

260.   Defendants' employees overlocked Plaintiff Hollywood's two self-storage units, Spaces # 279 and # 287, on June 21, 2018 even though Plaintiff Hollywood was not in default of his rent, in violation of the California self-storage act, **California Business & Professions Code § 21705, and AB-1108 Self-service storage facilities. (2017-2018).**

261.   Defendants' employees deactivated Plaintiff Hollywood's gate code access, in violation of the California self-storage act, **California Business & Professions Code § 21705, and AB-1108 Self-service storage facilities. (2017-2018).**

262.   Defendants' employees listed Plaintiff Hollywood's two self-storage units, Spaces # 279 and # 287, on their PS Orangeco website called *publicstorageauctions.com* without sending Plaintiff Hollywood a notice of preliminary lien, violating **California Business & Professions Code § 21703, and AB-1108 Self-service storage facilities. (2017-2018).**

263. Defendants Public Storage, PS Properties, PS Orangeco, and Bradley all ignored a well written and timely served declaration in opposition to lien sale, sent to them on August 14, 2018, yet as of August 19, 2018 Defendants' have persisted in continuing their plans to illegal sale and dispose of Plaintiffs' personal property located at 5548 Arrow Highway, Montclair, CA 91763, self-storage units, Spaces # 279 and # 287.

264.   Defendants have failed to follow state eviction laws by serving Plaintiff Hollywood with

Verified Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12101, 12203, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code §§ 51.7, 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Negligent Retention, Gross Negligence, Negligent Intentional Infliction of Emotional Distress, & Conversion
–Page 89 of 192

a three-day notice, yet failing to ever initiate an unlawful detainer action, and instead choosing to list, advertise and dispose of Plaintiff's two self-storage units, Spaces # 279 and # 287, on September 7, 2018.

265.    Plaintiff Hollywood is informed and believe and based thereon allege that this conduct was accomplished [3] with the knowledge and designed intent to unlawfully discriminate against Plaintiff Hollywood based on his race, national origin and ethnicity.

266.    Plaintiff is informed and believe and based thereon allege the Defendants, in violation of state and federal statutes, practiced a consistent and uniform policy of unlawfully discriminating against Plaintiff due to his race/national origin.

267.    There are predominant common questions of law and fact concerning whether Defendants unlawfully discriminated against Plaintiff Arogant Hollywood. Defendants' policies and practices wrongfully and illegally failed to treat Plaintiff as required by federal law. Plaintiff Hollywood is informed and believe and based thereon allege his claims revolve around a uniform and willful pattern of statutory violations for the specific purpose of avoiding legally mandated compensation.

268.    Central to the commonality inquiry is Defendants' conduct toward Plaintiff Arogant Hollywood. Arogant Hollywood is a victim of violation of his civil rights based on his race, ancestry and national origin. Plaintiff alleges that [4] Defendants' Public Storage corporate policies were created to target Plaintiff Hollywood based on his race, ancestry national origin and ancestry. Plaintiff was[5] trespassed, given a 72 hour notice to vacate, had his two self-storage units overlocked when Plaintiff was not in default of his rental agreement, had his gate code access revoked, had his two self-storage units listed for auction, while other 5548 Arrow Highway Public Storage Caucasian and Anglo tenants/guests were not given a 72 hour notice to

Verified Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12101, 12203, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code §§ 51.7, 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Negligent Retention, Gross Negligence, Negligent Intentional Infliction of Emotional Distress, & Conversion
–Page 90 of 192

vacate, did not have their self-storage units overlocked while there self-storage units were paid, were not trespassed, and did not have their self-storage units listed for auction without first receiving a preliminary lien notice. Plaintiff Hollywood was [6] denied his constitutional right to make and enforce contracts at any business licensed in the United States of America.

269.   Plaintiff Arogant Hollywood [7] told Defendants' employees Lauren Scotvold and Justin Miller that it was state law that because Plaintiff Hollywood had signed a lease, he was a tenant, and Defendants could not legally deny him access to his self-storage unit, overlock his unit and force him to vacate his two self-storage units, Spaces # 279 and # 287 without Defendants first initiating state court eviction proceedings.

270.   Since Defendants knew that at the time they requested that city of Montclair police department peace officers trespass Plaintiff Hollywood, they could not lawfully remove or deny Plaintiff access to his two self-storage units, Spaces # 279 and # 287, Defendants intentionally and deliberately discriminated against Plaintiff Hollywood by conspiring, and then requesting the city of Montclair police department interfere with the civil rights of Plaintiff by trespassing Plaintiff from his self-storage premises where Plaintiff was lawfully occupying.

271.   The civil rights laws upon which Plaintiff Arogant Hollywood bases his claims are broadly remedial in nature. These laws serve an important public interest in insuring equal protection for members of all races and ethnicities. These laws protect the interests and rights of Americans who have suffered discrimination and are particularly important in the era of heightened fear that has followed the events of September 11, 2001.

272.   The nature of this action and the format of laws available to Plaintiff Arogant Hollywood identified herein make this action format a particularly efficient and appropriate procedure to redress the wrongs alleged herein.

Verified Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12101, 12203, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code §§ 51.7, 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Negligent Retention, Gross Negligence, Negligent Intentional Infliction of Emotional Distress, & Conversion
–Page 91 of 192

273.   Plaintiff Arogant Hollywood is seeking declaratory and monetary relief for actual damages suffered.

## FACTUAL ALLEGATIONS RELEVANT TO ALL DISCRIMINATION CLAIMS FOR RELIEF ALLEGED BY PLAINTIFF AROGANT HOLLYWOOD

274.   Plaintiff Arogant Hollywood re-allege and incorporate by reference, as if fully set forth again herein, the allegations contained in paragraphs 1-273 of this federal civil rights complaint.

275.   Plaintiff **AROGANT HOLLYWOOD** is a resident of Ontario, California at all relevant times Plaintiff Hollywood was a paying tenant of Public Storage Montclair, located at 5548 Arrow Highway, in the city of Montclair, CA 91763. At all times relevant hereto, and stated throughout this lawsuit, Arogant Hollywood was an individual over the age of 18 years-old, a resident of the state of California, and a citizen to the United States of America. At all times, relevant hereto, and stated throughout this lawsuit, Arogant Hollywood was an African-American (black) male individual over the age of 18 years-old and a resident of the state of California.

276.   On or about June 11, 2018 Arogant Hollywood walked into Defendants' Public Storage located at 5548 Arrow Highway, Montclair, CA. Plaintiff Hollywood was helped by Defendants' employee Heidi. Heidi showed Plaintiff Hollywood requested to rent an additional self-storage unit that was close to his current unit. Heidi showed Plaintiff Hollywood a unit that was close to Space # 279. After seeing the self- storage unit, Plaintiff Hollywood signed a rental contract for Space # 287. Plaintiff Hollywood requested that Defendants' employee Heidi put down Alison Helen Fairchild as an authorized person on his self-storage unit.

Verified Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 |42 U.S.C. §§ 12101, 12203, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code §§ 51.7, 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Negligent Retention, Gross Negligence, Negligent Intentional Infliction of Emotional Distress, & Conversion
-Page 92 of 192

277.    On June 16, 2018 at approximately 3:48 p.m. Defendants' general manager Lauren Scotvold accompanied by city of Montclair peace officer Rod Godoy approached Plaintiff Hollywood and stated the following: ***"So, you have three days, to vacate the unit. You can only do it during office hours. Your lease has been terminated. You have to be off my property by 5 o'clock today. If you are not you will be arrested."*** See *Hollywood Electronic Recording transcript, p. 14.*

278.    Officer Godoy continued by saying to Plaintiff Hollywood the following: ***"So it's been noticed. So, to make clear. You can move your stuff out during business hours. Which means you have three days to do it. So, you have until 5 o'clock today to move stuff out. By 5 o'clock you have to be off the premises. If you are not they're gonna arrest you.*** *Hollywood Electronic Recording transcript, at p. 15*

279.    On June 18, 2018 at approximately 9:45 a.m. in the presence of city of Montclair police department Sergeant Griffin Defendants' employee Justin Miller told Plaintiff Hollywood that he had 72 hours to vacate his storage unit and handed him a card with a new gate access code on it.

280.    On June 18, 2018 at approximately 1:25 p.m. Plaintiff Hollywood was inside of his self-storage unit and therefore was not recording on his telephone or IPAD. All of sudden Defendants' employee Justin Miller walked by his storage and told Plaintiff Hollywood the following: ***Nigger, if you do not move out of my units I will get a restraining order to remove your black ass!*** This racial bias and animus made Plaintiff Hollywood very upset however he did not respond as he knew that Defendants' employees were looking for a reason to have him arrested and removed from the premises of his two self-storage units.

281.    On June 18, 2018 at approximately 2:45 p.m. Plaintiff Hollywood walked into

Verified Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12101, 12203, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code §§ 51.7, 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Negligent Retention, Gross Negligence, Negligent Intentional Infliction of Emotional Distress, & Conversion
−Page 93 of 192

Defendants' front office to use the restroom. After leaving the restroom as Plaintiff Hollywood was leaving out of Defendants' front office he overheard a female Public Storage employee say: ***"You're going to be out of here soon nigger." So, go back to Africa!"*** When Plaintiff Hollywood looked to turn around the unidentified female employee was running towards Defendants' restroom and quickly shut the door behind herself.

282.    Shortly, thereafter Justin Miller told Plaintiff Hollywood the following regarding having him arrested on June 18, 2018: ***"Okay, and we will do that if you are on the property."*** See *Hollywood Electronic Recording transcript, at p. 38.*

283.    On June 18, 2018 Defendants' employee Justin Miller called law enforcement on Plaintiffs Arogant Hollywood and Alison Helen Fairchild after Plaintiff Hollywood told him that he would be done unloading his truck by 9 p.m.

284.    On June 24, 2018 once Plaintiff Hollywood got upstairs to his units he noticed that both of his self-storage units, Spaces # 287 and # 279 were overlocked by Defendants. There was also a copy of Defendants' unconstitutional three-day notice to vacate and lease termination notice taped to Plaintiffs' self-storage units. Plaintiff Hollywood managed to take a video and two photographs as evidence. See now ***Appendix of Exhibits, Exhibit 3.***

285.    On June 27, 2018 Defendants' filed a frivolous and groundless workplace violence restraining order. The purpose of the workplace violence petition was to prevent Plaintiff Hollywood from entering his storage unit so that he could not stop Defendants' from illegally and unconstitutionally selling all Plaintiffs' personal property located at 5548 Arrow Highway. Montclair, CA, Spaces # 279 and # 287. The allegations in Defendants' petition were entirely frivolous and perjurious.

Verified Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12101, 12203, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code §§ 51.7, 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Negligent Retention, Gross Negligence, Negligent Intentional Infliction of Emotional Distress, & Conversion
–Page 94 of 192

286.   Feeling that they were now victorious in using a frivolous workplace violence restraining order to swiftly evict Arogant Hollywood from self-storage units, Defendants sent Plaintiff Hollywood a move -out receipt for his self-storage unit, Space # 287, on June 30, 2018. Just one day after Defendants' had their frivolous workplace violence petition granted by Judge Gilbert Ochoa.

287.   On August 10, 2018 Plaintiff Hollywood visited Defendant PS Orangeco's website, publicstorageauctions.com. Upon doing a check of upcoming auctions in Montclair, CA Plaintiff Hollywood discovered that both of his self-storage units, Spaces # 279 and # 287 were scheduled for auction on September 7, 2018.

288.   On August 20, 2018 Plaintiff Hollywood logged into his Public Storage self-storage account in Montclair, WA, Space # 287, Account # 50673620, by going to Defendants' website: publicstorage.com. Upon logging in Plaintiff Hollywood immediately noticed that Defendants had removed the payment tab, under my payments, and that the website stated: Your unit is at Auction. Please visit your property immediately. A true and correct copy of the screenshot snapped on Plaintiff's laptop on August 20, 2018 of Defendants' website showing that they had disabled the orange *"make a payment"* tab on Plaintiff Hollywood Public Storage is attached hereto, *Appendix of Exhibits, Exhibit 18.*

**SIXTH CLAIM FOR RELIEF---VIOLATION OF CALIFORNIA CIVIL CODE SECTION 51.5 ALLEGED BY AROGANT HOLLYWOOD AS AGAINST DEFENDANTS PUBLIC STORAGE, INC., PUBLIC STORAGE PROPERTIES XV, PS ORANGECO HOLDINGS & DOES 1-10.**

289.   Plaintiff Arogant Hollywood re-allege and incorporate by reference paragraphs 1-288.

Verified Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12101, 12203, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code §§ 51.7, 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Negligent Retention, Gross Negligence, Negligent Intentional Infliction of Emotional Distress, & Conversion
–Page 95 of 192

290.    Plaintiff **AROGANT HOLLYWOOD** is a tenant owner of Defendants' 5548 Arrow Highway self-storage facility, entitled to his right to pay for his self-storage unit rent and continue to have commercial, non-residential occupy at Defendants' Montclair Public Storage location before, on and after June 16, 2018.

291.    At all relevant times Defendants acted under the color of state law.

292.    At no time state herein and throughout this civil rights complaint did Arogant Hollywood engage in any wrongdoing or was the subject of any complaint by Defendants' 5548 Arrow Highway, Montclair, CA Public Storage management, employees, guests, prospective tenants, business tenants and personal use tenants, except for one single tenant. In this civil rights complaint, Plaintiff Hollywood is a civil rights victim.

293.    At all relevant times Defendants Public Storage, PS Orangeco, and PS Properties were involved with the evil actions of conspiring to wrongly remove a 39-year-old African-American (black) man from his self-storage premises.

294.    At all relevant times Defendants Public Storage, PS Orangeco, Bradley, and PS Properties were involved with the evil actions of conspiring to wrongly remove a 39-year-old African-American (black) man's personal property for his two self-storage units, Spaces # 279 and # 287.

295.    At all relevant times stated throughout this lawsuit Plaintiff Hollywood's two self-storage units, Spaces # 279 and # 287 were both paid up in full at the time of Defendants' planned, conspired and acted unlawful removal of Plaintiff Hollywood from his real property located at 5548 Arrow Highway, Montclair, CA.

Verified Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12101, 12203, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code §§ 51.7, 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Negligent Retention, Gross Negligence, Negligent Intentional Infliction of Emotional Distress, & Conversion
–Page 96 of 192

296.   At all relevant times stated throughout this lawsuit Plaintiff Arogant Hollywood's two self-storage units, Spaces # 279 and # 287 were both paid up in full at the time of Defendants' illegal and unconstitutional overlock of his two self-storage units on June 21, 2018.

297.   At all relevant times, Defendants' supervisors, employees, property managers, district managers, agents, affiliates, and regional managers were employed by Defendants Public Storage, PS Orangeco, and PS Properties and were fully involved with the interest of having

298.   This cause of action is brought against Defendants pursuant to its intentional and willful violations of Plaintiff's civil rights under California Civil Code § 51.5.

299.   The conduct of Defendants violated California Civil Code § 51.5 in that Defendants, a business establishment, discriminated against, boycotted, or blacklisted, or refused to buy from, contract with, sell to or trade with Plaintiff Arogant Hollywood based on his race, color, religion, ancestry, and national origin.

300.   As a direct and legal result of Defendants' violation of Civil Code § 51.5 and other state constitutional rights, Plaintiff Arogant Hollywood suffered violations of his civil rights.

301.   As a direct, foreseeable, and proximate result of said wrongful acts by Defendants, Plaintiff Arogant Hollywood suffered incidental and consequential damages and losses, all in an amount to be proven at time of trial. Plaintiff Hollywood claims such amount as damages together with prejudgment interest pursuant to federal laws and any other provision of law providing for prejudgment interest.

302.   As a further direct, foreseeable, and proximate result of said wrongful acts by Defendants Plaintiff Hollywood suffered and will continue to suffer humiliation, shame, despair,

Verified Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 |42 U.S.C. §§ 12101, 12203, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code §§ 51.7, 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Negligent Retention, Gross Negligence, Negligent Intentional Infliction of Emotional Distress, & Conversion
–Page 97 of 192

embarrassment, [8] depression, anxiety, a complete disruption of his life, and mental pain and anguish, all to the Plaintiff's damage in an amount to be proven at time of trial.

303.   As a further direct, foreseeable, and proximate result of said wrongful acts by Defendants Plaintiff Arogant Hollywood has incurred attorney's fees in an amount to be determined, for which Plaintiff claims a sum to be established according to proof.

304.   The conduct of Defendants and their agents and employees as described herein was oppressive, fraudulent, intentional, deliberate, and malicious, done in conscious disregard of Plaintiff Arogant Hollywood's civil rights and done by management employees of Defendants Plaintiff Arogant Hollywood is thereby entitled to an award of punitive damages against Defendants, in an amount appropriate to punish and make an example of Defendants, and in an amount to conform to proof.

305.   **WHEREFORE**, Plaintiff Arogant Hollywood demands judgment against Defendants Public Storage, Inc., Public Storage Properties XV, Inc., PS Orangeco Holdings, Inc., and DOES 1-10 on the sixth claim for relief of the Plaintiffs' civil rights complaint in the amount that will justly compensate Plaintiff Hollywood for his damages, together with costs and attorneys' fees in this action.

**SEVENTH CLAIM FOR RELIEF---VIOLATION OF CALIFORNIA CIVIL CODE § 51.7 ALLEGED BY PLAINTIFF AROGANT HOLLYWOOD AS AGAINST DEFENDANTS PUBLIC STORAGE, INC., PUBLIC STORAGE PROPERTIES XV, INC., PS ORANGECO HOLDINGS, INC., & DOES 1-10.**

306.   Plaintiff Arogant Hollywood re-allege and incorporate by reference paragraphs 1-305.

Verified Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 |42 U.S.C. §§ 12101, 12203, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code §§ 51.7, 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Negligent Retention, Gross Negligence, Negligent Intentional Infliction of Emotional Distress, & Conversion
-Page 98 of 192

307.   The conduct of Defendants violated California Civil Code § 51.7 in that Defendants violated Plaintiff's rights to be free from any violence, [9] or intimidation by threat of violence because of his race, color, religion, ancestry, and national origin.

308.   As a direct, foreseeable and proximate result of Defendants' violation of Civil Code § 51.7 and other state constitutional rights, Plaintiff Arogant Hollywood suffered violation of his civil rights.

309.   As a direct, foreseeable, and proximate result of said wrongful acts by Defendants, Plaintiff suffered incidental and consequential damages and losses, all in an amount to be proven at time of trial. Plaintiff claims such amount as damages together with prejudgment interest pursuant to Civil Code § 3287 and any other provision of law providing for prejudgment interest.

310.   As a further direct, foreseeable, and proximate result of said wrongful acts by Defendants. Plaintiff Arogant Hollywood suffered and will continue to suffer humiliation, shame, despair, embarrassment, depression, anxiety, a complete disruption of his life, and mental pain and anguish, all to Plaintiff's damage in an amount to be proven at time of trial.

311.   As a further direct, foreseeable, and proximate result of said wrongful acts by Defendants Plaintiff has incurred attorney's fees in an amount to be determined, for which Plaintiff claims a sum to be established [10] according to proof.

312.   The conduct of Defendants Public Storage, PS Orangeco, PS Properties and their agents and employees as described herein was oppressive, fraudulent and malicious, done in conscious disregard of Plaintiff's rights, and one by managerial employees of Defendants. Plaintiff is thereby entitled to an award of punitive damages against Defendants, in an amount appropriate

Verified Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12101, 12203, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code §§ 51.7, 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Negligent Retention, Gross Negligence, Negligent Intentional Infliction of Emotional Distress, & Conversion
–Page 99 of 192

to punish and make an example of Defendants, and in an amount to conform to proof.

313.    **WHEREFORE**, Plaintiff Arogant Hollywood demands judgment against Defendants Public Storage, Inc., PS Orangeco Holdings, Inc., and Public Storage Properties XV, Inc. on the seventh claim for relief of the Plaintiff's complaint in the amount that will justly compensate Plaintiff Hollywood for his damages, together with costs and attorneys' fees in this action.

**EIGHTH CLAIM FOR RELIEF---VIOLATION OF CALIFORNIA CIVIL CODE § 52.1 ALLEGED BY PLAINTIFF AROGANT HOLLYWOOD AS AGAINST DEFENDANTS PUBLIC STORAGE, INC., PUBLIC STORAGE PROPERTIES XV, INC., PS ORANGECO HOLDINGS, INC., & DOES 1-10.**

314.    Plaintiff Arogant Hollywood re-allege and incorporate by reference paragraphs 1-313.

315.    California Civil Code § 52.`1 (b), states the following: Any individual whose exercise or enjoyment of rights secured by the Constitution or laws of the United States, or of rights secured by the Constitution or laws of this state, has been interfered with, or attempted to be interfered with, as described in subdivision (a), may institute and prosecute in his or her own name and on his or her own behalf a civil action for damages, including, but not limited to, damages under Section 52, injunctive relief, and other appropriate equitable relief to protect the peaceable exercise or enjoyment of the right of rights secured.

316.    The conduct of Defendants violated California Civil Code § 52.1, in that Defendants, attempted to, and did, by threats, intimidation, or coercion, and threatening to use wrongful and deadly force, interfere with Plaintiff Arogant Hollywood's civil rights secured by the Constitution or laws of the United States, including the right to be free from discrimination.

Verified Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12101, 12203, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code §§ 51.7, 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Negligent Retention, Gross Negligence, Negligent Intentional Infliction of Emotional Distress, & Conversion
-Page 100 of 192

317.   Defendants' interference with Plaintiff Arogant Hollywood's exercise and enjoyment of his civil and constitutional rights, as herein alleged, were due [11] to Plaintiff's race, color, religion, ancestry, and national origin.

318.   Defendants attempted to, and did, by threats, intimidation, and coercion, interfere with the exercise and enjoyment of the civil and constitutional rights of Plaintiff Hollywood secured by the California State Constitution.

319.   Defendants' interference with Plaintiff's enjoyment of his civil and constitutional rights, as alleged herein, was due to Plaintiff's race, color, religion, ancestry, and national origin.

320.   Such actions by Defendants were without any legitimate cause or justification and were intentional, malicious, reckless and in bad faith.

321.   As a direct and legal result of Defendants' violation of Civil Code § 52.1 and other state constitutional rights, Plaintiff Arogant Hollywood suffered violations of his civil rights.

322.   By virtue of the provisions of Civil Code § 52.1, Defendants acted willfully, maliciously, intentionally, oppressively and in reckless disregard of the possible consequences of their conduct and accordingly, Plaintiff is entitled [12] to and hereby demand punitive and exemplary damages for the sake of example and by way of punishing Defendants in an amount to be proven at trial.

323.   By virtue of the provisions of Civil Code § 52.1, Plaintiff Arogant Hollywood is entitled to and demand three times the amount of actual damages.

324.   By virtue of the provisions of Civil Code § 52.1, Plaintiff is entitled to and demand a civil

Verified Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12101, 12203, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code §§ 51.7, 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Negligent Retention, Gross Negligence, Negligent Intentional Infliction of Emotional Distress, & Conversion
-Page 101 of 192

penalty of twenty-five thousand dollars.

325.   By virtue of the provisions of Civil Code § 52.1, Plaintiff is entitled to and demands and award of reasonable attorneys' fees.

326.   By virtue of the provisions of Civil Code § 52.1, Plaintiff seek, on his own behalf and on behalf of the general public, an injunction to prohibit Defendants from engaging in the unfair business practices complained of herein.

327.   The conduct of Defendants and their agents and employees as described herein was oppressive, fraudulent and malicious, done in conscious disregard of Plaintiff Arogant Hollywood's civil rights, and done by managerial employees of Defendants Public Storage, PS Properties, and PS Orangeco. Plaintiff is thereby entitled to an award of punitive damages against Defendants, in an amount appropriate to punish and make an example of Defendants, [13] and in an amount to conform to proof.

328.   **WHEREFORE**, Plaintiff Arogant Hollywood demands judgment against Defendants Public Storage, Inc., Public Storage Properties XV, Inc., PS Orangeco Holdings, Inc., and DOES 1-10 on the eighth claim for relief of Plaintiffs' civil rights complaint in the amount that will justly compensate Plaintiff Hollywood for his damages, together with costs and attorneys' fees in this action.

## NINTH CLAIM FOR RELIEF---DISCRIMINATION IN VIOLATION OF TITLE II OF THE CIVIL RIGHTS ACT of 1964, U.S.C.S. 42 § 1981 (EQUAL RIGHTS) ALLEGED BY PLAINTIFF AROGANT HOLLYWOOD AS AGAINST DEFENDANTS PUBIC STORAGE, INC., PUBLIC STORAGE PROPERTIES XV, INC, PS ORANGECO HOLDINGS, INC., & DOES 1-10.

Verified Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12101, 12203, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code §§ 51.7, 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Negligent Retention, Gross Negligence, Negligent Intentional Infliction of Emotional Distress, & Conversion
–Page 102 of 192

329.   Plaintiff Arogant Hollywood re-allege and incorporate by reference paragraphs 1-328.

330.   Plaintiff **AROGANT HOLLYWOOD** is a tenant owner of Defendants' 5548 Arrow Highway self-storage facility, entitled to his right to pay for his self-storage unit rent and continue to have commercial, non-residential occupy at Defendants' Montclair Public Storage location before, on and after June 16, 2018.

331.   At all relevant times Defendants acted under the color of state law.

332.   At no time state herein and throughout this civil rights complaint did Arogant Hollywood engage in any wrongdoing or was the subject of any complaint by Defendants' 5548 Arrow Highway, Montclair, CA Public Storage management, employees, guests, prospective tenants, business tenants and personal use tenants, except for one single tenant. In this civil rights complaint, Plaintiff Hollywood is a civil rights victim.

333.   At all relevant times Defendants Public Storage, PS Orangeco, and PS Properties were involved with the evil actions of conspiring to wrongly remove a 39-year-old African-American (black) man from his self-storage premises.

334.   At all relevant times Defendants Public Storage, PS Orangeco, Bradley, and PS Properties were involved with the evil actions of conspiring to wrongly remove a 39-year-old African-American (black) man's personal property from his two self-storage units, Spaces # 279 and # 287.

335.   At all relevant times stated throughout this lawsuit Plaintiff Hollywood's two self-storage units, Spaces # 279 and # 287 were both paid up in full at the time of Defendants' planned, conspired and acted unlawful removal of Plaintiff Hollywood from his real property located at

Verified Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12101, 12203, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code §§ 51.7, 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Negligent Retention, Gross Negligence, Negligent Intentional Infliction of Emotional Distress, & Conversion
–Page 103 of 192

5548 Arrow Highway, Montclair, CA.

336.   At all relevant times stated throughout this lawsuit Plaintiff Arogant Hollywood's two self-storage units, Spaces # 279 and # 287 were both paid up in full at the time of Defendants' illegal and unconstitutional overlock of his two self-storage units on June 21, 2018.

337.   At all relevant times, Defendants' property managers, district managers, regional managers, supervisors, corporate executives, and employees were employed by and were fully involved with the interest of having Arogant Hollywood discriminated against and removed from its premises permanently.

338.   At all relevant times stated in this lawsuit two commercial real estate self-storage units, Spaces # 279 and # 287 were paid in full for a full thirty days in advance on the following days: June 15, 2018, June 16, 2018, June 18, 2018, June 19, 2018 and June 21, 2018, located at 5548 Arrow Highway, Montclair, California, Room 2067, and all relevant times Plaintiff Hollywood had legal standings and legitimacy to reside in Room 2067.

339.   Plaintiff Arogant Hollywood is of African-American (black) descent, and Plaintiff's race is black. As a black man Plaintiff Hollywood is part of a group of protected United States citizens.

340.   Under Title II of Civil Rights Act of 1964 Defendants may not discriminate against Arogant Hollywood based on his race.

341.   Plaintiff Hollywood hereby alleges that Defendants and their corporate employees treated similarly situated individuals outside of his racial group differently.

Verified Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12101, 12203, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code §§ 51.7, 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Negligent Retention, Gross Negligence, Negligent Intentional Infliction of Emotional Distress, & Conversion
–Page 104 of 192

342.    Plaintiff Hollywood hereby alleges that Defendants and their 5548 Arrow Highway, Montclair Public Storage employees treated similarly situated individuals outside of his racial group differently.

343.    Plaintiff Hollywood hereby alleges that Defendants and their corporate employees were motivated by racial animus when they refused to contract with Arogant Hollywood on equal terms as their Caucasian 5548 Arrow Highway, Montclair, CA Public Storage guests, tenants, patrons, or customers.

344.    Plaintiff Hollywood hereby alleges that Defendants and their 5548 Arrow Highway, Montclair Public Storage employees were motivated by racial animus when they refused to contract with Arogant Hollywood on equal terms as their Caucasian 5548 Arrow Highway, Montclair, CA Public Storage guests, tenants, patrons, or customers.

345.    Plaintiff Hollywood hereby alleges that Defendants' refusal to contract on equal terms was based on Plaintiff's race, ethnicity, and/or national origin.

346.    Plaintiff Hollywood hereby alleges that Defendants were motivated by racial animus when they terminated the rental contract of Arogant Hollywood, as evidenced by several of Defendants' Caucasian employees calling Plaintiff Hollywood racial slurs for African-Americans such as *"nigger, and black ass"*.

347.    Plaintiff Hollywood hereby alleges that Defendants were motivated by racial animus when they terminated the rental contract of Arogant Hollywood, as evidenced by several of Defendants' Caucasian employees contacting law enforcement on Plaintiff Hollywood on June 16, 2018, and June 18, 2018.

Verified Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12101, 12203, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code §§ 51.7, 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Negligent Retention, Gross Negligence, Negligent Intentional Infliction of Emotional Distress, & Conversion
-Page 105 of 192

348.   Plaintiff Hollywood hereby alleges that Defendants were motivated by racial animus when they terminated the rental contract of Arogant Hollywood, as evidenced by several of Defendants' Caucasian employees overlocking Plaintiff Hollywood's two self-storage units, Spaces # 279 and # 287, while Plaintiff was not in default of his rental payment, in violation of the California self-storage act, **California Business & Professions Code § 21705, and AB-1108 Self-service storage facilities. (2017-2018).**

348.   Plaintiff Hollywood hereby alleges that Defendants were motivated by racial animus when they petitioned for a workplace violence restraining order, and alleged false accusations that Plaintiff Hollywood had threatened to kill a Caucasian employee named Lauren Scotvold.

349.   Plaintiff Hollywood hereby alleges that Defendants were motivated by racial animus when they blocked and/or revoked the gate code access of Plaintiff Hollywood, in violation of the California self-storage act, **California Business & Professions Code § 21705, and AB-1108 Self-service storage facilities. (2017-2018).**

350.   Plaintiff Hollywood hereby alleges that Defendants were motivated by racial animus when they had city of Montclair police department peace officers physically remove, and trespass Plaintiff from his self-storage units' premises on June 16, 2018.

351.   Plaintiff Hollywood hereby alleges that Defendants were motivated by racial animus when they used the San Bernardino superior court to initiate frivolous court proceedings so that they could racially discriminate against Plaintiff Hollywood and interfere with his constitutional 14th amendment rights.

352.   Plaintiff Hollywood hereby alleges that Defendants were motivated by racial animus when they terminated his rental lease and demanded that he vacate his two self-storage units,

Verified Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 |42 U.S.C. §§ 12101, 12203, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code §§ 51.7, 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Negligent Retention, Gross Negligence, Negligent Intentional Infliction of Emotional Distress, & Conversion
–Page 106 of 192

Spaces # 279 and # 287.

353.    Plaintiff Hollywood hereby alleges that Defendants were motivated by racial animus when their Caucasian and Anglo district and regional managers listed Plaintiff Hollywood's two self-storage units, Spaces # 279 and # 287, on their PS Orangeco website called *publicstorageauctions.com* without sending Plaintiff Hollywood a notice of preliminary lien, violating **California Business & Professions Code § 21703, and AB-1108 Self-service storage facilities. (2017-2018).**

354.    Congress enacted the Civil Rights Act to ensure that a dollar in the hands of a Negro will purchase the same thing as a dollar in the hands of a white... " *Jones v. Alfred H. Mayer Co., 393 U.S., 409, 443 (1968).:* The aim of [the Act] is to remove the impediment of discrimination from a minority citizen's ability to participate fully and equally in the marketplace. *"Bobbit v. Bobbitt v. Rage, Inc., 19 F. Supp. 2d 512, 516 (W.D.N.C. 1998)*; **see also** *Patterson v. McLean Credit u/nion, 491 U.S. 164, 190 (1989).*

355.    Through 42 U.S.C. § 1981, "Congress intended to prohibit 'all racial discrimination, private and public, in the sale of property." And in the making and enforcement of contracts. *Runyon v. McCrary, 427, U.S. 160, 170* (1976) (*quoting Jones v. Alfred H. Mayer Co., 392 U.S. 409, 437 (1968)*. It is the aim of the statute "to remove the impediment of discrimination from a minority citizen's ability participate fully and equally in the marketplace." *Brown v. American Honda Motor Co., 939 F.2d 946, 949* (11ᵗʰ Cir. 1991).

356.    Plaintiff Arogant Hollywood hereby alleges that he is a member of a racial minority, that Defendants intended to discriminate against him based on his race, and that the discrimination concerned at least one, if not more, of the activities enumerated in the statute.

Verified Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12101, 12203, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code §§ 51.7, 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Negligent Retention, Gross Negligence, Negligent Intentional Infliction of Emotional Distress, & Conversion
–Page 107 of 192

357.   42 U.S.C. § 1981 provides: (a) Statement of Equal Rights

All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other. (b) "Make and Enforce Contracts" Defined For purposes of this section, the term "make and enforce contracts" includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship.

(c)  Protection Against Impairment

The rights protected by this section are protected against impairment by nongovernmental discrimination and impairment under color of State law.

358.   Plaintiff Arogant Hollywood alleges that Defendants treated similarly situated individuals outside of his racial group differently.

359.   Plaintiff Arogant Hollywood alleges that Defendants were motivated by racial animus when they refused to contract on equal terms with Arogant Hollywood based on his race.

360.   Plaintiff Arogant Hollywood alleges that those benefits, privileges, terms and conditions of which Arogant Hollywood was deprived or whose right to same was impaired by acts of discrimination, were enjoyed by white citizens of the United States, in violation of 42 U.S.C. § 1981.

361.   Plaintiff Arogant Hollywood hereby alleges that the discrimination complained of is causally connected to his race, which is black.

Verified Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12101, 12203, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code §§ 51.7, 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Negligent Retention, Gross Negligence, Negligent Intentional Infliction of Emotional Distress, & Conversion
−Page 108 of 192

362.    Indirect evidence of discriminatory intent is circumstantial evidence from which racial motivation can be inferred. See *Hampton v. Dillard Dep't Stores, 247 F.3d 1091, 1109 (10th Cir. 2001), cert. Denied, 534 U.S. 1131 (2002)* (stating that evidence of discrimination need not be admitted); *Joseph v. N.Y. Yankees P'ship, No. 00 CIV. 2275(SHS), 2000 WI. 1559019, at *5 (S.D.N.Y. Oct. 19, 2000)* (explaining that discriminatory intent can be inferred when plaintiff can show specific instances where individuals situated similarly "in all relevant aspects" were treated differently according to their race); *Washington v. Duty Free Shoppers, Ltd., 710 F. Supp. 1288, 1289 (N.D. Cal. 1988)* (explaining that a confession of discrimination is not necessary for finding evidence of discrimination).

363.    Plaintiff Arogant Hollywood hereby avers that the facts as alleged herein present sufficient evidence that Defendants denied Plaintiff Hollywood equal access and privileges while white 5548 Arrow Highway, Montclair, CA guests/tenants were allowed to enter and receive the accommodation and services of Defendants' 5548 Arrow Highway, Montclair, CA Public Storage self-storage facility, and that Defendants denied Arogant Hollywood the right to "make and enforce contracts on the same basis as white citizens", while at the same time Defendants refused to accept rental payments from Plaintiff Hollywood, conspired, and forced him off his self-storage premises by employing illegal self-help eviction tactics with the city of Montclair assisting, and by demanding that Plaintiff Hollywood vacate his two self-storage units within 72 hours, which was paid in full for thirty consecutive days at the time and place of said unconstitutional actions of Defendants' employees, while Defendant's did accommodate, serve, make contracts, and accept rent from white tenants and guests paying for self-storage units at Defendants' 5548 Arrow Highway Montclair Public Storage location.

364.    Plaintiff Arogant Hollywood avers he has the option of proving that he was deprived of services while similarly situated persons outside the protected class were not. *Callwood v. Dave*

Verified Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12101, 12203, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code §§ 51.7, 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Negligent Retention, Gross Negligence, Negligent Intentional Infliction of Emotional Distress, & Conversion
–Page 109 of 192

*& Buster's, 98 F. Supp. 2d 694, 707 (D.MD. 2000)*; **see also** *Murrell v. Ocean Mecca Motel, 262 F.3d 253, 257 (4th Cir. 2001)* (stating similar test for establishing a prima facie case of race discrimination in eviction from a business establishment); see *Christian v. Wal-Mart Stores, 252 F.3d 862, 873 (6th Cir. 2001)* (This language: "which makes actionable the deprivation of service, as opposed to an outright refusal of service, better comprehends the realities of commercial establishment cases in which an aggrieved plaintiff may have been asked to leave the place of business prior to completing (his) purchase, refused service within the establishment, or refused outright access to the establishment. It is thus in harmony with the promise of § 1981 (b), which guaranties all persons equal rights in "the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship.")

365.    Plaintiff Arogant Hollywood attempted to contract with Defendants' 5548 Arrow Highway Montclair Public Storage self-storage facility but was repeatedly prevented from doing so. Because Plaintiff Hollywood was denied reasonable accommodation into 5548 Arrow Highway Public Storage when Arogant Hollywood attempted to gain entry, and when Plaintiff Hollywood attempted to make a rental payment, and therefore Plaintiff Hollywood states a plausible cause of action under § 1981 because similarly situated Caucasian tenants and guests were allowed reasonable accommodation to enter 5548 Arrow Highway Public Storage self-storage facility and enter into a contract with said Defendants.

366.    Plaintiff Arogant Hollywood hereby alleges that Defendants' refusal to allow him reasonable accommodation to occupy 5548 Arrow Highway Public Storage, Spaces # 279 and # 287, after Plaintiff Hollywood had in fact paid for his two self-storage units for thirty consecutive days, and committed no wrongdoing, was the equivalent to a refusal to contract with Defendants.

Verified Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 |42 U.S.C. §§ 12101, 12203, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code §§ 51.7, 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Negligent Retention, Gross Negligence, Negligent Intentional Infliction of Emotional Distress, & Conversion
–Page 110 of 192

367.   It was a discriminatory refusal to deal, and the license to enter Defendants' 5548 Arrow Highway Montclair Public Storage was necessary to make good on Plaintiff Hollywood's implicit invitation to deal. Defendant's refusal to accommodate Plaintiff Arogant Hollywood denied a male African-American the right to contract on the same terms and conditions as is enjoyed by white citizens. Further, race-based harassment interferes with the right of a customer of color to contract on the same terms as white customers. See *Brief of Amicus Curia Lawyers' Committee for Civil Rights Under Law, at 5, Hampton v. Dillard Dep't Stores, 247 F. 3d 1091 (10th Cir. 2001) (Nos. 98 3011, 98-3261) cert. denied, 534 U.S. 1131 (2002).*

368.   Plaintiff Arogant Hollywood further believes he can demonstrate that any reasons Defendants may offer that purport to show they excluded Plaintiff Hollywood for legitimate, non-discriminatory reasons are a pretext for discrimination, as Plaintiff Hollywood avers he can show that any such reasons proffered by Defendants have no basis in fact, that the reasons are not the actual reasons, and that the stated reasons are insufficient to explain Defendants' action. See *McDonnell Douglas Corp. v. Green, 411 U.S. 793, 804 (1973); Christian v. Wal-Mart Stores, 252 F. 3d at 879*; **see also** *Johnson v. Univ. of Cincinnati, 215 F. ed 561, 572 (6th Cir. 2000).*

369.   Section 1981, as amended by the Civil Rights Act of 1991, specifically provides that "the term make and enforce contracts' includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship." ***Id.*** § 1981 (b) (emphasis added). This language provides that once a contractual relationship exists, a benefit or privilege of that relationship may not be withheld based on the race of one party to the contract even if the benefit or consideration was not the consideration for the contract. See *Cf. Morris v. Office Max. 89 F.3d 411, 414 (7th Cir. 1996).*

370.   Plaintiff Hollywood hereby alleges that by him paying his self-storage units' rent at

Verified Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12101, 12203, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code §§ 51.7, 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Negligent Retention, Gross Negligence, Negligent Intentional Infliction of Emotional Distress, & Conversion
-Page 111 of 192

Defendants' 5548 Arrow Highway Montclair, CA Public Storage for thirty consecutive days, Plaintiff Hollywood created a contractual relationship, which could not be terminated. Plaintiff Hollywood's occupancy of self-storage units, Spaces # 279 and # 287 created a privilege or benefit of the contractual relationship between Plaintiff Hollywood and Defendants.

371.   Because of the violations of Plaintiff Arogant Hollywood's rights under 42 U.S.C. § 1981, Plaintiff Hollywood has been damaged and claims entitlement to all relief as may have afforded him to redress said wrongs.

372.   There is no exhaustion of state remedies requirement prior to Plaintiff Arogant Hollywood bringing this complaint in federal court. *Plummer v. Chicago Journeyman Plumbers' Local Union No. 130, 452 F.Supp. 1127 (1978)*, rev'd on other grounds *657 F.2d 890 (7th Cir. 1981).*

373.   The District Court generally exercises jurisdiction in conformity with the laws of the United States; however, in cases where those laws are not adequate to furnish suitable remedies, state common law governs. 42 U.S.C. § 1988.

374.   Plaintiff Arogant Hollywood maintains that the Defendants Public Storage, PS Orangeco, PS Properties, and DOES 1-10, and each and all of them, are directly liable to Plaintiff Hollywood under 42 U.S.C. § 1981 for the deliberate and intentional actions of their 5548 Arrow Highway Public Storage Caucasian employees, and their agents and/or partners and/or joint ventures and/or employees and/or representatives.

375.   Plaintiff Arogant Hollywood maintains that the Defendants Public Storage, PS Orangeco, PS Properties, and DOES 1-10, and each and all of them, are directly liable to Plaintiff Hollywood under 42 U.S.C. § 1981 for the deliberate and intentional actions of their 5548

Verified Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12101, 12203, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code §§ 51.7, 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Negligent Retention, Gross Negligence, Negligent Intentional Infliction of Emotional Distress, & Conversion
-Page 112 of 192

Arrow Highway Public Storage Caucasian and Anglo property managers, district managers and regional managers, and their agents and/or partners and/or joint ventures and/or employees and/or representatives.

376.    Plaintiff Arogant Hollywood maintains that the Defendants Public Storage, PS Orangeco, PS Properties, and DOES 1-10, and each and all of them, are directly liable to Plaintiff Hollywood under 42 U.S.C. § 1981 for the deliberate and intentional actions of their 701 Western Avenue, Glendale, CA corporate headquarters Caucasian and Anglo property managers, district managers, regional managers, executives, executive assistants, corporate representatives, and their agents and/or partners and/or joint ventures and/or employees and/or representatives.

377.    Plaintiff Arogant Hollywood maintains alternately that Defendants Public Storage, PS Properties and PS Orangeco are liable to Plaintiff Hollywood under 42 U.S.C. § 1981 pursuant to the doctrine of respondeat superior.

378.    Punitive damages are available under 42 U.S.C. § 1981a "[A] jury may be permitted to assess punitive damages" in a civil rights case "when the defendant's conduct is shown to be motivated by evil motive or intent, or when it involves recklessness or callous indifference to the federally protected rights of others." *Smith v. Wade, 461 U.S. 30, 56 (1983)* (applying common law tort rules to action brought under 42 U.S.C. § 1983); **see also** *Kolstad v. American Dental Ass'n, 527 U.S. 526, 535 (1999)* (recognizing that Congress adopted the Wade standard in providing for punitive damages in Title II and ADA cases); *Bisbal-Ramos v. City of Mayaguez 467 F.3d 16, 25 (1st Cir. 2006)* (quoting Wade)

379.    Plaintiff Arogant Hollywood proffers that the same reasons that punitive damages are necessary to deter the Defendants from engaging in discriminatory conduct in the future, this

Verified Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12101, 12203, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code §§ 51.7, 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Negligent Retention, Gross Negligence, Negligent Intentional Infliction of Emotional Distress, & Conversion
−Page 113 of 192

Court should fashion an appropriate injunction ordering the Defendants to take affirmative steps to prevent similar occurrences.

380.   Plaintiff Arogant Hollywood avers that this Court must impose injunction to force Defendants to take steps to stop its discriminatory treatment of similarly situated African-American tenants and guests of all Defendants' 2,200 Public Storage self-storage facilities.

381.   Arogant Hollywood hereby alleges Defendants engaged in intentional discrimination based on Plaintiff Arogant Hollywood's perceived race, color, ethnicity, or ancestry, and caused Plaintiff Hollywood to suffer deprivation of his right make and enforce contracts, with deliberate and substantial disregard for Plaintiff's rights.

382.   Defendant's actions violated 42 U.S.C.S. § 1981, et seq. This Court cannot in good conscience remain silent while California citizens are subject to invidious racial discrimination.

383.   Plaintiff Arogant Hollywood had a contract with Defendants' 5548 Arrow Highway, Montclair, CA Public Storage self-storage facility. Plaintiff Hollywood created this contract by paying rent for his two self-storage units, Spaces # 279 and # 287 from May 25, 2018 until July 12, 2018.

384.   Defendants' 5548 Arrow Highway, Montclair, CA Public Storage self-storage breached this contract when their Caucasian and Anglo property managers, regional manager, and district managers, Lauren Scotvold, Justin Miller, and Sandy Lau refused to accept rental payments after June 16, 2018, and by using city of Montclair police department peace officers to physically remove Plaintiff, and by threatening to have Plaintiff Hollywood physically arrested on June 18, 2018.

Verified Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12101, 12203, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code §§ 51.7, 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Negligent Retention, Gross Negligence, Negligent Intentional Infliction of Emotional Distress, & Conversion
–Page 114 of 192

385.   Defendants breached this contract when their Caucasian and Anglo employees and managers told Plaintiff Hollywood that he would have to vacate by both of his self-storage units, Spaces # 279 and # 287 within 72 hours.

386.   Defendants breached this contract when their Caucasian and Anglo employees and managers overlocked Plaintiff's two self-storage units, Spaces # 279 and # 287, while Plaintiff Hollywood was not in default of his storage rent, in violation of the California self-storage act, **California Business & Professions Code § 21705, and AB-1108 Self-service storage facilities. (2017-2018).**

387.   Defendants breached this contract when their Caucasian and Anglo employees and managers initiated frivolous state court workplace violence restraining order proceedings that restrained Plaintiff Hollywood from entering the premises where his two self-storage units were located.

388.   Defendants breached this contract when their Caucasian and Anglo employees and managers refused to accept rental payments for Plaintiff's two self-storage units, Spaces # 279 and # 287,

389.   Defendants breached this contract when their Caucasian and Anglo employees and managers blocked Plaintiff Hollywood from paying for two self-storage units, Spaces # 279 and # 287, on Defendants' publicstorage.com website.

390.   Defendants breached this contract when their Caucasian and Anglo employees and managers listed Plaintiff Hollywood's two self-storage units, Spaces # 279 and # 287, on their PS Orangeco website called *publicstorageauctions.com* without sending Plaintiff Hollywood a notice of preliminary lien, violating **California Business & Professions Code § 21703, and**

Verified Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12101, 12203, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code §§ 51.7, 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Negligent Retention, Gross Negligence, Negligent Intentional Infliction of Emotional Distress, & Conversion
-Page 115 of 192

**AB-1108 Self-service storage facilities. (2017-2018).**

391.    The Caucasian and Anglo employees and managers of 5548 Arrow Highway, Montclair, CA Public Storage self-storage facility were at all relevant times agents and/or employees of Defendants Public Storage, PS Properties and PS Orangeco. The Caucasian and Anglo employees and managers that intentionally discriminated against Plaintiff Hollywood were at all times acting at the directions of agent of Defendants.

392.    The Caucasian and Anglo employees, managers, upper management, executives, and executive assistants of 701 Western Avenue, Glendale, CA Public Storage headquarters were at all relevant times agents and/or employees of Defendants Public Storage, PS Properties and PS Orangeco. The Caucasian and Anglo employees and managers that intentionally discriminated against Plaintiff Hollywood were at all times acting at the directions of agent of Defendants.

393.    Plaintiff Arogant Hollywood seek, on his own behalf and the general public, full compensation for the discriminatory acts he suffered.

394.    As a direct, foreseeable, and proximate [14] result of and wrongful acts by Defendants Plaintiff Arogant Hollywood suffered and will continue to suffer humiliation, shame, despair, embarrassment, depression, and mental pain and anguish, all to Plaintiff's damage in an amount to be proven at time of trial.

395.    As a further direct, foreseeable, and proximate result of said wrongful acts by Defendants Plaintiff Hollywood has incurred attorney's fees in an amount to be determined, for which Plaintiff claims a sum to be established according to proof.

396.    The conduct of Defendants and their agents and employees as described herein was

Verified Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12101, 12203, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code §§ 51.7, 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Negligent Retention, Gross Negligence, Negligent Intentional Infliction of Emotional Distress, & Conversion
–Page 116 of 192

oppressive, fraudulent and malicious, done in conscious disregard of Plaintiff's civil rights, and done by managerial employees of Defendants. Plaintiff Arogant Hollywood is thereby entitled to an award of punitive damages against Defendants in amount appropriate to punish and make an example of Defendants, and in an amount to conform to proof.

397.    **WHEREFORE**, Plaintiff Arogant Hollywood demands judgment against Defendants Public Storage, Inc., Public Storage Properties XV, PS Orangeco Holdings, Inc. and DOES 1-10 on the ninth claim for relief of the Plaintiffs' civil rights complaint in the amount that will justly compensate Plaintiff Hollywood for his damages, together with costs and attorneys' fees in this action.

**REMAINING CLAIMS FOR RELIEF ALLEGED BY BOTH ALISON HELEN FAIRCHILD & AROGANT HOLLYWOOD**

**TENTH CLAIM FOR RELIEF---VIOLATION OF 42 USC § 1985 (CONSPIRACY TO INTERFERE WITH CIVIL RIGHTS) ALLEGED BY PLAINTIFFS AROGANT HOLLYWOOD & ALISON HELEN FAIRCHILD AS AGAINST DEFENDANTS PUBLIC STORAGE , INC., PUBLIC STORAGE PROPERTIES XV, INC., PS OROANGECO HOLDINGS, INC., BRADLEY WAYNE HUGHES JR., & DOES 1-10.**

398.    Plaintiffs Arogant Hollywood and Alison Helen Fairchild re-allege and incorporate by reference paragraphs 1-397.

399.    At all relevant times, Defendants' Caucasian and Anglo property managers, supervisors and employees were employed by and were fully involved with the interest of having Arogant Hollywood and Alison Helen Fairchild discriminated against and removed from their 5548 Arrow Highway, Montclair, CA Public Storage self-storage premises permanently.

Verified Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12101, 12203, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code §§ 51.7, 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Negligent Retention, Gross Negligence, Negligent Intentional Infliction of Emotional Distress, & Conversion
−Page 117 of 192

400.    This federal claim for relief is brought against Defendants pursuant to its intentional and willful violations of Plaintiffs' civil rights under 42 USC § 1985.

401.    42 U.S.C. § 1985(3) provides citizens with a cause of action against private conspiracies to violation constitutional rights. No state action prerequisite exists for such lawsuits.

402.    Plaintiffs Arogant Hollywood and Alison Helen Fairchild alleges conspiracy to interfere with his civil rights under 42 U.S.C. § 1985(3). Section 1985(3) provides, in pertinent part, that: "If two or more persons…go…on the premises of another, for the purpose of depriving…any person…of the equal protection of the laws, or of equal privileges and immunities under the laws, or for the purpose of preventing or hindering the constituted authorities…from giving or securing to all persons… the equal protection of the laws[;]…the party so injured or deprived may have an action for the recovery of damages occasioned by such injury or deprivation…." *Id.* It is well settled that "[t]o state a claim under § 1985(3), there must be 'some racial, or perhaps otherwise class-based invidiously discriminatory animus behind the conspirators' action.'" *Gedrich v. Fairfax County Dep't of Family Servs., 91 S.Ct. 1790, 29 L. Ed. 2d 338 (1971)).*

403.    Defendant conspirator(s) become the agent of the other conspirator(s), and any act done by one of the combination is regarded under the law as the act of both or all. In other words, what one does, if there is this combination, becomes the act of both or all of them, no matter which individual may have done it. This is true to each member of the conspiracy, even those whose involvement was limited to a minor role in the unlawful transaction, and it makes no difference whether or not such individual shared in the profits of the actions. (Am. Jur. Pleading and Practice Forms, Conspiracy § 9).

Verified Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12101, 12203, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code §§ 51.7, 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Negligent Retention, Gross Negligence, Negligent Intentional Infliction of Emotional Distress, & Conversion
–Page 118 of 192

404.   Plaintiffs Arogant Hollywood and Alison Helen Fairchild alleges that the Defendants, and each of them, engaged in an illegal conspiracy to interfere with Plaintiffs Arogant Hollywood and Alison Helen Fairchild's civil rights in violation of 42 U.S.C. § 1985.

405.   Specifically, the Defendants, and each of them, did, in violation of 42 U.S.C. § 1985(3), conspire with another for the purpose of depriving, either directly or indirectly, Plaintiff Arogant Hollywood as a member of the African-American (black) class of persons, of the equal protection of the laws, and of equal privileges and immunities under the laws.

406.   Specifically, the Defendants, and each of them, did, in violation of 42 U.S.C. § 1985(3), conspire with another for the purpose of depriving, either directly or indirectly, Plaintiff Alison Helen Fairchild as a member of the disabled/handicapped class of persons, of the equal protection of the laws, and of equal privileges and immunities under the laws.

407.   As alleged herein, Defendants maliciously conspired with conspirators/co-conspirators with the intent to injure Plaintiffs Arogant Hollywood and Alison Helen Fairchild. Defendants and many of their employees violated § 1985 by each of them participating in plans and conspiracies to forcefully remove Plaintiffs, use law enforcement to physically remove Plaintiffs, initiate frivolous state court workplace violence petition to restraining Arogant Hollywood from entering his self-storage units, by blocking Plaintiffs from paying self-storage rent on Spaces # 279 and # 287, by deactivating Plaintiffs' gate access code, by conspiring and planning to sell Plaintiffs' personal property and empty out both of Plaintiffs' self-storage units, in violation of California state law and federal statutes as well. By overlocking Plaintiffs' two self-storage units while they were not in default of their rental payments on either unit, Spaces # 279 and # 287. By engaging in these conspired acts together, and with multiple conspirators involved, Defendants denied Plaintiffs Alison Helen Fairchild and Arogant Hollywood reasonable accommodation, and denied Plaintiffs their rights to make and enforce contracts with

Verified Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12101, 12203, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code §§ 51.7, 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Negligent Retention, Gross Negligence, Negligent Intentional Infliction of Emotional Distress, & Conversion
–Page 119 of 192