Arogant Hollywood
Alison Helen Fairchild
1308 East Colorado Blvd.
Pasadena, CA 91106
(323) 200-4449
(626) 714-9527
causeofaction39@gmail.com
alisonhfairchild@gmail.com

Plaintiffs in Federal Pro-Se Litigation

# UNITED STATES DISTRICT COURT
## DISTRICT OF THE STATE OF CALIFORNIA
## CENTRAL DISTRICT, WESTERN DIVISION

|  |  |
|---|---|
| AROGANT HOLLYWOOD, ALISON HELEN FAIRCHILD, | Case No. 5:18-cv-01822-JGB-GJS |
| Plaintiff(s), | USDJ: Honorable Jesus G. Bernal<br>Ctrm:  3470 Twelfth St., Courtroom 1<br>USMJ: Honorable Gail J. Standish<br>Ctrm:  255 East Temple St., 640, 6th Floor |
| vs. | |
| | Date of Hearing:    September 5, 2018 |
| PUBLIC STORAGE, INC., PUBLIC STORAGE PROPERTIES XV, INC., PS ORANGECO HOLDINGS, INC., BRADLEY WAYNE HUGHES JR., DOES 1-10, | |
| Defendant(s), | |

**MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION**

**PLAINTIFFS' APPLICATION FOR TRO, OSC, & PRELIMINARY INJUNCTION - 1**

Pursuant to Fed. R. Civ. P. 65 and L.R. 65-1, Plaintiffs Arogant Hollywood and Alison Helen Fairchild hereby move this Court to issue a Temporary Restraining Order and Preliminary Injunction restraining Defendants from illegally auctioning Plaintiffs' personal property in violation of the laws of the United States and the state of California.

Plaintiffs seek an order compelling Defendants to show cause why this TRO and Preliminary Injunction should not be granted. An order compelling Defendants to stop violating Plaintiffs' constitutional rights under Title II of the Civil Rights Act of 1964 and Title III of the American Disabilities Act of 1990. In support of this motion, Plaintiffs' rely upon the attached memorandum of points and authorities.[1]

A proposed order is attached.

**ORAL ARGUMENT REQUESTED**

Respectfully submitted,

By: _Arogant Hollywood_

Arogant Hollywood, Plaintiff in Pro-Se Litigation
1308 East Colorado Blvd.
Pasadena, CA 91106
(323) 200-4449
causeofaction39@gmail.com

---

[1] Pursuant to L.R. 65-1(a), Plaintiffs' memorandum includes the declaration of Arogant Hollywood. The Hollywood Declaration states that, prior to the filing of this motion, Arogant Hollywood provided Defendants actual notice of the filing, including copies of all pleadings and papers. Defendants refused to accept ex-parte application notice. See Hollywood Declaration at ¶¶

**PLAINTIFFS' APPLICATION FOR TRO, OSC, & PRELIMINARY INJUNCTION - 2**

By: _____

Alison Helen Fairchild, Plaintiff in Pro-Se Litigation
1308 East Colorado Blvd.
Pasadena, CA 91106
(626) 714-9527
alisonhfairchild@gmail.com

# CERTIFICATE OF SERVICE

I certify that on September 2, 2018, I served one copy of the foregoing *Plaintiffs' Application for TRO & Preliminary Injunction*, *Appendix of Exhibits in Support of TRO, Proposed Order, Declaration RE Notice,* and any and all attachments, by CM/ECF and by electronic mail (.pdf format) on the following:

Nathaniel Antonni Vitan **(State Bar # 802714)**
700 Western Avenue
Glendale, CA 91201
nvitan@publicstorage.com

Attorney for Defendants and California registered agent for service

Tammy Lynn Gardner **(State Bar # 315253)**
700 Western Avenue
Glendale, CA 91201
tgardner@publicstorage.com

Attorney for Defendants and Attorney who Accepted Service of Summons and Complaint

Kent Roger Christensen
Call & Jensen
610 Newport Center Drive
Suite 700
Newport Beach, CA 92660
kchristensen@calljensen.com

Attorney for Defendants

Matthew R. Orr
Call & Jensen
610 Newport Center Drive
Suite 700
Newport Beach, CA 92660
morr@calljensen.com

Attorney for Defendants

Melinda Evans
Call & Jensen
610 Newport Center Drive
Suite 700
Newport Beach, CA 92660
mevans@calljensen.com

Attorney for Defendants
Scott J. Ferrell
Pacific Trial Attorney APC
4100 Newport Place
Suite 800
Newport Beach, CA 92660
sferrell@pacifictrialattorneys.com

Richard H. Hikida
Newport Trial Group APC
4100 Newport Place
Suite 800
Newport Beach, CA 92660
rhikida@trialnewport.com

Attorney for Defendants


Tyler J. Woods
Newport Trial Group APC
4100 Newport Place Drive
Suite 800
Newport Beach, CA 92660
twoods@pacifictrialattorneys.com


Attorney for Defendants

Matthew M. Wrenshall
Reed Smith LLP
355 South Grand Avenue
Suite 2900
Los Angeles, CA 90071
mwrenshall@reedsmith.com

**PLAINTIFFS' APPLICATION FOR TRO, OSC, & PRELIMINARY INJUNCTION - 5**

Attorney for Defendants

Tuan Van Uong
Reed Smith LLP
355 South Grand Avenue
Suite 2900
Los Angeles, CA 90071
tuong@reedsmith.com

Attorney for Defendants

Melissa T. Daugherty
Lewis Brisbois Bisgaard and Smith LLP
633 West 5th Street
Suite 4000
Los Angeles, CA 90071
melissa.daughtery@lewisbrisbois.com

Attorney for Defendants

Kelley Marie Blasa Fox
Lewis Brisbois Bisgaard and Smith LLP
633 West 5th Street
Suite 4000
Los Angeles, CA 90071
kelley.fox@lewisbrisbois.com

**I declare under the penalty of perjury under the laws of the state of California and federal laws of the United States constitution that the above documents were electronically served on Defendants' attorneys**

By: _Arogant Hollywood_
Arogant Hollywood, Plaintiff in Pro-Se Litigation
1308 East Colorado Blvd.
Pasadena, CA 91106
(323) 200-4449
causeofaction39@gmail.com

**UNITED STATES DISTRICT COURT**
**DISTRICT OF THE STATE OF CALIFORNIA**
**CENTRAL DISTRICT, WESTERN DIVISION**

| | |
|---|---|
| AROGANT HOLLYWOOD,<br>ALISON HELEN FAIRCHILD,<br><br>                    Plaintiff(s),<br><br>        vs.<br><br><br><br>PUBLIC STORAGE, INC., PUBLIC<br>STORAGE PROPERTIES XV, INC., PS<br>ORANGECO HOLDINGS, INC.,<br>BRADLEY WAYNE HUGHES JR.,<br>DOES 1-10,<br><br><br>                    Defendant(s), | **Case No. 2:18-CV-02098-JGB(GJS)**<br><br>USDJ: Honorable Jesus G. Bernal<br>Ctrm:  3470 Twelfth St., Courtroom 1<br>USMJ: Honorable Gail J. Standish<br>Ctrm:  255 East Temple St., 640, 6th Floor |

**MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION FOR TEMPORARY RESTRAINING ORDER, OSC AND PRELIMINARY INJUNCTION**

Plaintiffs Arogant Hollywood and Alison Helen Fairchild submit the following memorandum of points and authorities in support of Plaintiffs' motion for a temporary restraining order and preliminary injunction.[2]

---

[2]  Pursuant to L.R. 65-1, prior to filing this motion, Plaintiff Arogant Hollywood provided Defendants actual notice of the of this ex-parte application.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# TABLE OF CONTENTS                                        Pages

TABLE OF CONTENTS…………...................................................................i

TABLE OF AUTHORITIES……………….....................................................ii

I.    PLAINTIFFS' GENERAL ALLEGATIONS…………………………………...1

II.    INTRODUCTION…………………...……………………….......................5

III.   STATEMENT OF FACTS……………………………………………….6

IV.   LEGAL ARGUMENT………………………………………………………..12

A.   Legal Standards…………………………………………………………12

B.   **Defendants' Are Deliberately Violating Plaintiffs' 14th Amendment Rights**…………………………………………………………………14

C.   **Defendants Are Deliberately Violating AB-1108 Self-service storage facilities. (2017-2018)**……………………………………………15

D.   **Defendants Violated the American Disabilities Act of 1990, and Plaintiff Fairchild is Therefore, Likely to Prevail on the Merits of her Claim**……….16

E.   **Defendants Violated Title II of Civil Rights Act of 1964, and Plaintiff Hollywood Is Therefore, Likely to Prevail on the Merits of his Claim**………17

F.   **Plaintiffs Will Suffer Irreparable Harm if this Court Does Not Enjoin Defendants from Going Forth with Unconstitutional and Illegally Planned Public Auction on September 7, 2018**………………………………..19

G.   **Even After the Filing and Service of This Civil Rights Complaint Defendants Continue their Conversion of Plaintiffs' Personal Property, and Plaintiffs Are Therefore Likely to Prevail on their Claim for Conversion**……………………………………………………20

V.   CONCLUSION.......................................................................20

---

**PLAINTIFFS' APPLICATION FOR TRO, OSC, & PRELIMINARY INJUNCTION - i**

# TABLE OF AUTHORITIES

**Cases**                                                                                                    **Pages**

*Cf. Morris v. Office Max. 89 F.3d 411, 414 (7ᵗʰ Cir. 1996)*…………………………………18

*Earth Island Institute v. Mosbacher, 746 F. Supp. 964 (N.D. Cal. 1990)*…………….....13

*Plaza Health Laboratories, Inc. v. Perales, 878 F.2d 577 (1989)*………………………13

*Resolution Trust Corp. v. Elman, 761 F. Supp. 245 (S.D.N.Y. 1991)*…………..……….13

*Winter v. Natural Res. Def. Council, 555 U.S. 7, 20 (2008)*..…………………………..13


**Federal Statutes & Laws**

American Disabilities Act of 1990………………………………………………......16, 17

Civil Rights Act of 1964…………………………………………………………………17

United States Constitution Amendment XIV…………………………………………14


**California State Statutes & Laws**

AB-1108………………………………………………………………………......15, 20

California Business & Professions Code § 21703………………………………………16

California Business & Professions Code § 21705………………………………………16

## APPLICATION FOR TEMPORARY RESTRAINING ORDER

Plaintiffs Arogant Hollywood and Alison Helen Fairchild hereby petition this Court for a temporary restraining order and preliminary injunction restraining Defendants Public Storage, Inc., Public Storage Properties XV, Inc., PS Orangeco Holdings, Inc., and Bradley Wayne Hughes Jr. **(hereinafter collectively "Defendants"),** their agents, servants, employees, property managers, district managers and regional managers from illegally disposing of Plaintiffs' personal property without first obtaining a court order from state superior court, as Plaintiffs have submitted a declaration in opposition to lien sale several times over the past month, and Defendants have chosen to ignore Plaintiffs' declaration in opposition to lien sale.

Plaintiffs are petitioning this Court for an order compelling Defendants to show cause why a preliminary injunction should not be granted enjoining Defendants [and its agents, servants, and employees] from committing or performing the above described acts during the pendency of this action.

This ex-parte application for TRO preliminary injunction is made on the grounds that based on the filed civil rights complaint Plaintiffs are entitled to the relief requested, and this relief consists of restraining the Defendants and its agents from the commission or continuance of the acts complained of, either for a limited period of time or perpetually.

This ex-parte application for a temporary restraining order is made on the grounds that the declaration of Arogant Hollywood and Alison Helen Fairchild show evidence that Plaintiffs would clearly suffer great irreparable harm if the said Defendants, and its agents are not enjoined to cease their illegal, unconstitutional, evil and deliberate acts that are causing a substantial amount of emotional distress to both Plaintiffs, and specifically Plaintiff Fairchild. This ex-parte application is made on the grounds that several allegations alleged throughout Plaintiffs' civil rights complaint provide information that both Plaintiffs would suffer irreparable harm if their temporary restraining order request was not granted.

This ex-parte application is made on the grounds that great irreparable harm and emotional injury will result to both Plaintiffs before the matter can be heard on proper notice

as Defendants have already made plans to illegally sale and/or dispose of Plaintiffs' personal property on September 7, 2018. **[Exhibit 2]**

**PLAINTIFFS AROGANT HOLLYWOOD AND ALISON HELEN FAIRCHILD HEREBY ALLEGE:**

(1.)     Plaintiff **AROGANT HOLLYWOOD** is and has been a resident of Ontario, California at all relevant times stated throughout this ex-parte application. Plaintiff Hollywood is a non-tenant owner of personal property located at 5548 Arrow Highway, Space # 279, Montclair, CA 91764. Plaintiff Hollywood is a tenant owner of personal property located at 5548 Arrow Highway, Space # 287, Montclair, CA 91764.

(2.)     Plaintiff **ALISON HELEN FAIRCHILD** is and has been a resident of Ontario, California at all relevant times stated throughout this ex-parte application. Plaintiff Fairchild is a non-tenant owner of personal property located at 5548 Arrow Highway, Space # 279, Montclair, CA 91764.
Plaintiff Fairchild is a non-tenant owner of personal property located at 5548 Arrow Highway, Space # 287, Montclair, CA 91764.

(3.)     Defendants Public Storage, Inc., and PS Orangeco Holdings, Inc. are incorporated California businesses that operate in the city of Glendale, California.

(4.)     Defendant Public Storage Properties, Inc. XV, is a merged-out California corporation.

(5.)     Defendant Bradley Wayne Hughes Jr. is an individual over the age of 18 years-old and a major shareholder of Defendants Public Storage, Inc., PS Orangeco Holdings, Inc., and Public Storage Properties XV, Inc.

(6.)    On June 27, 2018 Defendants were granted a TRO, and since June 27, 2018 Plaintiff Hollywood has been unable to retrieve property and/or bring new personal property into his two self-storage units.

(7.)    On June 16, 2018 Defendants requested that city of Montclair police department peace officers physically remove Plaintiffs Arogant Hollywood and Alison Helen Fairchild from 5548 Arrow Highway, Montclair, CA 91764.

(8.)    On June 21,2018 Defendants deactivated Plaintiffs' gate access code to enter 5548 Arrow Highway, Montclair, CA 91764, Spaces # 279 and # 287.

(9.)    On June 21, 2018 Defendants overlocked Plaintiffs' two self-storage units, Spaces # 279 and # 287 by cutting off one of Plaintiffs' locks for each unit and replacing it with one of their red colored locking mechanisms reserved for those Public Storage tenants in default of their rent.

(10.)   On June 27, 2018 Defendants were granted a TRO, and since June 27, 2018 Plaintiff Fairchild has been unable to retrieve property and/or bring new personal property into her two self-storage units because Plaintiff is disabled and unable to open her self-storage units without the assistance of Plaintiff Hollywood.

(11.)   In early July 2018 Defendants began blocking Plaintiffs' ability to pay for their two self-storage units online at: publicstorage.com

(12.)   In early August 2018 Defendants listed Plaintiffs' personal property on publicstorageauctions.com

(13.)   Defendants have planned and conspired to unlawfully and illegal enter Plaintiffs' two self-storage units on September 7, 2018 and illegally sale Plaintiffs' personal property to the highest bidder, disposing of all Plaintiffs' personal property valued at over $ 20,000.

(14.)   As of August 30, 2018, Defendants have ignored Plaintiffs' declaration in opposition to lien sale, and deliberately failed to initiate a state court unlawful detainer action or small claims action in San Bernardino County, Fontana Superior Court, the state court that as jurisdiction over city of Montclair eviction and small claims lawsuits.

(15.)   Plaintiff Arogant Hollywood has had a tremendous amount of distress ever since he learned that his personal property would be disposed of by Defendants on September 7, 2018.

(16.)   Plaintiff Alison Helen Fairchild has had a tremendous amount of distress, anxiety, depression, a complete disruption of her life, heart palpitations, tightness in her chest, panic attacks, and insomnia.

(17.)   Plaintiff Fairchild is disabled, 62 years-old and suffers from a history of mental health issues related to her civil rights being violated over the past five years, such as depression and anxiety.

(18.)   Defendants have engaged in wrongful conduct, that unless and until enjoined and restrained by order of this court, will cause great and irreparable injury to Plaintiffs as an injunction not being granted would result in both Plaintiffs' losing nearly all of the personal property owned. Plaintiffs live in a hotel room, and nearly everything they own is inside of their self-storage units, Spaces # 279 and # 287.

(19.)   Plaintiffs' have no adequate remedy at law for the injuries being suffered or that are planned on September 7, 2018 as the harm both Plaintiffs have experienced and dealt with cannot be compensated by any amount of monetary damages awarded. It will be impossible for Plaintiffs to determine the precise amount of damage that they will suffer if Defendants' conduct is not restrained or Plaintiff will be forced to institute a multiplicity of lawsuits to obtain adequate compensation for their injuries.

(20.)   As a proximate result of Defendants' wrongful conduct, Plaintiffs' damages for their injuries have amounted to the sum of $ 100,000,000 (or such maximum damages allowed by this court), including punitive damages for Defendants' intentional willful and wanton conduct.

(21.)   Plaintiffs will be further damaged in like manner so long as Defendants' conduct continues. The full amount of this damage is not known to Plaintiffs at the present time. Plaintiffs will therefore amend their civil rights complaint to state this amount when it becomes known to them or on proof of the damages alleged.

## MEMORANDUM OF POINTS AND AUTHORITIES FOR TRO
## I.      INTRODUCTION

Plaintiffs Arogant Hollywood and Alison Helen Fairchild are entitled to a temporary restraining order to prevent Defendants and its agents from illegally selling and disposing of Plaintiff's two self-storage units, Spaces # 279 and # 287 on September 7, 2018. Defendants 'conduct, behavior and actions directly violate California Business and Professions Code §§ 21701-21710, the 14th Amendment of the United States Constitution, Title II of the Civil Rights Act of 1964 and Title III of the American Disabilities Act of 1990.

Plaintiffs are entitled to a temporary restraining order to prevent Defendants from illegally and unlawfully selling and disposing of Plaintiffs' personal property on September 7, 2018. Plaintiffs will suffer irreparable harm unless this Court enjoins Defendants.

## II. STATEMENT OF FACTS IN SUPPORT OF TRO & INJUNCTION

On or about May 24, 2018 Plaintiff Alison Helen Fairchild and her personal driver Chery Kaylor walked into Defendants' Public Storage located at 5548 Arrow Highway, Montclair, California. Cheryl Kaylor rented the unit for Plaintiff Fairchild. Shortly thereafter, Ms. Kaylor assisted Ms. Fairchild with moving a few things into her unit. All of the contents within the 5548 Arrow Highway, Space # 279 belonged to only Plaintiffs Arogant Hollywood and Alison Helen Fairchild. None of the contents stored within Space # 279 ever belonged to Cheryl Kaylor. At the time of said rental Cheryl Kaylor put down Plaintiffs Arogant Hollywood and Alison Helen Fairchild as authorized persons on her rental account with Public Storage. [Complaint at ¶ 28]

On or about June 11, 2018 Arogant Hollywood walked into Defendants' Public Storage located at 5548 Arrow Highway, Montclair, CA. Plaintiff Hollywood was helped by Defendants' employee Heidi. Heidi showed Plaintiff Hollywood requested to rent an additional self-storage unit that was close to his current unit. Heidi showed Plaintiff Hollywood a unit that was close to Space # 279. After seeing the self- storage unit, Plaintiff Hollywood signed a rental contract for Space # 287. Plaintiff Hollywood requested that Defendants' employee Heidi put down Alison Helen Fairchild as an authorized person on his self-storage unit. [Complaint at ¶ 29]

On June 16, 2018 at approximately 3:48 p.m. Defendants' general manager Lauren Scotvold accompanied by city of Montclair peace officer Rod Godoy approached Plaintiff Hollywood and stated the following: ***"So, you have three days, to vacate the unit. You can only do it during office hours. Your lease has been terminated. You have to be off my property by 5 o'clock today. If you are not you will be arrested."*** See *Hollywood Electronic Recording transcript, p. 14.* Hollywood then responded: "You can't terminate my lease." To which city of Montclair police department peace officer Rod Godoy responded: *"They can."* Officer Godoy continued by saying to Plaintiff Hollywood the following: ***"So it's been noticed. So, to make clear. You can move your stuff out during business hours. Which means you have three days to do it. So, you have until 5 o'clock today to move stuff out. By***

---

**PLAINTIFFS' APPLICATION FOR TRO, OSC, & PRELIMINARY INJUNCTION - 6**

***5 o'clock you have to be off the premises. If you are not they're gonna arrest you.***
*Hollywood Electronic Recording transcript, at p. 15.* Plaintiff Hollywood then responded to
city of Montclair police department peace officer Rod Godoy by stating the following: ***And***
***they'll get sued. You can't evict me like that. You have to go through legal process. I'm a***
***tenant.*** See *Hollywood Electronic Recording transcript, at p. 15.* [Complaint at ¶ 43]

On June 16, 2018 Officer Godoy continued in his speech to support a prima facie case
for constitutional civil rights violations of Plaintiff Fairchild by asking Defendants' general
manager Lauren Scotvold. ***"So, who's the one in the wheelchair?"*** Lauren Scotvold then
answered: ***"Oh, that's his girlfriend."*** To which Officer Godoy Responded: ***"Well, then she***
***has to get notice too."*** Defendants' general manager then responded to Officer Godoy by
stating the following: ***"She needs notice that she is not allowed on the property either."*** See
*Hollywood Electronic Recording transcript, at p. 18.* [Complaint at ¶ 47]

On June 16, 2018 at approximately 5:14 p.m. city of Montclair police department
peace officers Jared Burns, and Rod Godoy returned to Defendants' Public Storage located
at 5548 Arrow Highway, Montclair, CA 91764. They were accompanied by newly arriving
officers Josh Garabadian, Sean Mackey and Jared Burns. At request of Defendants' general
manager Lauren Scotvold Officer Rod Godoy and his accompanying officers physically
removed Plaintiff Hollywood from Defendants' Montclair self-storage facility located at
5548 Arrow Highway, Montclair, CA. 91764. City of Montclair police department peace
officers also requested that Alison Helen Fairchild leave the premises, trespassed Plaintiff
Fairchild, and she therefore left on her own accord, and was not physically removed.
However, Plaintiff Fairchild was forced to leave her self-storage spaces' premises located at
5548 Arrow Highway, Montclair, California on June 16, 2018 at approximately 5:25 p.m.
This event triggered Alison Helen Fairchild's multiple sclerosis relapse symptoms and
Plaintiff Fairchild just days later became very depressed about her mistreatment by
Defendants and city of Montclair police department peace officers. It should be noted for
future allegations alleged in this lawsuit that the Public Storage tenant, Jasmine Brown,
Lauren Scotvold did not report any credible threats of violence or inappropriate behavior

made by Arogant Hollywood to the city of Montclair police department responding peace officers on June 16, 2018. [Complaint at ¶ 49]

At approximately 9:15 a.m. Plaintiff Hollywood activated the record button on the camera of his Samsung Galaxy Note 8 and entered Defendants' office. Once inside he requested to speak to the district manager. At first the wrong district manager spoke to Plaintiff Hollywood, but then a second district manager emerged which was a 20 something year-old Caucasian male named Justin Miller. Justin Miller told Arogant Hollywood that he had 72 hours to vacate his self-storage unit because of how aggressive he was with other tenants. [Complaint at ¶ 52]

On June 18, 2018 at approximately 9:45 a.m. in the presence of city of Montclair police department Sergeant Griffin Defendants' employee Justin Miller told Plaintiff Hollywood that he had 72 hours to vacate his storage unit and handed him a card with a new gate access code on it. [Complaint at ¶ 55]

On June 18, 2018 at approximately 1:25 p.m. Plaintiff Hollywood was inside of his self-storage unit and therefore was not recording on his telephone or IPAD. All sudden Defendants' employee Justin Miller walked by his storage and told Plaintiff Hollywood the following: ***Nigger, if you do not move out of my units I will get a restraining order to remove your black ass!*** This racial bias and animus made Plaintiff Hollywood very upset however he did not respond as he knew that Defendants' employees were looking for a reason to have him arrested and removed from the premises of his two self-storage units. [Complaint at ¶ 57].

After leaving South Pasadena Plaintiffs and Cheryl Kaylor headed to Defendants' Public Storage at 5548 Arrow Highway to place personal property retrieved at 2300 Purdue Avenue into their Montclair self-storage units, Spaces # 279 and # 287. They all arrived at approximately 8:20 p.m. Plaintiffs first tried their gate access codes and their access was denied. Cheryl Kaylor next tried her gate access code and her access was also denied. Plaintiff Hollywood was able to convince a Public Storage tenant to let him through the side gate. Once Plaintiff Hollywood got upstairs to his units he noticed that both of his self-

storage units, Spaces # 287 and # 279 were overlocked by Defendants. There was also a copy of Defendants' unconstitutional three-day notice to vacate and lease termination notice taped to Plaintiffs' self-storage units. Plaintiff Hollywood managed to take a video and two photographs as evidence. See now ***Appendix of Exhibits, Exhibit 3.*** [Complaint at ¶ 74]

Feeling that they were now victorious in using a frivolous workplace violence restraining order to swiftly evict Arogant Hollywood from self-storage units, Defendants sent Plaintiff Hollywood a move -out receipt for his self-storage unit, Space # 287, on June 30, 2018. Just one day after Defendants' had their frivolous workplace violence petition granted by Judge Gilbert Ochoa. [Complaint at ¶ 79]

On August 10, 2018 Plaintiff Hollywood visited Defendant PS Orangeco's website, publicstorageauctions.com. Upon doing a check of upcoming auctions in Montclair, CA Plaintiff Hollywood discovered that both of his self-storage units, Spaces # 279 and # 287 were scheduled for auction on September 7, 2018. [Complaint at ¶ 89]

On August 14, 2018 Plaintiff Hollywood a copy of his declaration in opposition to lien sale, a screenshot of publicstorageauctions.com listing of his two self-storage units to: lhughes@publicstorage.com, rhavner@publicstorage.com, jrussell@publicstorage.com, ereyes@publicstorage.com, t.gustavson@publicstorage.com, bradleyhughes@gmail.com, bwhughes@acermalibu.com, and bwhughesjr@gmail.com. Plaintiff Hollywood's declaration in opposition to lien sale stated that Plaintiff opposed the lien sale because property owners Public Storage Corporation, Bradley Wayne Hughes, Bradley Wayne Hughes, and Tamara Gustavson Hughes never sent Plaintiff a preliminary lien notice pursuant to California Business & Professions Code § 21704. [Complaint at ¶ 90]

Plaintiff Hollywood's declaration in opposition to lien sale stated that Plaintiff opposed the lien sale because Public Storage Corporation, Bradley Wayne Hughes, Bradley Wayne Hughes, and Tamara Gustavson Hughes did not comply with California Business & Professions Code § 21705(b)(1)(A-E) before listing Plaintiff's personal self-storage unit online for a public auction currently scheduled for September 7, 2018 at 12:30 p.m. at 5548 Arrow Highway, Montclair, CA 91764. Plaintiff Hollywood's declaration in opposition to

lien sale stated that his declaration in opposition to lien sale was drafted in strict compliance with <u>California Business & Professions Code 21705(b)(2).</u>  Plaintiff Hollywood used the drawing tool within his Office 365 Microsoft Word application to digitally sign the declaration in opposition to lien sale on his 4K touchscreen gaming laptop by drawing his signature with his fingers. A true and correct copy of Plaintiff Hollywood's email with declaration in opposition to lien sale PDF attachment is attached hereto, ***Appendix of Exhibits, Exhibit 14.*** A true and correct copy of Plaintiffs' Hollywood declaration in opposition to lien sale that was emailed to Public Storage executives and majority stockholders Ronald L. Havner, Joseph D. Russel, Edward John Reyes, Lily Yan Hughes, Tamara Gustavson Hughes and Bradley Wayne Hughes Jr. is attached hereto, ***Appendix of Exhibits, Exhibit 15.*** [Complaint at ¶ 91]

On the morning of August 18, 2018 Plaintiff Hollywood checked online at publicstorageauctions.com to see if Defendants had done the right thing by removing his two self-storage units, Spaces # 279 and # 287 from auction. Nope, not a chance, as Plaintiff Hollywood discovered that both of his self-storage units located at 5548 Arrow Highway, Montclair, California, 91764 were still up for auction. This time Plaintiff Hollywood took a screenshot of Defendants' auction advertisement of Plaintiffs' self-storage units. A true and correct copy of the screenshot snapped on Plaintiff's laptop on August 18, 2018 is attached hereto, ***Appendix of Exhibits, Exhibit 16.*** [Complaint at ¶ 92]

On August 20, 2018 Plaintiff Hollywood logged into his Public Storage self-storage account in Montclair, WA, Space # 287, Account # 50673620, by going to Defendants' website: publicstorage.com. Upon logging in Plaintiff Hollywood immediately noticed that Defendants had removed the payment tab, under my payments, and that the website stated: Your unit is at Auction. Please visit your property immediately. A true and correct copy of the screenshot snapped on Plaintiff's laptop on August 20, 2018 of Defendants' website showing that they had disabled the orange ***"make a payment"*** tab on Plaintiff Hollywood Public Storage is attached hereto, ***Appendix of Exhibits, Exhibit 18.*** [Complaint at ¶ 94]

On August 20, 2018 Plaintiff Hollywood received a telephone call from (909) 320-5229. When he answered the telephone, the woman said how could she help Plaintiff. Plaintiff Hollywood stated that she wanted to speak to the supervisor because Precious refused to give out her last name. The female supervisor stated that it was at the discretion of the clerk to give out their last name. Plaintiff Hollywood then asked for the female supervisor's full name. The female supervisor stated that she did not feel comfortable giving out her full name but would do so anyways. The female supervisor stated that he full name was Karla Cuevas (pronounced *KWAY*-vahss). Plaintiff Hollywood asked Ms. Cuevas if her court (Fontana Superior Court) was the court that had jurisdiction over city of Montclair evictions and small claims, and Ms. Cuevas stated that her court handled both. Plaintiff Hollywood asked Ms. Cuevas if she could search under his name to see if there were any small claims actions filed against him. After searching the court's database Ms. Cuevas stated that she found no records of any small claim actions filed against Arogant Hollywood. Plaintiff Hollywood next asked Ms. Cuevas if she could check the court's database for any pending unlawful detainer actions filed against him. Ms. Cuevas stated that she found one for 2200 Ontario LLC. but nothing else. Plaintiff Hollywood next asked Ms. Cuevas if she could check the small claims and unlawful detainer court database to see if there were any lawsuits filed by Public Storage Corporation. Karla Cuevas stated that she did not find any lawsuits for Public Storage in her database. [Complaint at ¶ 104].

On Thursday, August 30, 2018 (two days after Defendant Public Storage, Inc. was personally served summons and complaint) Arogant Hollywood spoke to county of San Bernardino court clerk's office supervisor Karla Cuevas. Ms. Cuevas told Plaintiff Hollywood that as of August 30, 2018 there was no small claims or unlawful detainer actions filed by Public Storage, Inc. See Hollywood Declaration at ¶ ]

This evidence supports the fact that Defendants have intentions and plans to skip eviction proceedings and illegally sell and/or dispose of Plaintiffs' personal property while bypassing California Business & Professions Code §§ 21703-21710.

### III. THE APPLICATION OF LEGAL STANDARDS, ARGUMENT & AUTHORITY

A preliminary injunction is intended to preserve the status quo and prevent irreparable injury to the plaintiff during the course of litigation.

### A. <u>Standards for Granting Relief</u>

The courts have traditionally considered four factors in determining whether a preliminary injunction should be granted:

(i)     The probability of plaintiff's success on the merits;

(ii)    Irreparable nature of harm to the plaintiff;

(iii)   The balance of hardships between the parties; and

(iv)    Where appropriate, as in civil rights cases, the public interest;

Traditional analysis has required the movant to demonstrate a substantial likelihood of success on the merits, a substantial threat he/she will suffer irreparable harm unless the preliminary injunction is granted, that the threatened injury if the injunctive relief is denied outweighs the possible harm to Defendants if relief is granted, and that issuance of injunctive relief will serve the public interest. Indeed, this is still the law being applied by many courts. The Second and Ninth Circuits, however, have spearheaded a rearticulation of the standards for obtaining preliminary injunctions.

The revised standards for granting a preliminary injunction in the Ninth Circuit's sister court the Second Circuit are: a showing of (a) irreparable harm and (b) either (1) likelihood of success on the merits or (2) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly toward the party requesting the preliminary relief. The rule thus recognizes two tests; as we have previously observed however, "[b]oth require a showing of irreparable harm. "Under the first test, the movant may succeed if he shows irreparable harm, plus a likelihood success on the merits. Under the second test, the movant may succeed if he shows irreparable harm, plus sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardship tipping decidedly toward the movant.

The Second Circuit has further held that "the more lenient standard of "serious questions going to the merits and a balance of hardships, instead of the likelihood of success on the merits' standard [will not be applied] when the preliminary injunction is sought by a government agency," *Resolution Trust Corp. v. Elman*, or "where the moving party seeks to stay government action taken in the public interest pursuant to a statutory regulatory scheme… "*Plaza Health Laboratories, Inc. v. Perales*.

The Ninth Circuit's test is articulated as follows:

In order to obtain a preliminary injunction, a party must demonstrate either (1) a likelihood of success on the merits and a possibility of irreparable injury, or (2) the existence of serious questions on the merits and a balance of hardships tipping in its favor. [citation omitted] These two legal standards are not distinct, but rather extremes of a single continuum. <u>Id.</u> In cases where the public interest is involved, the district court must also examine whether the public interest favors the plaintiff. Nonetheless, even in the Ninth Circuit, "[a] showing of irreparable harm is a prerequisite for the issuance of a preliminary injunction in any case." *Earth Island Institute v. Mosbacher*.

The movant, therefore, whatever nuance is interjected into the various tests supplied by the circuits, has a heavy burden of showing some likelihood of success on the merits and of demonstrating irreparable harm.

To succeed on a motion for a preliminary injunction, a plaintiff must demonstrate that it meets four criteria. *Winter v. Natural Res. Def. Council, 555 U.S. 7, 20 (2008).* The preliminary injunction must be in the public interest, and likely prevent irreparable harm; the balance of equities must tip in plaintiff's favor; and plaintiff must be likely to succeed on the merits. <u>Id.</u> Plaintiffs have shown a likelihood of success on the merits based on all said allegations made against Defendants. Plaintiffs have also shown that public policy favors an injunction to preserve the status quo, and the public, present Public Storage and future Public Storage tenants would benefit from both a Temporary Restraining Order and a permanent injunction.

Plaintiffs Arogant Hollywood and Alison Helen Fairchild are highly likely to succeed on the merits of their civil rights lawsuit filed against Defendants. Defendants have threatened and stated that they would initiate state court eviction proceedings in June 2018, yet as of September 1, 2018 no state court eviction proceedings have been initiated by Defendants. [Hollywood Declaration at ¶] Defendants have blocked the gate code access of Plaintiffs and overlocked their unit while preventing Plaintiffs from making a payment for their self-storage units, Spaces # 279 and # 287 online or at any Public Storage location. Defendants initiated a frivolous workplace violence restraining order based on perjurious statements to prevent Plaintiff Hollywood from entering the property of 5548 Arrow Highway, Montclair, CA. Defendants have ignored a timely served declaration in opposition to lien sale. Lastly Defendants have conspired and planned to illegally sell and/or dispose of Plaintiffs' personal property on September 7, 2018. [Exhibit ] Defendants' actions not only are violations of the United States constitution but are tortious in regard to California state laws against conversion and **AB 1108 Self-service storage facilities. (2017-2018).**

**B.     Defendants' Are Deliberately Violating Plaintiffs' 14th Amendment Rights**

The United States Constitution Amendment XIV, Section 1 provides:
All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the state wherein they reside. No state shall make or enforce any law which shall abridge the privileges and immunities of citizens of the United States, nor shall any state deprive any person of life, liberty, or property without due process of law, nor deny any person within jurisdiction the equal protections of the laws.

Defendants are violating Plaintiffs' civil rights by planning to dispose of Plaintiffs' personal property on September 7, 2018. The reason why no state court eviction proceedings have been initiated by Defendants as of August 30, 2018, is because Defendants figured state court eviction proceedings would be moot and unneeded after they illegally disposed of Plaintiffs' personal property on September 7, 2018. Defendants' actions in blocking Plaintiffs' gate access code, overlocking both of Plaintiffs' self-storage unit, Spaces # 279 and # 287, and even trespassing them from their facility should be alarming to this Court. As

their actions violated the United States Constitution as well as AB-1108 Self-service storage facilities. (2017-2018). Also, terminating Plaintiffs' lease and stating that they would initiate state court eviction proceedings did not give Defendants the right to deny public accommodations, refuse to accept rent, block Plaintiffs' gate code access, overlock their self-storage units and illegally plan to sell Plaintiffs' personal property on September 7, 2018.

## C.    Defendants Are Deliberately Violating AB-1108 Self-service storage facilities. (2017-2018).

AB 1108 provides:

(1) Existing law, the California Self-Service Storage Facility Act, specifies remedies and procedures for self-service storage facility owners when occupants are delinquent in paying rent or other charges. Under existing law, if rent or other charges due from an occupant remain unpaid for 14 consecutive days, an owner may terminate the right of the occupant to the use of the storage space at a self-service storage facility by sending a preliminary lien notice by certified mail to the occupant's last known address, as defined to mean the address provided by the occupant, as specified.

This bill, until January 1, 2021, would authorize the notice to be sent by electronic mail and would revise the definition of last known address to include a mailing address and email address provided by the occupant, as specified, and make conforming changes.

(2) Existing law deems a lien to attach if the notice has been sent and the total sum due has not been paid within 14 days of the termination date specified in the preliminary lien notice and authorizes the owner to deny the occupant access to the space, enter the space, and remove property to a place of safekeeping. Existing law requires the owner to send to the occupant's last known address a notice of lien sale and a blank declaration in opposition to the lien sale.

This bill, until January 1, 2021, would deem the lien to attach if the notice has been sent and the total sum due has not been paid by the specified termination date.

(3) Existing law specifies procedures for an owner to enforce the lien by the sale of the stored property. These procedures require an advertisement of the sale to be published for 2 consecutive weeks in a newspaper of general circulation in the judicial district where the sale

---

is to be held. They also require the sale to be conducted in a commercially reasonable manner.

Defendants violated California Business & Professions Code § 21703 by never sending either Plaintiff a notice that Plaintiffs' right to use their self-storage unit would be terminated.

Defendants violated California Business & Professions § 21705 by denying Plaintiffs' access to their self-storage units, and overlocking Plaintiffs' unit on June 21, 2018, when at the time Plaintiffs were paid in full on both of their self-storage units, Spaces # 279 and # 287. Defendants also violated Cal Bus Prof § 21703 by never mailing a copy of preliminary lien notice to either Plaintiff as was required by California state law.

Defendants violated California Business & Professions § 21707 by listing Plaintiffs' personal property on Defendant PS Orangeco's website publicstorageauctions.com since early August 2018., without following the procedures required by Cal Bus Prof § 21707.

Defendants have no regards for the civil rights of United States citizens and the laws of the state of California. Defendants must be enjoined from not selling Plaintiffs' personal property on September 7, 2018.

**D.    Defendants Violated the American Disabilities Act of 1990, and Plaintiff Fairchild is Therefore, Likely to Prevail on the Merits of her Claim**

The American Disabilities Act of 1990 is so important to the federal judicial system that it was implemented into the local court rules of central district court, see generally L.R. 16-4.1. This court must enjoin Defendants from further discriminating against a disabled woman who has done absolutely no wrongdoing to Defendants.

Defendants do not care about handicapped United States citizens and over the years have done little to nothing to improve the conditions of its facilities to accommodate citizens protected under the American Disabilities Act of 1990. In *Javier Revelez v. Public Storage (2010)*, et al, **2:09-cv-05774-RSW-RZ**, Defendants were sued for violations of the American Disabilities Act of 1990 and then agreed to a stipulation to dismiss the case with prejudice on December 15, 2010 Judge Ronald Lew ordered that the case be dismissed.

In *Jose Vasquez, et al v. Public Storage (2010), et al*, **2:09-cv-05774-RSW-RZ**. Defendants were sued in a class action lawsuit for civil rights violations of the American Disabilities Act of 1990. On December 14, 2018 Judge Dale Fischer dismissed the case with prejudice after Defendants agreed to a stipulation with Plaintiff.

In *Chris Langer v. Public Storage, et al (2012)*, **2:12-cv-06335-PA-MAN** Defendants were sued for civil rights violations of the American Disabilities Act of 1990. On November 16, 2012 Judge Perey Anderson dismissed the case with prejudice after Defendants agreed to a settlement with Plaintiff.

Just in October 2017, in *Carmen John Perri v. Public Storage Properties XIV, Ltd., et al*, **8:17-cv-01874-CJC-DFM.** Defendants were sued for violations of American Disabilities Act of 1990.

Plaintiff Fairchild is a disabled person protected under the laws of Title III of the American Disabilities Act of 1990. Plaintiff Fairchild alleges that she was discriminated against by Defendants. Plaintiff Fairchild alleges that Defendants intentionally denied Plaintiff Fairchild access to her self-storage units. Plaintiff Fairchild alleges that Defendants have deliberately denied her public accommodations into their facility 5548 Arrow Highway, Montclair, CA 91764 since June 16, 2018. Plaintiff Fairchild believes that if this Court does not issue an injunction and grant Plaintiffs' TRO request, Defendants will illegal sell Plaintiffs' personal property at an illegally planned public auction on September 7, 2018. Plaintiff Fairchild believes that based on the history of Defendants being sued numerous times for ADA violations, Defendants will dispose of her personal property on September 7, 2018.

Because Plaintiff Fairchild can prove that she was discriminated against by Defendants, denied reasonable accommodations and ridiculed by Defendants in June 2018, Plaintiff Fairchild is likely to be meritorious on the claims of her civil rights complaint.

**E.     Defendants Violated Title II of Civil Rights Act of 1964, and Plaintiff Hollywood Is Therefore, Likely to Prevail on the Merits of his Claim**

Section 1981, as amended by the Civil Rights Act of 1991, specifically provides that "the term make and enforce contracts' includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of

the contractual relationship." ___Id.___ § 1981 (b) (emphasis added). This language provides that once a contractual relationship exists, a benefit or privilege of that relationship may not be withheld based on the race of one party to the contract even if the benefit or consideration was not the consideration for the contract. See *Cf. Morris v. Office Max. 89 F.3d 411, 414 (7th Cir. 1996).*

Defendants terminated the lease of Plaintiff Hollywood based on his race. Defendants used racial slurs against Plaintiff and initiated frivolous workplace violence restraining order proceedings to further discriminate against Plaintiff and interfere with Plaintiffs' constitutional 14th Amendment rights. Defendants have ignored Plaintiff Hollywood's declaration in opposition to lien sell originally served upon them on August 14, 2018, and then served upon them personally at the same time of service of summons and complaint on August 28, 2018. Defendants have blocked Plaintiff Hollywood from not only making a payment for his two self-storage online but at any Public Storage self-storage location in the United States, see Complaint at ¶ 98.

Defendants' attorney Ha Nguyen stated the following in Defendants' frivolous workplace violence restraining order petition: ***Respondent has been served with a 2-day eviction notice from Public Storage unit. Respondent has failed to move out of his unit. Petitioner is commencing state eviction action against Respondent. Petitioner requests that Respondent be accompanied by the police when he removes his items from storage.*** See Document 11, Filed 8/27/2018 at page 41 of 56 Page ID #: 298.

As of August 30, 2018, it has been at least sixty-four calendar days since Ha Nguyen told a San Bernardino county court in Defendants' petition that they were commencing state court eviction proceedings. However, Defendants never commenced state court eviction proceedings because they had plans to dispose of Plaintiffs' personal property by refusing to accept payment, which forced Plaintiffs' in lien status, and gave Defendants the go ahead to illegally sell and dispose of Plaintiffs' property on September 7, 2018.

Plaintiff Hollywood is likely to prevail on the merits of his claims because he can prove that Defendants discriminated against him based on his race, have denied Plaintiff Hollywood reasonable accommodations, converted his personal property, blocked his access to his self-storage facility, overlocked his two self-storage units even when Plaintiff

**PLAINTIFFS' APPLICATION FOR TRO, OSC, & PRELIMINARY INJUNCTION** - 18

Hollywood was not in default of his rental payments to Defendants, initiated frivolous and groundless workplace violence restraining order proceedings to prevent Plaintiff from going to his self-storage units, and illegally listed his two self-storage units on publicstorageauctions.com while at the same time deliberately failing to initiate any type of state court proceedings to remove Plaintiff Hollywood and to cease public auction proceedings on September 7, 2018.

**F.     Plaintiffs Will Suffer Irreparable Harm if this Court Does Not Enjoin Defendants from Going Forth with Unconstitutional and Illegally Planned Public Auction on September 7, 2018**

Plaintiffs will suffer irreparable harm because nearly everything they own is located inside of their two self-storage units. Plaintiff Hollywood has four file cabinets of law papers, some of which he will need for upcoming lawsuits to be filed in this court. Plaintiff Fairchild has many family memories, a record collection, expensive clothes and perfumes located inside of her two self-storage units. The storage units are 10 by 15 and 10 by 20 and are filled to their maximum capacity. Plaintiffs needed a twenty or twenty-two-foot U-HAUL truck to move all of their personal property onto Defendants' property.

Defendants have told a state court that they were initiated state court evictions in June 2018. Yet, it is now September 2018, and Defendants have never initiated any type of state court proceedings because they had plans to illegally sell and dispose of Plaintiffs' personal property on September 7, 2018 as advertised on their website publicstorageauctions.com. Defendants have violated the civil rights of many United States citizens many times over in the past, and in this current case Defendants are violating a California Senate bill as well as the 14th amendment of the United States constitution. Defendants have been sued many times over just alone in the Central District court, not to mention many other federal district courts across the nation regarding similar civil rights violations alleged in Plaintiffs' complaint. Accordingly, this court should enjoin Defendants from conducting their illegally planned public auction of Plaintiffs' personal property on September 7, 2018.

**G.      Even After the Filing and Service of This Civil Rights Complaint Defendants Continue their Conversion of Plaintiffs' Personal Property, and Plaintiffs Are Therefore, Likely to Prevail on their Claim for Conversion**

Defendant Public Storage, Inc. was served a copy of the summons and complaint on August 28, 2018 at their corporate headquarters in Glendale, CA. Plaintiffs' legal process server David Luce also separately served Defendants' attorney Tammy Lynn Gardner (# 315253) a copy of Plaintiffs' declaration in opposition to lien sale for Spaces # 279 and # 287 that was originally served on Defendants on August 14, 2018. Nevertheless, as of September 2, 2018 Plaintiffs' two self-storage units are still listed on Defendants' website publicstorageauctions.com for a public sale scheduled for September 7, 2018. Defendants have locked Plaintiffs' out of both of their self-storage units, and as of September 2, 2018 continued to block Plaintiffs from making a payment online or at any Public Storage self-storage location in the United States.

Defendants have converted Plaintiffs' property by knowingly and illegally taking possession of it and planning to dispose of it on September 7, 2018 without due process of law, and against AB-1108 Self-service facilities. (2017-2018).

**IV.      CONCLUSION**

For the above stated reasons, Plaintiffs' TRO and preliminary injunction should be granted and an order to show cause should be issued.

**DATED: September 2, 2018**

**Respectfully Submitted,**

**Arogant Hollywood**
**Plaintiff in Federal Pro-Se Litigation**

**Alison Helen Fairchild**
**Plaintiff in Federal Pro-Se Litigation**