John E. Walker, SBN: 166270
E-Mail: jwalker@sacrowalker.com
Jennifer Yu Sacro, SBN, 208988
E-Mail: jsacro@sacrowalker.com
SACRO & WALKER LLP
701 North Brand Boulevard, Suite 800
Glendale, California 91203
Tel.: (818) 721-9597; Fax: (818) 721-9670

Attorneys for Defendant PUBLIC STORAGE

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA (EASTERN DIVISION)

| | |
|---|---|
| AROGANT HOLLYWOOD, ALISON HELEN FAIRCHILD, <br><br> Plaintiffs, <br><br> vs. <br><br> PUBLIC STORAGE, INC., PUBLIC STORAGE PROPERTIES XV, INC., PS ORANGECO HOLDINGS, INC., BRADLEY WAYNE HUGHES JR., DOES 1-10 <br><br> Defendants. | Case No. 5:18-cv-01822-JGB-GJS <br><br> **NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT PURSUANT TO FRCP 12(b)(6); MEMORANDOM OF POINTS AND AUTHORITIES** <br><br> [Concurrently filed with Request for Judicial Notice and [Proposed] Order] <br><br> Date: November 26, 2018 <br> Time: 9:00 am. <br> Ctrm: 1 <br><br> The Honorable Jesus G. Bernal |

SACRO & WALKER LLP
701 N. Brand Boulevard, Suite 800
Glendale, California 91203

TABLE OF CONTENTS

## NOTICE OF MOTION AND MOTION

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:  Please take notice that on November 26, 2018, at 9:00 a.m. or as soon thereafter as the matter may be heard in Courtroom 1 of the above-entitled court, located at 3470 Twelfth St., Riverside, California 92501, Defendant PUBLIC STORAGE ("Public Storage") will and hereby does move this Court, pursuant to Rule 12(b)(6) to dismiss the Complaint filed by Plaintiffs Arogant Hollywood and Alison Helen Fairchild ("Plaintiffs"), with prejudice.

This motion to dismiss is brought on the grounds that Plaintiffs' complaint does not comply with Rule 8 pleading requirements, including Rule 8(a)'s requirement that a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief" and  Rule 8(e)'s requirement that "[e]ach averment of a pleading shall be simple, concise, and direct."

The motion to dismiss is also brought on the grounds that the complaint fails to state a claim for relief against Public Storage, including on the basis that the state law claims Plaintiffs assert are based on privileged and protected conduct under California Code of Civil Procedure section 47(b).  (A contemporaneous Motion to Strike Strategic Lawsuit Against Public Participation has also been filed and set for hearing on November 26, 2018, the same day as this motion.)  Because the complaint includes both federal claims and pendent state court claims, Public Storage requests that if the federal claims are dismissed, any remaining state court claims should be dismissed as well.  *United Mine Workers v. Gibbs*, 383 U.S. 715, 126 (1966).

Prior to filing this motion, Public Storage gave Plaintiffs notice of its intention to move to dismiss the claims for relief asserted in Plaintiffs' Complaint under Rule 12(b)(6).  Plaintiffs did not agree to dismiss or amend their complaint, requiring this motion.  This motion is made following the conference of counsel pursuant to L.R. 7-3 which took place on Thursday, September 20, 2018.

SACRO & WALKER LLP
701 N. Brand Boulevard, Suite 800
Glendale, California 91203

1         This Motion is based on this Notice of Motion and Motion, the Memorandum

2    of Points and Authorities filed concurrently herewith, the Proposed Order lodged

3    concurrently herewith, the pleadings, files and records on file in this action, the

4    Request for Judicial Notice, and such other and further matters, evidence and argument

5    as may be properly before this Court.

6    DATED:  October 3, 2018                    SACRO & WALKER LLP

7

8                                              By _____/s/ John Walker_____

9                                                   John Walker
          Attorneys for Defendant PUBLIC STORAGE

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SACRO & WALKER LLP
701 N. Brand Boulevard, Suite 800
Glendale, California 91203

# **TABLE OF CONTENTS**

I.     **APPLICABLE LEGAL STANDARD** .......................................................... 1

II.    **THE COURT MAY CONSIDER DOCUMENTS REFERENCED IN, BUT NOT ATTACHED TO, PLAINTIFFS' COMPLAINT** ................... 2

III.   **ARGUMENT** ............................................................................................... 3

     A.    **Plaintiffs' Federal Claims Are Not Properly Pleaded** ..................... 4

     B.    **Plaintiffs' Pendent State Claims Are Not Properly Pleaded** ........ 12

          1.    Deficient Pleading Applicable to All State Court Claims ........ 12

          2.    Additional Pleading Deficiencies Applicable to Each Specific State Court Claim ................................................................ 12

IV.   **CONCLUSION** ........................................................................................ 25

SACRO & WALKER LLP
701 N. Brand Boulevard, Suite 800
Glendale, California 91203

## <u>TABLE OF AUTHORITIES</u>

**Cases**

*Alcorn v. Anbro Eng'g, Inc.*, 2 Cal. 3d 493 (1970) ...................................... 27

*Applied Equip. Corp. v. Litton Saudi Arabia Ltd.*,
7 Cal. 4th 503 (1994)............................................................................... 22, 23

*Ariz. Ex rel. Goddard v. Harkins Amusement Enters.*,
603 F.3d 666 (9th Cir. 2010)......................................................................... 16

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009)............................................ 6, 12, 21, 22

*Bell Atlantic v. Twombly*, 550 U.S. 544 (2007)..................................... 6, 12

*Bey v. City of Oakland*, No. 14-cv-01626-JSC,
2015 U.S. Dist. LEXIS 167685 (N.D. Cal. 2015) ...................................... 11

*Bock v. Hansen*, 225 Cal. App. 4th 215 (2014)..................................... 27

*Bowie v. Maddox*, 642 F.3d 1122 (D.C. Cir. 2011)................................ 11

*Bray v. Alexandria Women's Health Clinic*, 506 U.S. 263 (1993).......... 10

*Bretz v. Kelman*, 773 F.2d 1026 (9th Cir. 1985) ................................... 6

*Brown v. City of Tuscon*, 335 F.3d 1181 (9th Cir. 2003........................ 14

*Burgess v. Sup. Ct. (Gupta)*, 2 Cal. 4th 1064 (1992)............................ 27

*Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*,
637 F.3d 1047 (9th Cir. 2011)........................................................................ 8

*Christensen v. Sup. Ct. (Pasadena Crematorium of Altadena)*,
54 Cal. 3d 868 (1991)..................................................................................... 28

*City of Colton v. American Promotional Events, Inc.-West*,
614 F.3d 998 (9th Cir. 2010).......................................................................... 29

*City of South Pasadena v. Dept. of Transportation*,
29 Cal. App. 4th 1280 (1994)........................................................................ 30

*Clegg v. Cult Awareness Network*, 18 F.3d 752 (9th Cir. 1994)............. 7

*Collins v. Womancare*, 878 F.2d 1145 (9th Cir. 1989) ......................... 9, 12

*Dennis v. Sparks*, 449 U.S. 24 (1980) ................................................... 9

*Egan v. Aurora*, 291 F.2d 706 (7th Cir. 1961) ..................................... 10

*Eriksson v. Nunnink*, 191 Cal. App. 4th 826 (2011)............................. 26

*Feldman v. Bomar*, 518 F.3d 637 (9th Cir. 2008) ................................ 29

*Fletcher v. Western Life Ins. Co.*, 10 Cal. App. 3d 376 (1970).............. 26

*ii*

SACRO & WALKER LLP
701 N. Brand Boulevard, Suite 800
Glendale, California 91203

**Cases (continued)**

*Gabrielle A. v. County of Orange*, 10 Cal. App. 5th 1268 (2017) ............................ 22

*Goodell v. Ralphs Grocery Co.*, 207 F. Supp. 2d 1124 (E.D. Cal. 2002) .................. 20

*Griffin v. Breckenridge*, 403 U.S. 88 (1971) ............................................................ 10

*Gu v. BMW of N. Am., LLC*, 132 Cal. App. 4th 185 (2005) ...................................... 27

*Harris v. Capital Growth Inv'rs XVI*, 52 Cal. 3d 1142 (1991) ................................. 18

*Harris v. City of Santa Monica*, 56 Cal. 4th 203 (2013) ......................................... 21

*Hughes v. Pair*, 46 Cal. 4th 1035 (2009) ...................................................... 26, 27, 28

*Ivey v. Bd. Of Regents of Univ. of Alaska*, 673 F.2d 266 (9th Cir. 1982) ................... 6

*Jankey v. Lee*, 55 Cal. 4th 1038 (2012) ................................................................... 19

*Johnson v. San*, No. 2:15-cv-162-JAM-EFB,
  2015 U.S. Dist. LEXIS 154764 (E.D. Cal. Nov. 13, 2015) ................................... 18

*Krawslawsky v. Upper Deck Co.*, 56 Cal. App. 4th 179 (1997) ................................ 26

*Ladd v. County of San Mateo*, 12 Cal. 4th 913 (1996) ............................................ 23

*Lee v. Hanley*, 61 Cal. 4th 1225 (2015) ................................................................... 30

*Lindsey v. SLT L.A., LLC*, 447 F.3d 1138 (9th Cir. 2006) ........................................ 13

*Love v. United States*, 915 F.2d 1242 (9th Cir. 1989) ................................................ 6

*Marsh v. Edwards Theatres Circuit, Inc.*, 64 Cal. App. 3d 881 (1976) .................... 18

*McHenry v. Renne*, 84 F.3d 1172 (9th Cir. 1996) ...................................................... 8

*Meyers v. Starke*, 420 F.3d 738 (8th Cir. 2005) ...................................................... 11

*Millard v. Biosources, Inc.*, 156 Cal. App. 4th 1338 (2007) .................................... 24

*Munger v. Moore*, 11 Cal. App. 3d 1 (1970) ........................................................... 30

*Nevijel v. North Coast Life Ins. Co.*, 651 F.2d 671 (9th Cir. 1981) ........................ 8, 9

*Nicole M. v. Martinez Unified Sch. Dist.*, 964 F. Supp. 1369 (N.D. Cal. 1997) ........ 21

*Nielson v. Rabin*, 746 F.3d 58 (2d Cir. 2014) ............................................................ 7

*O'Brien v. Welty*, 818 F.3d 920 (9th Cir. 2016) ...................................................... 12

*Olsen v. Idaho State Bd. of Med.*, 363 F.3d 916 (9th Cir. 2004) ............................. 11

*Pena v. Gardner*, 976 F.2d 469 (9th Cir. 1992) ........................................................ 7

SACRO & WALKER LLP
701 N. Brand Boulevard, Suite 800
Glendale, California 91203

**Cases (continued)**

*Pension Benefit Guar. Corp. v. White Consolidated Industries, Inc.*,
  998 F.2d 1192 (3rd Cir. 1993) ............................................... 7

*Phillips v. TLC Plumbing, Inc.*, 172 Cal. App. 4th 1133 (2009)............................ 25

*Potter v. Firestone Tire & Rubber Co.*, 6 Cal. 4th 965 (1993) ........................ 27, 28

*Recraft v. Lee*, 177 Cal. App. 4th 1211 (2009)................................................ 19

*Rivers v. County of Marin*, No. C-09-1614 EMC,
  2010 U.S. Dist. LEXIST 1419 (N.D. Cal. 2010) .............................. 11

*Sconiers v. Fresno Cnty. Superior Court*, No. 1:11-cv-00113-LJO-SMS,
  2011 U.S. Dist. LEXIS 135442 (E.D. Cal. Nov. 23, 2011)........................ 8

*Slayman v. FedEx Ground Package System, Inc.*,
  765 F.3d 1033 (9th Cir. 2014)............................................ 29

*Stamps v. Sup. Ct.*, 136 Cal. App. 4th 1441 (2006)............................ 21, 22

*Tarkowski v. Robert Bartlett Realty Co.*, 644 F.2d 1204 (7th Cir. 1980) ............. 9, 10

*Taylor v. Forte Hotels Int'l*, 235 Cal. App. 3d 1119 (1991) ...................... 30

*Trerice v. Pedersen*, 769 F.2d 1398 (9th Cir. 1985)................................ 12

*Tsao v. Desert Palace, Inc.*, 698 F.3d 1128 (9th Cir. 2012) ....................... 9

*United Mine Workers v. Gibbs*, 383 U.S. 715 (1966) ............................. 17

*United States v. Corinthian Colleges*, 655 F.3d 984 (9th Cir. 2011) ................ 7

*West v. Atkins*, 487 U.S. 42 (1998)................................................ 9

*Ziglar v. Abbasi*, 137 S. Ct. 1843 (2017)...................................... 11

**Statutes**

28 U.S.C. § 1367.......................................................... 17

28 U.S.C. § 2201.......................................................... 29

Cal. Code Civ. Proc. § 1714(a)............................................ 23

Cal. Code Civ. Proc. § 47(b)............................................. 17

Cal. Code Civ. Proc. § 51(f) ............................................ 18

Cal. Code Civ. Proc. § 54 ............................................... 19

SACRO & WALKER LLP
701 N. Brand Boulevard, Suite 800
Glendale, California 91203

**Rules**

Fed. R. Civ. P. 8(e) ................................................................................ 8

Fed. R. Civ.P. 8(a) ................................................................................ 8

**Other Authorities**

CACI 3060 (2017) ................................................................................ 18

CACI 3061 (2017) ................................................................................ 20

CACI 3064 (2017) ................................................................................ 21

CACI 3066 (2017) ................................................................................ 22

CACI 3070 (2017) ................................................................................ 19

SACRO & WALKER LLP
701 N. Brand Boulevard, Suite 800
Glendale, California 91203

## MEMORANDUM OF POINTS AND AUTHORITIES

### Preliminary Statement

On October 3, 2018, Defendant Public Storage filed a motion to compel Plaintiffs Arogant Hollywood and Alison Helen Fairchild to arbitrate their claims pursuant to broad arbitration agreements contained in storage unit rental agreements both individuals signed with Public Storage (the "Motion to Compel Arbitration"). The Motion to Compel Arbitration contends that an arbitrator has jurisdiction over the claims that are asserted in Plaintiffs' lawsuit. Accordingly, the Motion to Compel Arbitration should be considered and decided before this Motion to Dismiss under Rule 12(b)(6) (the "Motion to Dismiss") and Public Storage's concurrently filed Special Motion to Strike Strategic Lawsuit Against Public Participation directed at striking the pendent state court claims in Plaintiffs' complaint (the "Anti-SLAPP Motion"). To the extent that the Motion to Compel Arbitration is granted as to either or both Plaintiffs, the Court may not need to consider some or all of the arguments set forth in this Motion to Dismiss or the Anti-SLAPP Motion. In filing this Motion to Dismiss, Public Storage does not waive any of its jurisdictional arguments.

## I.   APPLICABLE LEGAL STANDARD

In evaluating a complaint that has been challenged under Rule 12(b)(6), the court must accept the allegations as true and construe the facts pled in the light most favorable to the plaintiff. *Love v. United States*, 915 F.2d 1242, 1245 (9th Cir. 1989). A court may not, however, "supply essential elements" of the plaintiff's claim. *Ivey v. Bd. Of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). To survive a motion to dismiss, a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Ashcroft*, 556 U.S. at 678.

SACRO & WALKER LLP
701 N. Brand Boulevard, Suite 800
Glendale, California 91203

Although this Court is obligated to construe the pleadings of a *pro se* litigant liberally, *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985), that liberal interpretation may not supply essential elements of a claim that are not plead.  *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992); *see also Nielson v. Rabin*, 746 F.3d 58, 63-64 (2d Cir. 2014) (acknowledging the liberal pleading standard but noting that a *pro se* complaint must still state a plausible claim for relief).  This court is not required to accept legal conclusions cased in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged.  *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-755 (9th Cir. 1994).

## II.   THE COURT MAY CONSIDER DOCUMENTS REFERENCED IN, BUT NOT ATTACHED TO, PLAINTIFFS' COMPLAINT

In ruling on a Motion to Dismiss, the Court may also consider documents that are referenced in the Complaint, but not attached.  *See United States v. Corinthian Colleges*, 655 F.3d 984, 999 (9th Cir. 2011) (documents not physically attached to a complaint may be considered on a Rule 12(b)(6) Motion to Dismiss if the Complaint refers to the document, the document is central to the claim, and the document authenticity is not disputed); *Pension Benefit Guar. Corp. v. White Consolidated Industries, Inc.*, 998 F.2d 1192, 1196 (3rd Cir. 1993) (rule permitting court to consider documents referred to in complaint prevents a plaintiff from surviving a motion to dismiss by choosing not to attach a document on which it relies).

Here, the Complaint refers to and characterizes two rental agreements:  (a)  a May 19, 2018 rental agreement between Public Storage and Cheryl Kaylor (the "Kaylor Agreement"); and (b)  a June 11, 2018 rental agreement between Public Storage and Plaintiff Arogant Hollywood (the "Hollywood Agreement").   See Plaintiffs' Request for Judicial Notice ("RJN") at Exhibit 1 (attaching excerpts from Plaintiffs' verified complaint) at ¶¶ 28 and 29.   However, neither the Kaylor Agreement nor the Hollywood Agreement is attached to the Complaint.  *Id.*  Because those agreements contain terms that are central to Plaintiffs' claims, Public Storage

SACRO & WALKER LLP
701 N. Brand Boulevard, Suite 800
Glendale, California 91203

1  requests that the Court take them into consideration in ruling on this Motion to

2  Dismiss.

## III.   **ARGUMENT**

3       The operative Complaint is close to 200 pages long.  It begins with twelve pages

4  of unnumbered paragraphs, followed by 664 numbered paragraphs comprising twenty-

5  one claims for relief, and concludes with a prayer for relief purporting to seek sixty-

6  four remedies, including $100 million in damages.   On its face the Complaint is

7  unwieldy and violates Federal Rule of Civil Procedure Rule 8 requirements.  Rule 8(a)

8  requires a complaint to contain "a short and plain statement of the claim showing that

9  the pleader is entitled to relief."  Rule 8(e) provides that "[e]ach averment of a pleading

10  shall be simple, concise, and direct."

11       Rule 8 is violated where a pleading is "needlessly long . . . highly repetitious, or

12  confused, or consist[s] of incomprehensible ramble."  *Cafasso, U.S. ex rel. v. Gen.*

13  *Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1059 (9th Cir. 2011).  A complaint also fails

14  to comply with Rule 8 where the allegations are "argumentative, prolix, replete with

15  redundancy, and largely irrelevant" and that consist "largely of immaterial background

16  information."  *Id.*; *see also Nevijel v. North Coast Life Ins. Co.*, 651 F.2d 671, 673-674

17  (9th Cir. 1981) (affirming dismissal of complaint that was "verbose, confusing and

18  almost entirely conclusory"); *McHenry v. Renne*, 84 F.3d 1172, 1177-79 (9th Cir.

19  1996).  Excessive verbiage and irrelevant comments are not simple, concise or direct.

20  *Sconiers v. Fresno Cnty. Superior Court*, No. 1:11-cv-00113-LJO-SMS, 2011 U.S.

21  Dist. LEXIS 135442, at 19 (E.D. Cal. Nov. 23, 2011) (internal quotation and citation

22  omitted).

23       Here, a cursory review of the Plaintiffs' complaint shows that it does not attempt

24  to comply with Rule 8 at all and is instead a lengthy amalgamation of allegations that

25  do not provide defendants or the court with a clear, concise statement of the purported

26  claims that are at issue.  Plaintiffs' violation of Rule 8 provides grounds for dismissing

27  the Complaint in its entirety.  "A complaint which fails to comply with rules 8(a) and

SACRO & WALKER LLP
701 N. Brand Boulevard, Suite 800
Glendale, California 91203

8(e) may be dismissed with prejudice pursuant to rule 41(b)." *Nevijel v. N. Coast Life Ins. Co.*, 651 F.2d 671, 673 (9th Cir. 1981).  If the Court elects to consider claims on an individual basis, they are addressed below.

## A.   <u>Plaintiffs' Federal Claims Are Not Properly Pleaded</u>

<u>Plaintiffs Fail to State A Claim Under 42 U.S.C. Section 1983 (Claims for Relief Seventeen and Eighteen)</u>.  A 42 U.S.C. section 1983 claim requires a showing of 1) a right secured by the Constitution or laws of the United States was violated, and 2) the alleged violation was committed by a person acting under color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1998).  Plaintiffs claim that their Fourteenth Amendment rights were violated.  The Fourteenth Amendment "applies only against acts of the state, *i.e.*, 'state action,'" and "erects no shield against merely private conduct, however discriminatory or wrongful." *Collins v. Womancare*, 878 F.2d 1145, 1147 (9th Cir. 1989).

The United States Supreme Court has articulated several tests to determine whether there is "state action."  The only one relevant here is the "joint action" test.  Joint action exists where "the state has so far insinuated itself into a position of interdependence with the private entity that it must be recognized as a joint participant in the challenged activity." *Collins*, 878 F.2d at 1154 (internal quotations, citations, and alterations omitted).  It can be established by either proving the existence of a conspiracy or that the private party was a willing participant in joint action with the State or its agents.  *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1140 (9th Cir. 2012).

Merely complaining to the police, however, does not convert a private party into a state actor.  *Collins*, 878 F.2d at 1154.  Nor is there state action where a private party "merely lodges a complaint with the police, the prosecutor, or when he invokes the exercise of judicial authority." *Tarkowski v. Robert Bartlett Realty Co.*, 644 F.2d 1204, 1206 (7th Cir. 1980); *see also Dennis v. Sparks*, 449 U.S. 24, 28 (1980) ("resorting to the courts and being on the winning side of a lawsuit does not make a party a co-conspirator or a joint actor with the judge").

SACRO & WALKER LLP
701 N. Brand Boulevard, Suite 800
Glendale, California 91203

In summary, private entities do not suddenly become state actors by petitioning the courts for judicial relief or by contacting the police to make claims or to obtain assistance.  The complaint only contains conclusory allegations that Public Storage acted jointly with the Montclair police department and engaged in a "conspiracy."  The complaint does not allege any facts establishing a state of "interdependence" needed to meet the "joint action" standard.   Conclusory, vague, or general allegations of a conspiracy to deprive a person of their rights cannot survive a motion to dismiss. *Tarkowski*, 644 F.2d at 1207 n.5.   Accordingly, the seventeenth claim should be dismissed.

The eighteenth claim appears to be an extension of the seventeenth, since it likewise asserts Public Storage acted "under color of state law" which is an element of a section 1983 claim and not an independent cause of action.  Moreover, half the allegations supporting this claim relate to things such as storage-unit overlocking, posting storage units for lien sale and other acts that were solely undertaken by Public Storage and had nothing to do with the Montclair police.  The complaint never explains how this conduct amounted to state action.  By extension, the eighteenth claim should be dismissed as well.

Plaintiffs Fail to State A Claim for Violation of 42 U.S.C. Section 1985, Conspiracy to Interfere with Civil Rights (Claim for Relief Ten) and 42 U.S.C. Section 1986, Neglect to Prevent Deprivation of Rights (Claim for Relief Eleven).   A claim under 42 U.S.C. section 1985 requires a showing of 1) a conspiracy, 2) undertaken for the specific purpose of depriving an individual of equal protection or equal privileges and immunities under the law, and 3) motivated by some racial or other class-based, invidiously discriminatory animus. *Egan v. Aurora*, 291 F.2d 706 (7th Cir. 1961); *Griffin v. Breckenridge*, 403 U.S. 88, 101 (1971).  For there to be liability, there must be an act in furtherance of the conspiracy, whereby a person or his property is injured, or deprived of any right or privilege of a U.S. citizen. *Bray v. Alexandria Women's Health Clinic*, 506 U.S. 263, 289 (1993).

SACRO & WALKER LLP
701 N. Brand Boulevard, Suite 800
Glendale, California 91203

SACRO & WALKER LLP
701 N. Brand Boulevard, Suite 800
Glendale, California 91203

1    Section 1985, however, is not a stand-alone substantive right and creates no

2    independent cause of action. *Bey v. City of Oakland*, No. 14-cv-01626-JSC, 2015 U.S.

3    Dist. LEXIS 167685, at *39 (N.D. Cal. 2015).  The statute "provides remedial relief

4    only after a violation of a specifically defined and designated federal right is first

5    established." *Id.* at *39-40.  In order to have a cognizable claim under section 1985,

6    the plaintiff must have a valid section 1983 claim.  *Olsen v. Idaho State Bd. of Med.*,

7    363 F.3d 916, 930 (9th Cir. 2004) (plaintiff denied leave to amend where dismissal of

8    plaintiff's section 1983 claim made it impossible to bring a section 1985 claim).

9    In addition, to the extent that Plaintiffs claim a conspiracy among Public Storage

10   and its employees, the intra-corporate conspiracy doctrine ("ICD") applies here.  *See*

11   *Meyers v. Starke*, 420 F.3d 738, 742 (8th Cir. 2005) (42 U.S.C. 1985 conspiracy claim

12   barred under the intra-corporate conspiracy doctrine).[1]  Under the ICD a corporation

13   cannot conspire with its own agents because a conspiracy fundamentally requires an

14   agreement to do an unlawful act between two or more "separate persons" whereas the

15   acts of agents are typically attributed to the principal corporation.  *Ziglar v. Abbasi*,

16   137 S. Ct. 1843, 1867 (2017).  This doctrine does not apply where the agent "has an

17   independent personal stake in achieving the corporation's illegal objective." *Rivers v.*

18   *County of Marin*, No. C-09-1614 EMC, 2010 U.S. Dist. LEXIST 1419, at *20 (N.D.

19   Cal. 2010) (internal quotations and citations omitted).

20   In summary, Plaintiffs' section 1985 fails for a multitude of reasons.  First, as

21   discussed above, Plaintiffs do not have a valid section 1983 claim, and, therefore,

22   cannot state a cognizable section 1985 claim.  Second, Plaintiffs do not identify which

23   specific federal right is being violated.  Finally, the intra-corporate conspiracy doctrine

24   bars Plaintiffs' conspiracy claim as the alleged co-conspirators were all employees of

25   Public Storage.  Plaintiffs attempt to circumvent this defense by alleging in conclusory

26   ───────────────

27   [1] Though the Ninth Circuit has not ruled on whether the intra-corporate conspiracy
     doctrine applies to civil rights conspiracies, at least seven other circuits have held that

28   it does and only two have held to the contrary.  *See Bowie v. Maddox*, 642 F.3d 1122,
     1130-31 (D.C. Cir. 2011) (discussing circuit split).

fashion that the employees were acting outside the scope of employment for personal reasons.  RJN, Ex. 1 at ¶¶ 433-434.  But conclusory allegations do not meet federal pleading standards under *Iqbal* and *Twombly*.

There can be no claim under 42 U.S.C. section 1986 without a valid section 1985 claim.  *Trerice v. Pedersen*, 769 F.2d 1398, 1403 (9th Cir. 1985).  As discussed above, Plaintiffs' section 1985 claim fails.  Accordingly, so does Plaintiffs' attempt to plead a section 1986 claim.

<u>Plaintiffs Fail to State a Claim for Freedom of Speech Deprivation/Retaliation (Claim for Relief Nineteen).</u>  The Fourteenth Amendment, which protects against state encroachment on First Amendment rights, does not apply to private conduct.  *Collins v. Womancare*, 878 F.2d 1145, 1147 (9th Cir. 1989).  Thus, to show a violation of the First Amendment, Plaintiffs must plead and prove "state action."  *See id.*  Only if state action is shown does the inquiry then proceed to ask whether: 1) Plaintiffs were engaged in constitutionally protected activity, 2) the defendant's actions would chill a person of ordinary firmness from continuing to engage in the protected activity; and 3) the protected activity was a substantial or motivating factor in the defendant's conduct.  *O'Brien v. Welty*, 818 F.3d 920, 932 (9th Cir. 2016).

Again, Plaintiffs do not allege any conduct constituting state action.  The complaint allegations revolve around Public Storage and its employees calling the police during confrontations between Plaintiff Hollywood and Public Storage employees and customers.  As discussed *supra*, complaining to the police does not constitute state action, and conclusory references to Public Storage and the Montclair police engaging in a "conspiracy" do not meet federal pleading standards and are not a basis for a speech deprivation claim.  Even if Public Storage employees called the police because they did not like the things Plaintiffs were saying, that is merely private – not state – conduct, for which there is no cause of action.

<u>Plaintiff Hollywood Fails to State A Claim for Violation of Title II of Civil Rights Act of 1964 (sic), 42 U.S.C. § 1981 (Claim for Relief Nine).</u>  Plaintiff

SACRO & WALKER LLP
701 N. Brand Boulevard, Suite 800
Glendale, California 91203

SACRO & WALKER LLP
701 N. Brand Boulevard, Suite 800
Glendale, California 91203

Hollywood appears to be conflating Title II of the Civil Rights Act of 1964, 42 U.S.C. § 2000a, prohibiting race discrimination in public accommodations, with the Civil Rights Act of 1866, 42 U.S.C. section 1981, which prohibits racial discrimination in the formation of contracts.  The complaint's allegations mention contract formation, so Public Storage assumes this is an action under 42 U.S.C. section 1981.  To assert a section 1981 claim, Plaintiff Hollywood must show that: 1) he is a member of a protected class, 2) he attempted to contract for certain services, 3) he was denied the right to contract for those services, and 4) the services remained available to similarly-situated individuals who were not members of plaintiff's class.  *See Lindsey v. SLT L.A., LLC*, 447 F.3d 1138, 1144-45 (9th Cir. 2006).

Plaintiff cannot establish a *prima facie* case of discrimination in this case. Plaintiff Hollywood admits in his complaint that he was able to rent unit 287 after speaking with a Public Storage employee.  RJN Ex. 1 at ¶ 29.  There were no allegations that any Public Storage employee denied him the contract or refused to provide him with any services normally provided to the public.  It was only after confrontations ensued between Plaintiff Hollywood on the one hand, and Public Storage employees and customers on the other hand (resulting in multiple police interventions) that Public Storage terminated its rental agreement with Plaintiff Hollywood.  RJN Ex. 1 at ¶¶ 37, 40, 43.  Furthermore, the Complaint notes that Plaintiff Hollywood has been renting another Public Storage unit in Seattle, Washington, for eight years without any issues.  RJN Ex. 1 at ¶ 52.

Plaintiff Fairchild Fails to State a Claim for Violation of the American with Disabilities Act (the "ADA"), 42 U.S.C. § 12203 (Claim for Relief One).  This claim for relief alleges both illegal retaliation and interference of protected conduct.  A violation under 42 U.S.C. § 12203(a) and (b), for retaliation and interference, requires a showing that 1) Plaintiff Fairchild was engaged in protected activity, 2) that she suffered an adverse action in the form of coercion, intimidation, threats, or interference, and 3) a causal link between the two.  *See Brown v. City of Tuscon*, 335

8

F.3d 1181, 1191-92 (9th Cir. 2003).  An ADA plaintiff must suffer a "distinct and palpable injury" as a result of the threat.  *Id.* at 1193.  This injury may take the form of "giving up her ADA rights, or some other injury which resulted from her refusal to give up her rights, or from the threat itself."  *Id.*

The Complaint here is rife with improper legal arguments, conclusory statements, and unintelligible assertions.  The complaint appears to contend that Public Storage violated the ADA by refusing to accept rental payments from Plaintiff Fairchild, conspiring to and removing her from her storage units, conspiring with law enforcement officials to remove her from her self-storage units, and accessing her storage units.  However, the fundamental averment that Plaintiff Fairchild was a Public Storage customer who had the right to store her personal property at the Montclair facility is contradicted by other complaint allegations, including the Arogant Hollywood and Cheryl Kaylor rental agreements that are pleaded in the complaint.

For example, the complaint concedes that Plaintiff Fairchild never rented a storage unit at the Montclair facility.  Rather, the complaint alleges that Ms. Fairchild's driver, Cheryl Kaylor, rented a storage unit for Ms. Fairchild, and that Ms. Kaylor never stored any of her own property in the storage unit that she rented:

> 28.    On or about May 24, 2018, Plaintiff Alison Helen Fairchild and her personal driver Cheryl Kaylor walked into Defendants' Public Storage located at 5548 Arrow Highway, Montclair, California.  **Cheryl Kaylor rented the unit for Plaintiff Fairchild.**  Shortly thereafter, Ms. Kaylor assisted Ms. Fairchild with moving a few things into her unit.  **All of the contents within the 5548 Arrow Highway, Space # 279 belonged to only Plaintiffs Arogant Hollywood and Alison Helen Fairchild.  None of the contents stored in Space # 279 ever belonged to Cheryl Kaylor.**

RJN at Ex. 2 (attaching Cheryl Kaylor's May 19, 2018 storage unit rental agreement with Public Storage).

SACRO & WALKER LLP
701 N. Brand Boulevard, Suite 800
Glendale, California 91203

The Kaylor Agreement described in Complaint paragraph 28 only allowed Ms. Kaylor to store her own property in the unit she rented.  Plaintiff Fairchild was not allowed to store her own property there.  The Kaylor Agreement provided in part:

> 3.5.1  **Use Restricted to Storage of Your Own Property.**  You will use Your Space **ONLY** for **storage**, and **ONLY** to store **your own property.**

RJN, Ex. 2 at Section 3.5.1 (bold and capitalization in original).  The Kaylor Agreement gave Ms. Kaylor the opportunity to designate "Authorized Access Person(s)" to have access to the storage unit she rented.  The Kaylor Agreement made clear that authorized access persons were not customers, had no rights under the Kaylor Agreement, and that Public Storage could "revoke" an authorized person's access in the company's "sole discretion" at any time.  *Id*. at Section 3.4.  Specifically, the Kaylor Agreement provided:

> **Authorized Access Persons**.  Your named Authorized Access Persons are your agents and are not parties to this Rental Agreement.  They have no rights as tenants under this Rental Agreement.  They have no standing to bring any claims arising under this Rental Agreement or as a result of having authorized access to Your Space.  We provide this authorized access as a convenience to you and we reserve the right to revoke it at our sole discretion.

The June 11, 2018, Hollywood Agreement is alleged in the verified Complaint and contains the same terms as the Kaylor Agreement.  *See* RJN Ex. 1 at ¶ 29 (describing Hollywood Agreement); *compare* RJN Ex. 2 (Kaylor Agreement) at ¶ 3.4 with RJN Ex. 3 (Hollywood Agreement) at ¶ 3.4.  Accordingly, Hollywood was likewise required to only store his own property in the unit he rented (unit 287), and Public Storage had the right to revoke any authorized access person Mr. Hollywood designated in the company's sole discretion.  Public Storage did so.

As alleged in the Complaint, Mr. Hollywood and Ms. Kaylor tried to have Ms. Kaylor's rental agreement transferred to Ms. Fairchild.  RJN, Ex. 1 at ¶¶ 68-69.  But Public Storage did not approve the transfer.  *Id.*  Accordingly, Ms. Fairchild was never a customer at the Montclair storage facility, was not authorized to store her

SACRO & WALKER LLP
701 N. Brand Boulevard, Suite 800
Glendale, California 91203

SACRO & WALKER LLP
701 N. Brand Boulevard, Suite 800
Glendale, California 91203

1   property there, and could have her "authorized access" to the Kaylor and Hollywood

2   units revoked at any time.  This point cannot be emphasized strongly enough.  The

3   Complaint contains dozens of false assertions that the two disputed storage units

4   belonged to Plaintiff Fairchild (e.g., they were "her storage units") when they were not.

5   (*See*, *e.g.*, Complaint opening narrative at unnumbered page 7, lines 4-18, Complaint

6   ¶ 11 ("At all relevant times stated throughout this federal civil rights complaint Plaintiff

7   Fairchild was a commercial real estate tenant at a Montclair Public Storage . . .") and

8   ¶¶ 30, 110, 116-118, and 120.)   Those false averments are the basis for Plaintiff

9   Fairchild's ADA (and other disability related) claims.  *Id*.

10      Stripped of the false contentions that Plaintiff Fairchild was a Public Storage

11   customer who had the right to use the two disputed Montclair storage units to store her

12   personal things, her disability discrimination claims fail.  Public Storage cannot be

13   liable for exercising its contractual right to deny a non-customer access – especially

14   where the actual contracted customer (Ms. Kaylor) secretly rented a storage unit for

15   Plaintiff Fairchild's personal use in violation of the customer agreement.

16      <u>Plaintiff Fairchild Fails to State a Claim for Violation of the Americans with</u>

17   <u>Disabilities Act, 42 U.S.C. § 12101 (Denial of Equal Access) (Claim for Relief Three).</u>

18   A violation under 42 U.S.C. § 12101 requires Plaintiff Fairchild to show that 1) she

19   was disabled as defined by the ADA, 2) Public Storage is a private entity that owns,

20   leases, or operates a place of public accommodation, and 3) Plaintiff Fairchild was

21   denied public accommodations by Public Storage because of her disability.  *Ariz. Ex*

22   *rel. Goddard v. Harkins Amusement Enters.*,603 F.3d 666, 669-670 (9th Cir. 2010).

23      The allegations in the third claim for relief parrot the allegations in the first and

24   second, tacking on conclusory assertions that Plaintiff Fairchild was deterred from the

25   use of public accommodations, and that Public Storage conspired to initiate "illegal

26   and unconstitutional" eviction proceedings.  The result is the same.  Plaintiff Fairchild

27   had no customer rights as to any storage unit, and therefore was not deprived of access

28

1  to her property because of her claimed disability.  Like her false first and second claims

2  for relief, this claim should likewise be dismissed.

### B.   Plaintiffs' Pendent State Claims Are Not Properly Pleaded

4  Public Storage next turns to the legal deficiencies in Plaintiffs' state law claims.

5  To the extent that the Court dismisses Plaintiffs' federal claims, the Court does not

6  need to consider the pendent state law claims and can dismiss this lawsuit altogether.

7  Though 28 U.S.C. section 1367 gives federal courts jurisdiction to hear pendent state

8  claims that share the same operative nucleus of facts as the federal claims, the U.S.

9  Supreme Court has made clear that "[n]eedless decisions of state law should be avoided

10  both as a matter of comity and to promote justice between the parties . . . .  Certainly,

11  if the federal claims are dismissed before trial, even though not insubstantial in a

12  jurisdictional sense, the state claims should be dismissed as well." *United Mine*

13  *Workers v. Gibbs*, 383 U.S. 715, 126 (1966).

14

15

### 1.   Deficient Pleading Applicable to All State Court Claims

17  Public Storage has concurrently filed a "Special Motion to Strike Strategic

18  Lawsuit Against Public Participation" thoroughly exposing that Plaintiffs' state law

19  claims are based on privileged conduct under California Code of Civil Procedure

20  section 47(b), including calls to the Montclair police department for assistance,

21  pursuing "workplace violence" restraints against Plaintiff Hollywood, and taking steps

22  to (and ultimately filing) eviction proceedings.  Docket No. 33 at 8:1-17:9. Because

23  privileged conduct allegations cannot be the basis for a viable state law claim,

24  Plaintiffs' state law claims should be dismissed, with prejudice.  Having briefed these

25  points in their Anti-SLAPP motion, Public Storage incorporates those arguments by

26  reference and does not repeat them here.

### 2.   Additional Pleading Deficiencies Applicable to Each Specific State Court Claim

SACRO & WALKER LLP
701 N. Brand Boulevard, Suite 800
Glendale, California 91203

1
2
3
4
5
6
7
8
9
10
11

SACRO & WALKER LLP
701 N. Brand Boulevard, Suite 800
Glendale, California 91203

12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

   Plaintiff Fairchild Fails to State a Claim for Violation of Unruh Civil Rights Act, Cal. Civ. Code § 51 et seq. (Denial of Equal Access) (Claim for Relief Two).  A denial of equal access may be found if 1) Public Storage denied Plaintiff Fairchild full and equal access, 2) substantially motivated by her disability, 3) Plaintiff Fairchild was harmed, and 4) Public Storage's conduct was a substantial factor in causing her harm. California Civil Jury Instructions ("CACI") 3060 (2017); *Johnson v. San*, No. 2:15-cv-162-JAM-EFB, 2015 U.S. Dist. LEXIS 154764, at *10-11 (E.D. Cal. Nov. 13, 2015).  A violation of the ADA is also a violation of the Unruh Civil Rights Act ("UCRA").  Cal. Code Civ. Proc. § 51(f).  A cause of action will lie only if the discrimination is intentional.  *Harris v. Capital Growth Inv'rs XVI*, 52 Cal. 3d 1142, 1175 (1991) *overruled on other grounds*.

   For this claim, the Complaint coins a new term and proclaims Plaintiff Fairchild to be a "non-tenant owner," allegedly granting her the right to pay for her self-storage unit and continue "commercial, non-residential occupy" (sic) at the Montclair facility. As explained in detail above with respect to Plaintiff Fairchild's defective ADA claim, she did not enter into a rental agreement with Public Storage for a Montclair storage unit.  She was not a Public Storage customer, and any "authorized access" by other contracted customers was revocable at any time.  Thus, the allegations that Plaintiff Fairchild was denied equal access because she was not allowed to pay rent on her self-storage units and that her property rights were violated when access to her units was denied are false and cannot be used to state a claim.  Accordingly, Plaintiff Fairchild's second cause of action should be dismissed for "Equal Access" denial under the Unruh Civil Rights Act should be dismissed.

   Plaintiff Fairchild Fails to State a Claim for Violation of the Disabled Persons Act, Cal. Civ. Code §§ 54, 54.1, and 54.3 (Denial of Equal Access) (Claim for Relief Five).  The Disabled Persons Act ("DRA") requires private entities operating places of public accommodations to ensure physically disabled persons have equal access. *See Marsh v. Edwards Theatres Circuit, Inc.*, 64 Cal. App. 3d 881, 886-888 (1976)

*superseded on other grounds*.  To show a violation of the DRA, Plaintiffs must allege 1) Public Storage's business had barriers that violated construction-related accessibility standards, and 2) Plaintiff Fairchild personally encountered the violation on a particular occasion or she was deterred from accessing the business on a particular occasion due to the barrier.  CACI 3070 (2017).  A violation of the ADA is also a violation of the DRA.  Cal. Code Civ. Proc. § 54.

Plaintiff Fairchild seeks damages under California Civil Code section 54.3 and injunctive relief under section 55.  To have standing to seek damages under section 54.3, the plaintiff must show she "actually presented [herself] to a business or public place with the intent of purchasing its products or utilizing its services in the manner in which those products and/or services are typically offered to the public and was actually denied equal access on a particular occasion." *Recraft v. Lee*, 177 Cal. App. 4th 1211, 1224 (2009).   She also seeks injunctive relief under Civil Code section 55 to "compel the Defendants to make its facilities accessible to all members of the public with disabilities, and cease interfering with the rights of all members of the public with disabilities . . . ."  RJN Ex. 1 at ¶ 218.  Civil Code section 55 is an independent basis for relief and is broader than the right of action authorized by section 54.3 because it grants standing to those "potentially aggrieved" and allows actions to be predicated on potential violations. *Jankey v. Lee*, 55 Cal. 4th 1038, 1045 (2012). In addition to permitting injunctive relief, section 55 mandates that the prevailing party be awarded reasonable attorneys' fees. *Id.* at 1046. This includes prevailing defendants. *Id.*

To reprise, Plaintiff Fairchild never rented a storage unit at the Montclair facility.  Yet the Complaint allegations for this claim for relief is similarly rife with false allegations to the contrary.  See RJN Ex. 1 at ¶¶ 200, 203, 204, 205, 206, 211, 220, 221, 222, 224, 225, and 228.  Thus, the repeated allegations that she was denied access to her storage units, that there was a conspiracy to remove her from her storage units, and to auction off her storage units cannot be a basis for any DRA violation.

SACRO & WALKER LLP
701 N. Brand Boulevard, Suite 800
Glendale, California 91203

Likewise, Plaintiff Fairchild cannot be said to have presented herself to Public Storage with the intent of using the company's services, *i.e.*, rental of self-storage units, as it is generally offered to the public.  In fact, the Complaint makes it clear that she had Ms. Kaylor secretly rent a space for her use in violation of the Kaylor Agreement's express provision that an occupant can only store property he or she owns.  RJN, Ex. 2 at ¶ 3.5.1.  Furthermore, there are no allegations that Plaintiff Fairchild personally encountered any barriers that prevented her from accessing the facilities.  The Complaint alleges that her driver parked in the handicap spot, the handicapped ramp was used, and Plaintiff Hollywood was only denied a moving cart after hours.  RJN at ¶¶ 29 - 32.  Therefore, Plaintiff Fairchild does not have standing to seek damages under § 54.3.

As for an injunction under § 55, there is nothing to enjoin.  Plaintiffs' own Complaint proves the futility of this claim by showing that Plaintiff Fairchild did not seek Public Storage's services as a customer, did not face any impediment when accessing the facilities, and had no property rights with respect to any storage unit in the Facility or in relations to Public Storage.  The Complaint also does not say what potential violations are supposedly at issue.  Where no relief is granted to the plaintiff in an action under § 55, the defendant is the prevailing party and entitled to mandatory attorneys' fees.  *Goodell v. Ralphs Grocery Co.*, 207 F. Supp. 2d 1124, 1128 (E.D. Cal. 2002).  Public Storage requests such fees if it is found to be the prevailing party.

<u>Plaintiff Hollywood Fails to State a Claim for Violation of the Unruh Civil Rights Act, Cal. Civ. Code § 51.5 (Discrimination in Business Dealings) (Claim for Relief Six).</u>  To show a violation of Section 51.5 of the Unruh Civil Rights Act Plaintiffs must establish 1) Public Storage discriminated against or refused to contract with Plaintiff Hollywood, 2) a substantial motivating reason for Public Storage's conduct was its perception of his race, ancestry, or national origin, 3) Plaintiff Hollywood was harmed, and 4) Public Storage's conduct was a substantial factor in causing Mr. Hollywood's harm.  CACI 3061 (2017); *see*, *e.g.*, *Harris v. City of Santa*

SACRO & WALKER LLP
701 N. Brand Boulevard, Suite 800
Glendale, California 91203

*Monica*, 56 Cal. 4th 203, 232 (2013).  Public Storage's conduct must be intentional. *Nicole M. v. Martinez Unified Sch. Dist.*, 964 F. Supp. 1369, 1389 (N.D. Cal. 1997) *superseded by statute on other grounds* (citing *Harris*).

Plaintiff Hollywood contracted with Public Storage, so there is no basis to allege that Public Storage refused to contract with him because of his race.  Moreover, the Complaint itself provides numerous non-discriminatory reasons for why Public Storage terminated Plaintiff Hollywood's customer agreement and kept him off the premises.  For example, at least two Public Storage customers called the police after Plaintiff Hollywood harassed them (RJN Ex. 1 at ¶¶ 37 and 40 [Hollywood admits telling customer, "I'm going to sue the dog crap out of you" as she called 911]),  he threatened multiple Public Storage employees (RJN Ex. 1 at ¶¶ 48, 56, 61, 76), and he had a temporary restraining order and "Workplace Violence Restraining Order After Hearing" issued against him.  RJN Ex. 1 at ¶¶ 76-78; RJN Exs. 4 and 5.

<u>Plaintiffs Hollywood Fails to State a Claim for Violation of Ralph Civil Rights Act, Cal. Civ. Code § 51.7 (Claim for Relief Seven).</u>  The elements of a Ralph Civil Rights Act ("RCRA") violation are 1) a party intentionally threatened or committed violent acts against Plaintiff Hollywood or his property, 2) a substantial motivating reason for the conduct was the party's perception of Plaintiff's Hollywood's race, color, religion, etc., 3) that a reasonable person in Plaintiff Hollywood's position would have believed that the party would carry out the threat, 4) a reasonable person would have been intimidated by the conduct, 5) that Plaintiff Hollywood was harmed, and 6) the party's conduct was a substantial factor in causing his harm.  CACI 3064 (2017).  The Ralph Act is focused on violence or intimidation by threat of violence. *Stamps v. Sup. Ct.*, 136 Cal. App. 4th 1441, 1451 (2006).

The Complaint fails to allege Public Storage threatened or committed any acts of violence.  The allegations under this cause of action are wholly conclusory assertions without factual substance.  Conclusory assertions, without more, do not meet federal pleading standards. *Ashcroft*, 556 U.S. at 678.  By failing to allege an

SACRO & WALKER LLP
701 N. Brand Boulevard, Suite 800
Glendale, California 91203

1   essential element of an RCRA violation, Plaintiffs' seventh cause of action cannot

2   stand and should be dismissed.

3       Plaintiff Hollywood Fails to State a Claim for Violation of Tom Bane Civil

4   Rights Act, Cal. Civ. Code § 52.1 (Claim for Relief Eight).  To state a Tom Bane

5   Rights Act ("TBCRA") violation, Plaintiffs must show 1) Public Storage made threats

6   of violence against Plaintiff Hollywood causing him to reasonably believe that if he

7   exercised his right, Public Storage would commit violence against him or his property

8   and that Public Storage had the apparent ability to carry out the threats, or Public

9   Storage acted violently against Plaintiff Hollywood to prevent him from exercising his

10  right/to retaliate against him for exercising his right; 2) Plaintiff Hollywood was

11  harmed; and 3) Public Storage's conduct was a substantial factor in causing his harm.

12  CACI 3066 (2017); *Gabrielle A. v. County of Orange*, 10 Cal. App. 5th 1268, 1290

13  (2017).  The purpose of the TBCRA is to complement the Ralph Act and "allow an

14  individual to seek relief to prevent the violence from occurring before it was

15  committed." *Stamps*, 136 Cal. App. 4th at 1447 (internal quotations omitted).

16      The Complaint fails to allege Public Storage threatened any acts of violence and

17  does not identify which right Plaintiff Hollywood was supposedly prevented from

18  exercising.  The allegations under this cause of action are wholly conclusory and do

19  not meet federal pleading standards.  *Ashcroft*, 556 U.S. at 678.  Thus, the Plaintiff

20  Hollywood's eighth cause of action, like the seventh, must also be dismissed.

21      Plaintiffs Fail to State a Claim for Civil Conspiracy (Claim for Relief Twelve).

22  Civil conspiracy is not a cause of action, but a legal doctrine that imposes liability on

23  persons who, although not actually committing a tort themselves, share with the

24  immediate tortfeasors a common plan or design in its perpetration.  For there to be a

25  civil conspiracy, Plaintiffs must show 1) an existing underlying tort, 2) formation of

26  an agreement to commit an unlawful act, 3) wrongful act or acts committed in

27  furtherance of the common design, and 4) resulting injury to Plaintiffs.  *Applied Equip.*

28  *Corp. v. Litton Saudi Arabia Ltd.*, 7 Cal. 4th 503, 510-511 (1994).  "A civil conspiracy,

SACRO & WALKER LLP
701 N. Brand Boulevard, Suite 800
Glendale, California 91203

however atrocious, does not per se give rise to a cause of action unless a civil wrong has been committed resulting in damage." *Applied*, 7 Cal. 4th at 511 (internal quotations omitted).

"By its nature, tort liability arising from conspiracy presupposes that the coconspirator is legally capable of committing the tort, *i.e.*, that he or she owes a duty to plaintiff recognized by law and is potentially subject to liability for breach of that duty." *Id.* The allegations fail to identify what duty was owed and to whom, as well as how any such duty was breached. This is particularly true with respect to Plaintiff Fairchild, who, the Complaint alleges, was a target of discriminatory animus based on the same false allegations that she was a customer with contract rights. As thoroughly discussed *supra*, Plaintiff Fairchild did not rent a self-storage unit from Public Storage, nor was she a customer at the time of the alleged misconduct. Thus, no conspiracy as to Plaintiff Fairchild has been pleaded.

As for Plaintiff Hollywood, the allegations are conclusory and unintelligible. Petitioning for a Workplace Violence Restraining Order is not a tort, nor are any of the other allegations, without more. Most of the factual allegations are also impossible as they supposedly apply to both unit 279 and 287, but Plaintiff Hollywood never rented unit 279. Ms. Kaylor did. RJN Ex. 1 at ¶ 29.

Finally, as discussed *supra*, the intra-corporate conspiracy doctrine bars the conspiracy claim. This is particularly true for this cause of action as the focus of the claim is on Public Storage employees.

In sum, this cause of action should be dismissed because the allegations do not identify an underlying tort, there is no comprehensible act in furtherance of any of the conspiracies, and the intra-corporate conspiracy doctrine bar the claim.

<u>Plaintiffs Fail to State a Claim for Negligence (Claim for Relief Thirteen)</u>. A negligence claims requires 1) a legal duty to use due care, 2) breach of said duty, and 3) injury proximately or legally caused by said breach. Cal. Code Civ. Proc. § 1714(a); *Ladd v. County of San Mateo*, 12 Cal. 4th 913, 917 (1996).

SACRO & WALKER LLP
701 N. Brand Boulevard, Suite 800
Glendale, California 91203

This claim is unintelligible.  Plaintiffs begin by alleging that Public storage "executed negligence by their deliberate, willful and intentional tortious actions." RJN Ex. 1 at ¶ 489.  If we assume this allegation to be true, which we must in evaluating a motion to dismiss, then there is no negligence because the misconduct was intentional. If we glaze over this paradox, the claim becomes incomprehensible.  One, conclusory assertions aside, none of the allegations are applicable to Plaintiff Fairchild who did not rent any self-storage unit, enter into any rental agreement, or have any other customer rights with respect to Public Storage.

Two, any possible underlying duty is lost in the avalanche of widely disparate theories.  Plaintiffs first refer to California Evidence Code § 669(a), which they appear to conflate with the elements of a negligence claim.  They then proceed to assert that everything they believe Public Storage did wrong "violated many state laws." However, none of these answer the initial question of duty.  Section 669 "concerns the *standard* of care, rather than the *duty* of care." *Millard v. Biosources, Inc.*, 156 Cal. App. 4th 1338, 1353 (2007) (emphasis in original).  "An underlying claim of ordinary negligence must be viable before the presumption of negligence of Evidence Code section 669 can be employed." *Id.* (internal quotations and citations omitted).

The remaining allegations offer no clarity.  After Plaintiffs' spiel about Evidence Code section 669, they then claim Public Storage was "negligent, reckless, grossly negligent, willful, and wanton, and malicious, and breach their duty with respect to Plaintiffs." RJN, Ex. 1 at ¶ 505.  The reasons they provide range from "[i]ntentionally banning and trespassing" Plaintiffs to failing to "institute and/or enforce policy and procedure to protect Plaintiffs." RJN, Ex. 1 at ¶ 505(a)-(k).  Despite the liberal use of conclusory statements and contradictory facts, Plaintiffs still manage to not identify a duty of care.  No amount of legal deduction can save this claim from itself, and it should be dismissed accordingly.

<u>Plaintiffs Fail to State a Claim for Negligent Supervision and/or Retention (Claim for Relief Fourteen).</u>  This appears to be a claim for negligent hiring, the

SACRO & WALKER LLP
701 N. Brand Boulevard, Suite 800
Glendale, California 91203

elements of which are: 1) the defendant hired the employee; 2) the employee at some point became unfit to perform the work for which the employee was hired; 3) defendant should have known the employee was unfit for the role and that his unfitness created a particular risk to others; and 4) the employee's unfitness was a factor in causing Plaintiffs' harm. *See Phillips v. TLC Plumbing, Inc.*, 172 Cal. App. 4th 1133, 1139-40 (2009).

A principal may be held liable for an agent's conduct "if the harm was caused by the principal's negligence in selecting, training, retaining, supervising, or otherwise controlling the agent." *Phillips*, 172 Cal. App. 4th at 1140. Liability is limited by basic tort principles such as causation and duty. *Id.* For there to be liability, there must be "some nexus or causal connection between the principal's negligence in selecting or controlling an actor, the actor's employment or work, and the harm suffered by the third party." *Id.*

Conclusory allegations aside, the Complaint does not specify which employee Plaintiffs are referring to. Rather, Plaintiffs conclude that Public Storage was negligent for employees who intentionally banned or "trespassed" Plaintiffs, overlocked Plaintiffs' self-storage units, refused to accept rental payments, and by allowing employees to use racial slurs with Plaintiff Hollywood. RJN Ex. 1 at ¶ 521.

The allegations also do not show why the asserted acts were the result of negligent control. For example, refusal to accept rental payments is not misconduct where the rental agreement with Plaintiff Hollywood had been terminated and there was no rental agreement with Plaintiff Fairchild. The allegations also do not show why any employee was unfit, and even if some employees were unfit (which they were not), Plaintiffs have not alleged how Public Storage should have known about the unfitness, particularly when they do not even identify the supposedly unfit employees. Lastly, there are no factual allegations showing some causal nexus between any negligence attributed to Public Storage, the agent's conduct, and the harm.

SACRO & WALKER LLP
701 N. Brand Boulevard, Suite 800
Glendale, California 91203

MEMORANDUM OF POINTS AND AUTHORITIES

SACRO & WALKER LLP
701 N. Brand Boulevard, Suite 800
Glendale, California 91203

1    <u>Plaintiffs Fail to State a Claim for Gross Negligence (Claim for Relief Fifteen)</u>.

2    In California, gross negligence is not a cause of action independent of a statutory basis.

3    *Eriksson v. Nunnink*, 191 Cal. App. 4th 826, 856 n.18 (2011).  It is pled by alleging

4    the traditional elements of negligence.  *Rosencrans v. Dover Images, Ltd.*, 192 Cal.

5    App. 4th 1072, 1082 (2011).  However, for gross negligence the misconduct must be

6    so extreme as to establish either a want of even scant care or be an extreme departure

7    from the ordinary standard of conduct.  *Id*.

8        Again, as with Plaintiffs' negligence claim, an allegation of duty is nowhere to

9    be found.  Rather, Plaintiffs essentially repeats allegations already made and claim

10   each constitutes gross negligence, often leaving the allegations unintelligible.  *See*,

11   *e.g.*, RJN at Ex. 1, ¶ 553 ("Defendants were grossly negligent by acting under the color

12   of state law").  The Complaint also does not even attempt to differentiate between any

13   duties owed to Plaintiff Hollywood and any owed to Plaintiff Fairchild, even though

14   she never rented any self-storage units at the Facility.  Without duty, there can be no

15   claim for negligence, much less gross negligence.

16       <u>Plaintiffs Fail to State a Claim for Negligent Intentional Infliction of Emotional</u>

17   <u>Distress (Claim for Relief Sixteen)</u>.  The Complaint does not reveal whether this is a

18   claim for negligent inflict of emotion distress ("NIED") or intentional infliction of

19   emotional distress ("IIED").  Regardless, neither claim would be valid in this case.

20       IIED requires: 1) extreme and outrageous conduct intended to cause extreme or

21   severe emotional distress; 2) Plaintiffs suffered severe or extreme emotional distress;

22   and 3) actual and proximate causation of the emotional distress by the outrageous

23   conduct.  *Hughes v. Pair*, 46 Cal. 4th 1035, 1050 (2009).  The tort is committed where

24   the defendant's conduct has a "severe and traumatic effect on the plaintiff's emotional

25   tranquility."  *Krawslawsky v. Upper Deck Co.*, 56 Cal. App. 4th 179, 194 (1997).

26       Conduct is "outrageous" when it is so extreme as to exceed all bounds of that

27   usually tolerated in a civilized community.  *Fletcher v. Western Life Ins. Co.*, 10 Cal.

28   App. 3d 376, 397 (1970).  And a showing of severe emotional distress must meet a

21

SACRO & WALKER LLP
701 N. Brand Boulevard, Suite 800
Glendale, California 91203

1    "high bar," by showing it is "of such substantial quality or enduring quality that no

2    reasonable [person] in civilized society should be expected to endure it."   *Bock v.*

3    *Hansen*, 225 Cal. App. 4th 215, 233 (2014).  "Defendant must have engaged in conduct

4    intended to inflict injury or engaged in with the realization that injury will result."

5    *Potter v. Firestone Tire & Rubber Co.*, 6 Cal. 4th 965, 1001 (1993).

6        Liability for IIED "does not extend to mere insults, indignities, threats,

7    annoyances, petty oppressions, or other trivialities."   *Hughes*, 46 Cal. 4th at 1051.

8    While insulting language by itself is not outrageous, racial harassment may give rise

9    to an IIED claim in aggravated situations, such as where the defendant stands in a

10   position of power in relation to the plaintiff, was aware that the plaintiff is particularly

11   susceptible to emotional distress, or engaged in the act to purposefully cause the

12   plaintiff to suffer such distress.  *Alcorn v. Anbro Eng'g, Inc.*, 2 Cal. 3d 493, 498-499

13   (1970).

14       In California, NIED is analyzed with reference to either the "bystander" theory

15   or the "direct victim" theory.  *Gu v. BMW of N. Am., LLC*, 132 Cal. App. 4th 185, 204

16   (2005).   The "direct victim" theory, which is alleged in this case, is an ordinary

17   negligence claim "in which duty to the plaintiff is an essential element."  *Id.* (there is

18   no independent tort of NIED).  The duty may be "imposed by law, be assumed by the

19   defendant, or exist by virtue of a special relationship," but "there is no duty to avoid

20   negligently causing emotional distress."  *Id.*  A special relationship will only be found

21   where it is "related to the plaintiff's mental or emotional well-being."  *Id.* at 207.

22   (citing examples such as physician-patient, psychotherapist-patient, and mortuary who

23   services the relatives of a decedent).   In other words, cases that "involve mental

24   anguish stemming from more personal undertakings the traumatic results of which

25   were unavoidable." *Id.*

26       Recovery for direct victims has only been recognized in four situations: 1) near

27   miss accidents where plaintiff is personally at risk (*Potter*, 6 Cal. 4th 1021); 2) health

28   care providers (*Burgess v. Sup. Ct. (Gupta)*, 2 Cal. 4th 1064, 1076 (1992)); 3)

22

SACRO & WALKER LLP
701 N. Brand Boulevard, Suite 800
Glendale, California 91203

environmental polluters (*Potter*, 6 Cal. 4th at 985); and claims against mortuaries that mishandle human remains (*Christensen v. Sup. Ct. (Pasadena Crematorium of Altadena)*, 54 Cal. 3d 868, 888 (1991)).

As this case does not fall within the four recognized categories, Plaintiffs aver that a duty arises out of an alleged special landlord-tenant relationship between Public Storage and Plaintiffs.  This is clearly not true with respect to Plaintiff Fairchild as she did not rent a storage unit, was not a customer at the Facility, and did not have any other customer relationship with Public Storage.  Moreover, even if the relationship between Plaintiffs and Public Storage can be characterized as landlord-tenant, it would not be sufficiently special because the rental of self-storage units is generally not related to a person's mental or emotional well-being.

With respect to an IIED claim, nothing alleged in the Complaint constitutes "outrageous" conduct directed at Plaintiff Fairchild, and there are no factual allegations showing that Public Storage intended any of its conduct to cause her extreme emotional distress.  Plaintiff Hollywood's disputes over his self-storage unit access cannot be said to be so "extreme and outrageous" that civil society could not tolerate it.  Isolated allegations that slurs were used by some employees are also insufficient without clearly pleaded aggravated circumstances.[2]  Plaintiff Hollywood allegedly knew his rights and was not intimidated by the racist comments attributed to Public Storage employees.  *See, e.g.,* RJN Ex. 1 at ¶¶ 52-53. Moreover, none of the allegations show Plaintiff Hollywood suffered such severe emotional distress that no reasonable person in civilized society should be expected to endure it.  RJN Ex. 1 at ¶¶ 575-576.  Boilerplate recitations of humiliation, shame, despair, embarrassment, depression, insomnia, and so forth, are insufficient.  *See Hughes*, 46 Cal. 4th at 1051

---

[2] Although Public Storage knows the rule that allegations are generally accepted for their truth on a Rule 12(b)(6) motion to dismiss, Public Storage denies the allegations that any racial or disability slurs were made by its employees.  Public Storage reminds the Court that there is proof Plaintiffs copied slur allegations from their 2200 Ontario LLC complaint into their pleading here. See Public Storage's Opposition to Plaintiffs' Second Application for Temporary Restraining Order at 11:24-12:9 [Docket No. 27].

("plaintiff's assertions that she has suffered discomfort, worry, anxiety, upset stomach, concern, and agitation" do not comprise severe emotional distress).

Plaintiffs Fail to State a Claim for Declaratory Relief (Claim for Relief Twenty). Declaratory relief is appropriate only where there is "a case of actual controversy." 28 U.S.C. § 2201. A substantial controversy must exist between parties having adverse legal interests "of sufficient immediacy and reality." *City of Colton v. American Promotional Events, Inc.-West*, 614 F.3d 998, 1004-1005 (9th Cir. 2010). Plaintiffs who cannot benefit from declaratory relief lack standing to sue. *Slayman v. FedEx Ground Package System, Inc.*, 765 F.3d 1033, 1047-48 (9th Cir. 2014). Declaratory judgment is also inappropriate where the party ceases the challenged activity and there is no realistic likelihood of future harm. *See Feldman v. Bomar*, 518 F.3d 637, 643 (9th Cir. 2008) (without likelihood of future harm, party did "not face a continuous remediable harm that concretely affects their 'existing interests'").

Plaintiffs allege a declaratory judgment is necessary because Plaintiffs believe Public Storage needs to "modify its policies, practices and procedures at all Defendant's 2,666 locations" and that Plaintiffs suffered discrimination due to such failure. RJN Ex. 1 at ¶ 632. There is no identifiable, concrete controversy here, much less one "of sufficient immediacy and reality," and Plaintiffs would not benefit from any changes in the other locations. Plaintiffs then proceed to allege that declaratory relief is necessary because "Defendants deny that [Plaintiffs] suffered discrimination because" Plaintiffs were denied access to their storage units. To the extent these allegations touch upon Plaintiffs' federal civil rights, the arguments have already been addressed in the previous claims. Plaintiffs also claim there is a controversy because Public Storage must stop banning Plaintiffs and other guests at all Public Storage facilities. No such controversy exists.

Plaintiffs Fail to State a Claim for Conversion (Claim for Relief Twenty-One). Conversion is the wrongful exercise of dominion over the property of another. The elements of a conversion claim are: (1) plaintiff's ownership or right to possession of

the property; (2) the defendant's conversion by a wrongful act or disposition of property rights; and (3) damages. *Lee v. Hanley*, 61 Cal. 4th 1225, 1240 (2015). It is generally acknowledged that only personal property can be converted and not real property. *Munger v. Moore*, 11 Cal. App. 3d 1, 7 (1970). Damages for conversion usually are in the form of specific recovery of the property or damages based on the value of the property. *Taylor v. Forte Hotels Int'l*, 235 Cal. App. 3d 1119, 1123 (1991).

Plaintiffs here fail to allege any wrongful act by Public Storage or conversion damages. There is no allegation that Plaintiffs' property has been sold, or even that Public Storage refused to return their property on request. Even though Public Storage would be justified in keeping Plaintiffs away from the Montclair facility entirely based on the Workplace Violence Restraining Order After Hearing issued against Plaintiff Hollywood and the fact that Plaintiff Fairchild is not a customer and has no access rights, Public Storage has nonetheless made Plaintiffs' property available on reasonable written notice. See Docket 27 at 7:9-9:13.

<u>Plaintiffs Fail to State a Claim for Injunctive Relief (Claim for Relief Twenty Two)</u>. Injunctive relief is a remedy, not a cause of action. *City of South Pasadena v. Dept. of Transportation*, 29 Cal. App. 4th 1280, 1293 (1994).

## IV.  **CONCLUSION**

For the reason presented above, the Court should grant Defendant Public Storage's Rule 12(b)(6) Motion to Dismiss for Failure to State a Claim in its entirety. Although courts generally allow leave to amend, having already unsuccessfully attempted to plead a claim over the course of a nearly two-hundred-page complaint, the Court should conclude that Plaintiffs have had a reasonable opportunity to state a claim, and that providing an opportunity to replead those claims would be futile.

DATED: October 3, 2018          SACRO & WALKER LLP

By ___/s/  John Walker_____
    John Walker
    Attorneys for Defendant Public Storage

SACRO & WALKER LLP
701 N. Brand Boulevard, Suite 800
Glendale, California 91203

25